1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Michael T. Zeller (Bar No. 196417)
2     michaelzeller@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
3   Los Angeles, California  90017-2543
    Telephone:     (213) 443-3000
4   Facsimile:     (213) 443-3100

5     Rachel M. Herrick (Bar No. 191060)
      rachelherrick@quinnemanuel.com
6   555 Twin Dolphin Drive, Suite 560
    Redwood Shores, California  94065-213

7

    Attorneys for Third-Party Google Inc..
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  CALCAR, INC., a California corporation; and      CASE NO. 3:08-mc-80083 MHP
    AMERICAN CALCAR, INC., a Delaware
14  corporation,                                     GOOGLE INC.'S OPPOSITION TO
                                                     PLAINTIFF CALCAR, INC.'S MOTION TO
                                                     COMPEL RULE 30(B)(6) DEPOSITION
15                Plaintiffs,                         TESTIMONY FROM THIRD PARTY
                                                     GOOGLE INC.
16        vs.

17  THE CALIFORNIA CARS INITIATIVE,                  [GOOGLE INC.'S CROSS-MOTION FOR
    INC., an unknown business entity; and FELIX      PROTECTIVE ORDER FILED
    KRAMER, and individual,                          CONCURRENTLY HEREWITH]
18
                                                     [DECLARATION OF ADAM BAREA
19                Defendants.                         FILED CONCURRENTLY HEREWITH]

20                                                   Date:    May 23, 2008
                                                     Time:    2:00 pm
21                                                   CTRM:  15

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3

4   STATEMENT OF ISSUES TO BE DECIDED (LOCAL RULE 7-4(A)(3)) .................................1

5   PRELIMINARY STATEMENT..............................................................................................1

6   FACTUAL AND PROCEDURAL HISTORY ...........................................................................2

7   LEGAL STANDARD .........................................................................................................4

8   ARGUMENT ...................................................................................................................5

9   I.    CALCAR HAS FAILED TO ESTABLISH THE RELEVANCE OF THE
        DEPOSITION TESTIMONY IT SEEKS ..........................................................................5

10
        A.    The Subjects Noticed For Google's Third-Party Deposition Are Irrelevant
11              To The Claims and Defenses In The Underlying Case. ...........................................5

12      B.    Calcar's Claim That Google Could Provide Relevant Testimony Regarding
              Consumer Confusion Fails, Because Calcar Did Not Include Such Topics In
13              Its Rule 30(b)(6) Deposition Subpoena And Has Not Shown That Google
              Has Such Knowledge. ............................................................................................7

14
    II.   CALCAR HAS NOT MET ITS BURDEN UNDER LOCAL RULE 37-2 TO
15         SHOW THAT ITS SUBPOENA MEETS THE REQUIREMENTS OF FED. R.
        CIV. P. 26(B)(2) .....................................................................................................9

16
        A.    Plaintiff Can Obtain The Discovery It Seeks From Defendant TCCI
17              Directly, Or From Publicly Available Sources .......................................................9

18      B.    Plaintiff Has Failed To Show That The Burden Or Expense Of The
              Proposed Discovery Outweighs Its Likely Benefit.................................................11

19
    CONCLUSION ...............................................................................................................13

20

21

22

23

24

25

26

27

28

GOOGLE INC.'S OPPOSITION TO PLAINTIFF CALCAR, INC.'S MOTION TO COMPEL

**TABLE OF AUTHORITIES**

**Page**

**Cases**

AMF, Inc. v. Sleekcraft Boats,
  599 F.2d 341 (9th Cir. 1979)...............................................................................7, 8

Cacique, Inc. v. Robert Reiser & Co., Inc.,
  169 F.3d 619 (9th Cir. 1999)...............................................................................4, 6

Dart Industries Co. v. Westwood Chemical Co.,
  649 F.2d 646 (9th Cir. 1980)...............................................................................5, 11

Henry v. Med-Staff, Inc.,
  2007 WL 1998653 (C.D. Cal. 2007) ....................................................................7

Nemirofsky v. Seok Ki Kim,
  523 F. Supp. 2d 998 (N.D. Cal. 2007) ..............................................................4, 9, 11

Perfumebay.com Inc. v. EBAY, Inc.,
  506 F.3d 1165 (9th Cir. 2007)...............................................................................8

Pfizer, Inc. v. Mylan Labs, Inc.,
  2003 U.S. Dis. LEXIS 24806 (S.D.N.Y. Dec. 17, 2003). ................................12, 13

Playboy Enterprises, Inc. v. Netscape Communications Corp.,
  354 F.3d 1020 (9th Cir. 2004)...............................................................................8

Unigene Laboratories, Inc. v. Apotex, Inc.,
  2007 WL 2972931 (N.D. Cal. 2007) ....................................................................9

Union Bank of California 401(K) Plan v. Hansen (In re Coan),
  2007 WL 128010 (N.D. Cal. 2007) ......................................................................9

**Statutes**

Fed. R. Civ. P. 26 ......................................................................................................9

Fed. R. Civ. P. 26(b)..................................................................................................4, 5

Fed. R. Civ. P. 26(b)(2)..............................................................................................5, 9

Fed. R. Civ. P. 26(b)(2)(C)(iii) .................................................................................11, 12

Fed. R. Civ. P. 26(b)(2)(C) ........................................................................................9

Fed. R. Civ. P. 26(c)...................................................................................................13

Fed. R. Civ. P. 30(b)(6)..............................................................................................7, 10

Fed. R. Civ. P. 45 .......................................................................................................13

Fed. R. Civ. P. 45(c)(3) ............................................................................................ 13

**Local Rules**

Civil Local Rule 37-2 ........................................................................................... 5, 9

GOOGLE INC.'S OPPOSITION TO PLAINTIFF CALCAR, INC.'S MOTION TO COMPEL

**Statement of Issues to Be Decided (Local Rule 7-4(a)(3))**

1.      Whether non-party Google, whose only connection to the underlying litigation is a philanthropic grant to the defendant TCCI in 2007, and which has no knowledge relevant to the claims or defenses in the underlying trademark infringement case, should be compelled to appear for a Rule 30(b)(6) deposition in such circumstances.

**Preliminary Statement**

The underlying action in this case is a trademark infringement claim by Calcar, Inc. ("Calcar") against The California Cars Initiative ("TCCI"), a non-profit organization devoted to the development of fuel-efficient hybrid vehicles.  Google Inc. ("Google") is not a party to that case, and its only connection to TCCI or Calcar is a philanthropic grant by Google.org to TCCI. Despite Google's lack of any relevant connection to TCCI and its lack of knowledge concerning any matter relevant to the underlying action, Calcar served Google with two subpoenas.  This includes the deposition subpoena at issue in this miscellaneous action, by which Calcar insists that Google educate a corporate representative and sit for a Rule 30(b)(6) deposition regarding the grant to TCCI, and agreements and communications related thereto.

Calcar's deposition subpoena is improper, and its motion to compel should be denied. Calcar's trademark infringement claim against TCCI will sink or swim based on the presence or absence of consumer confusion regarding use of the trademark(s) in question.  Calcar has categorically failed to show how a Rule 30(b)(6) deposition of Google on the noticed deposition topics could possibly yield information relevant to the consumer confusion issue.  Worse, the relevance arguments Calcar *does* make have nothing to do with the deposition topics identified in the subpoena itself.  As Calcar already knows, aside from the grant, Google has no relationship with TCCI, including any advertising relationship, nor any involvement with TCCI's business or marketing practices.  The discovery Calcar seeks would be duplicative, irrelevant, burdensome, and a waste of time for all parties involved.  It also appears to have been pursued by Calcar for no reason other than to burden philanthropic giving to TCCI by parties such as Google.org.  Such misuse of the subpoena power should not be accepted.

GOOGLE INC.'S OPPOSITION TO PLAINTIFF CALCAR, INC.'S MOTION TO COMPEL

Calcar's motion to compel a deposition of Google regarding Google.org's philanthropic grant to TCCI should be denied.

## Factual and Procedural History

Google.org is the philanthropic arm of Google Inc. and offers grants and other support to organizations acting in the public interest.  See http://www.google.org/about.html.  The underlying action—to which Google is not a party—is a federal trademark infringement suit pending in the Central District of California.[1]  The plaintiff in the underlying action is Calcar, Inc., a company whose publicly available website describes its "main products" as "[p]rinted brochures and booklets" that "are not designed to be read, their [sic] designed to answer questions people have about" their automobiles.  See http://www.calcar.net/calcar/products.asp.  The defendants are The California Cars Initiative ("TCCI"), and its founder, Felix Kramer.  TCCI is a "Palo Alto-based nonprofit startup of entrepreneurs, engineers, environmentalists and consumers promoting 100+MPG plug-in hybrid electric vehicles (PHEVs)."  See http://www.calcars.org/about.html.  Per Calcar's motion to compel, Calcar has alleged trademark infringement claims against TCCI based on TCCI's alleged use of the name Calcars and domain name calcars.org, which Plaintiff contends may cause consumers confusion with Plaintiff's name.

TCCI does not buy advertising from Google or sell advertising to Google.  See Declaration of Adam Barea, filed herewith, ¶ 12 ("Barea Decl.").  TCCI does not participate in any of Google's advertising programs (such as AdSense).  See id. ¶ 13.  Google is not involved in TCCI's business or marketing practices.  See id. ¶ 14.  Google is not a customer of TCCI.  See id.  Google's only connection to TCCI is that Google.org provided a philanthropic grant to TCCI in 2007.  See id. ¶¶ 4, 12-14.  Nevertheless, on March 18, 2008, Plaintiff served Google with subpoenas for documents and deposition testimony.  See Declaration of G. Warren Bleeker in

---

[1]   The underlying action is denominated Calcar, Inc. and American Calcar, Inc. v. The California Cars Initiative, Inc. and Felix Kramer, Civil Action Case No. 8:07-cv-00723 (C.D. Cal.).  Plaintiff's Motion to Compel treats "Calcar, Inc." and "American Calcar, Inc." as the same entity, so this Opposition will do the same.

1   Support of Plaintiff's Motion to Compel, ¶ 3 ("Bleeker Decl."). Subsequently, Google engaged in

2   several meet-and-confer efforts with Plaintiff regarding both subpoenas. See Bleeker Decl. ¶¶ 5-

3   13; Barea Decl. ¶¶ 6-8, 11. On April 4, 2008, Google indicated that it would likely produce

4   documents responsive to the subpoena for documents, but that it did not believe a deposition of

5   Google was warranted or necessary. Bleeker Del. ¶ 5; Barea Decl. ¶ 6. Later that same day,

6   Google faxed written objections to the deposition subpoena to Plaintiff's counsel. Bleeker Decl. ¶

7   7. Also that same day, Google received a facsimile from Plaintiff's counsel Warren Bleeker

8   indicating that, based on Google's telephonic representation that it would not produce a witness

9   for the deposition, Mr. Bleeker would not travel to San Francisco, California, for a deposition.

10  Bleeker Decl. ¶ 8; Barea Decl. ¶ 7.

11      On April 9, 2008, Google confirmed with Plaintiff's counsel that it would produce

12  documents responsive to the document subpoena. Bleeker Decl. ¶ 11; Barea Decl. ¶ 8. Google

13  further stated its belief that the documents themselves would be sufficient to give Plaintiff the

14  information he sought, especially given Google's lack of involvement in the issues raised in the

15  underlying litigation. Barea Decl. ¶ 8. Google thus requested that the deposition issue be deferred

16  until Plaintiff had the opportunity to review the documents. Bleeker Decl. ¶ 11; Barea Decl. ¶ 8.

17      Google produced responsive documents to Plaintiff on April 11, 2008.[2] Bleeker Decl. ¶

18  12. Google's production was 47 pages, and consisted of TCCI's initial grant proposal (dated

19  February 25, 2007), the Grant Agreement (dated March 23, 2007), the grant letter from

20  Google.org (dated April 23, 2007), a status report from TCCI (dated February 15, 2008), an

21  affidavit of Felix Kramer regarding the grant (dated February 21, 2008), and a handful of assorted

22  emails. Barea Decl. ¶ 9. Despite the clear adequacy of the documents for its purposes, and

23  Google's lack of material connection to the matters presented by the underlying litigation, Plaintiff

24  continued to press for an unnecessary deposition under Rule 30(b)(6). Barea Decl. ¶ 11; see also

25  Bleeker Decl. ¶ 13. In subsequent meet-and-confer efforts, on April 17, 2008, Plaintiff's counsel

26  _____

27      [2]  Google supplemented its production with two additional responsive documents on April 28,
    2008. Barea Decl. ¶ 9.
28

1  instructed Google's in-house counsel not to bother filing a motion for protective order precluding

2  the deposition, because Plaintiff intended to move to compel the deposition.  Barea Decl. ¶ 11; see

3  also Bleeker Decl. ¶ 13.  Google's counsel again asked Plaintiff's counsel what relevant

4  information it believed Google had regarding the litigation.  Plaintiff's counsel declined to identify

5  anything specific, instead referring Google's counsel to Calcar's soon-to-be-filed moving papers.

6  Barea Decl. ¶ 11.

7

8                                    **Legal Standard**

9          This Court "has discretion to determine whether to grant a motion to compel."  Nemirofsky

10  v. Seok Ki Kim, 523 F.Supp.2d 998, 1000 (N.D. Cal. 2007) (citing Garrett v. City and County of

11  San Francisco, 818 F.2d 1515, 1519 (9th Cir. 1987)).  The Court's exercise of that discretion is

12  guided by the merits of the underlying discovery sought.  Under Rule 26(b), discovery is

13  constrained by relevance.  If information is irrelevant, mandating that discovery be taken

14  regarding that irrelevant information is "a per se abuse of discretion."  Cacique, Inc. v. Robert

15  Reiser & Co., Inc., 169 F.3d 619, 622 (9th Cir. 1999) (vacating discovery order mandating

16  discovery of irrelevant information).  The Federal Rules further require "that when determining

17  the appropriateness of discovery requests courts should consider whether the discovery is

18  duplicative or overly burdensome and whether the burden and expense of discovery outweighs the

19  benefit."  Nemirofsky, 523 F.Supp.2d at 1000 (citing Fed. R. Civ. P. 26(b)(2)).  This Court's Local

20  Rule 37-2 further requires that a motion to compel "must detail the basis for the party's contention

21  that it is entitled to the requested discovery and must show how the proportionality and other

22  requirements of FRCivP 26(b)(2) are satisfied."

23          Federal courts in this District and elsewhere have long recognized that the Federal Rules

24  do not permit a party to utilize the discovery process to conduct a "fishing expedition."  See, e.g.,

25  Sathianathan v. Smith Barney, Inc., 2007 WL 2417370, at *6 (N.D. Cal. 2007) (granting

26  protective order against document "requests [that] are nothing more than a fishing expedition");

27  Milazzo v. Sentry Ins., 856 F.2d 321, 322 (1st Cir. 1988).

28

GOOGLE INC.'S OPPOSITION TO PLAINTIFF CALCAR, INC.'S MOTION TO COMPEL

It is also "well established that nonparties to litigation enjoy greater protection from discovery than normal parties," and "[t]he standards for nonparty discovery … require a stronger showing of relevance than for simple party discovery." Laxalt v. McClatchy, 116 F.R.D. 455, 458 (D. Nev. 1986). See also Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. 1980) (holding that discovery should be "limited" in order to "protect third parties from harassment, inconvenience, or disclosure of confidential documents") (citation omitted).

<u>**Argument**</u>

The Court should deny Plaintiff Calcar's Motion to Compel for several reasons. Calcar has failed to establish that the discovery it seeks from third-party Google—a philanthropic donor to defendant TCCI— is even remotely relevant to Calcar's underlying trademark infringement case, or reasonably calculated to lead to admissible evidence in that case. Fed. R. Civ. P. 26(b). Relying solely on attorney argument and bare assertions, Calcar provides no evidence that would entitle it to discovery of the testimony it seeks. Worse, Calcar's relevance arguments do not track the deposition topics identified in the subpoena itself—in apparent recognition that the topics it did notice are irrelevant. Calcar may not seek to compel testimony it never properly asked for (via subpoena) in the first place. Calcar has also violated Local Rule 37-2 by failing to explain why it is entitled to the requested discovery, and how it has satisfied Rule 26(b)(2)'s limitations on the scope of discovery. In truth, the discovery it seeks is duplicative and overly burdensome, and the burden and expense of this discovery far outweighs any tenuous benefit to Calcar. Calcar's motion should be denied.

I.    <u>**CALCAR HAS FAILED TO ESTABLISH THE RELEVANCE OF THE DEPOSITION TESTIMONY IT SEEKS**</u>

A.    <u>**The Subjects Noticed For Google's Third-Party Deposition Are Irrelevant To The Claims and Defenses In The Underlying Case.**</u>

Plaintiff has articulated no plausible theory of relevance of the testimony sought in its deposition subpoena to the matters at issue in Calcar's underlying trademark infringement case

against TCCI.  Plaintiff's deposition subpoena identified the following five subject matters for

testimony:

    1.      Any agreements or contracts between GOOGLE and TCCI

    2.      Any agreements or contracts between GOOGLE and Felix Kramer.

    3.      Any COMMUNICATIONS between GOOGLE and TCCI.

    4.      Any COMMUNICATIONS between GOOGLE and Felix Kramer.

    5.      The Google.org grant to TCCI to promote plug-in hybrid vehicle education.

Barea Decl., Exh. A (Subpoena for Testimony).  Plainly, none of these topics—communications

and agreements between Google and TCCI or Kramer and related to Google.org's philanthropic

grant—has any bearing on whether TCCI has infringed Calcar's trademarks.

        As Google's document production in this action confirms, Google's connection to TCCI is

minimal and its connection to the issues of this case is non-existent.  Google awarded a $200,000

philanthropic grant to defendant TCCI in 2007.  Google has already produced the documents

related to the grant, including TCCI's grant proposal, the grant agreement, a grant letter from

Google.org, a status report from TCCI, an affidavit regarding the grant, and emails.[3]  See Barea

Decl. ¶ 9.  Google has no other relationship with TCCI.  Accordingly, Google should not be

compelled to provide testimony regarding topics (such as Google's provision of the charitable

grant) that are irrelevant to whether defendants are infringing Calcar's trademarks in their ongoing

business or marketing activities.  See Cacique, Inc. v. Robert Reiser & Co., Inc., 169 F.3d 619,

622 (9th Cir. 1999).

---

[3]  Many of the documents that Google produced to Calcar had already been produced by
defendant TCCI earlier in this action—making this discovery both irrelevant *and* duplicative.  *See*
Barea Decl. ¶ 10.

**B.**    **Calcar's Claim That Google Could Provide Relevant Testimony Regarding Consumer Confusion Fails, Because Calcar Did Not Include Such Topics In Its Rule 30(b)(6) Deposition Subpoena And Has Not Shown That Google Has Such Knowledge.**

Instead of justifying the relevance of the enumerated deposition topics (including the philanthropic grant) to this case, which it cannot,[4] Calcar's motion points to trademark infringement jurisprudence, and strains that "Google's deposition testimony is relevant to at least three of the eight *Sleekcraft* factors—strength of the mark, evidence of actual confusion and marketing channels used."  See Motion at 7:19-21 (referencing AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-349 (9th Cir. 1979) (enumerating factors to be considered in a trademark infringement case)).

Fatal to Calcar's motion, however, *none* of these consumer confusion issues was identified by Calcar as designated topics in its Rule 30(b)(6) deposition subpoena, and thus, none are within the scope of any deposition of Google.  See Barea Decl., Exh. A; see also Fed. R. Civ. P. 30(b)(6) (party "must describe with reasonable particularity the matters for examination").  Calcar's related argument that Google's testimony "will provide information regarding placement and confusion of the CALCARS mark resulting from Internet searches using Google's search engine" (Motion to Compel at 7) fails for this same reason.  That topic appears nowhere in Calcar's deposition subpoena.  See Barea Decl., Exh. A.  Likewise, Calcar's suggestion that "Google's deposition testimony will provide evidence of the different marketing channels used by Defendants in promoting the infringing mark" (Motion to Compel at 7-8) suffers from this same infirmity.  Indeed, the terms "consumer confusion," "marketing channels," "the CALCARS mark," "search results," "search engine" and "google.com" do not appear *anywhere* on face of the subpoena.  See Barea Decl., Exh. A.  Calcar's attempt to make relevance arguments based on subject matters not

---

[4]    Indeed, by failing to argue for the relevance of the subject matters enumerated in its deposition subpoena, Plaintiff has effectively conceded the point.  See, e.g., Henry v. Med-Staff, (footnote continued)

1  even mentioned in its deposition subpoena cannot warrant compelling Google to appear for

2  deposition and should be disregarded outright.

3      Second, even if these topics *were* listed on the subpoena (which they are not), CalCar has

4  made no showing that Google has such knowledge—and indeed, Google does not.  As Calcar

5  stated in its moving papers, the "key issue in any trademark infringement action is 'the likelihood

6  of confusion, *i.e.*, whether the similarity of the marks is likely to confuse customers about the

7  source of the products.'"  Motion to Compel at 6 (citation omitted).  However, Google is <u>not</u> a

8  customer of TCCI, nor is it engaged in any marketing for TCCI.  <u>See</u> Barea Decl. ¶ 14.  Further,

9  TCCI does not buy advertising from Google or sell advertising to Google, nor does TCCI

10 participate in any of Google's advertising programs (such as AdSense).  <u>See id.</u> ¶¶ 12-13.  Calcar

11 has presented no contrary evidence, because it has none.

12     Finally, even if Calcar were to stick to the designated topics, as it must, Calcar fails to

13 explain how the information Google *does* possess regarding the private philanthropic grant to

14 TCCI by Google.org could possibly have any bearing on the three *Sleekcraft* factors it identified.

15 As Calcar itself states, the "key issue" regarding the strength of a mark is consumer confusion.

16 The ordinary method for demonstrating the strength of a mark and likelihood of confusion is to

17 take a survey of consumers in the relevant market.  <u>See, e.g.</u>, <u>Playboy Enterprises, Inc. v. Netscape</u>

18 <u>Communications Corp.</u>, 354 F.3d 1020, 1026 n.28 (9th Cir. 2004) ("Surveys are commonly

19 introduced as probative evidence of actual confusion."); <u>Perfumebay.com Inc. v. EBAY, Inc.</u>, 506

20 F.3d 1165, 1172 (9th Cir. 2007) (expert developed a consumer survey for eBay "to measure the

21 extent to which the word 'bay' used in conjunction with a common name causes or is likely to

22 cause confusion, ... or dilution.").  Whether Google.org has given a grant to TCCI has no bearing

23 on whether consumers recognized Plaintiff's mark or might be confused by Defendant's mark, or

24 whether consumers are likely to associate the name of either party with any particular product or

25 service.

26  _____

27  Inc., 2007 WL 1998653, at *7 (C.D. Cal. 2007) ("Plaintiff does not, however, address the other
    five *Berry* factors, and accordingly, concedes that these factors weigh in favor of Defendants.").

28

1       Calcar has failed to demonstrate why the Court should exercise its discretion to compel

2   Google, a nonparty, to give deposition testimony on information that is irrelevant to the claims and

3   defenses of the underlying case.

4   **II.    CALCAR HAS NOT MET ITS BURDEN UNDER LOCAL RULE 37-2 TO SHOW**

5           **THAT ITS SUBPOENA MEETS THE REQUIREMENTS OF FED. R. CIV. P.**

6           **26(B)(2)**

7       Plaintiff's motion ignores this Court's local rule requiring any party moving to compel

8   discovery to "detail the basis for the party's contention that it is entitled to the requested discovery

9   and [] show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are

10  satisfied." Nemirofsky v. Seok Ki Kim, 523 F.Supp.2d 998, 1000 (N.D. Cal. 2007) (citing Local

11  Rule 37-2). See also Unigene Laboratories, Inc. v. Apotex, Inc., 2007 WL 2972931, at *2 (N.D.

12  Cal. 2007) (same); Union Bank of California 401(K) Plan v. Hansen (In re Coan), 2007 WL

13  128010, at *2 (N.D. Cal. 2007) (same). Similarly, the Federal Rules require "that when

14  determining the appropriateness of discovery requests courts should consider whether the

15  discovery is duplicative or overly burdensome and whether the burden and expense of discovery

16  outweighs the benefit." Nemirofsky, 523 F.Supp.2d at 1000 (citing Fed. R. Civ. P. 26(b)(2)).

17  Calcar ignored this rule because a balancing of these factors weighs strongly in Google's favor.

18  Calcar's motion should be denied for this reason as well.[5]

19      **A.    Plaintiff Can Obtain The Discovery It Seeks From Defendant TCCI Directly,**

20          **Or From Publicly Available Sources.**

21      Under Rule 26, "the court must limit the frequency or extent of discovery otherwise

22  allowed … if it determines that (i) the discovery sought is unreasonably cumulative or duplicative,

23  or can be obtained from some other source that is more convenient, less burdensome, or less

24  

25      [5]  Google identified the violations of these standards in its written objections. In Section C.4

26  of its Motion to Compel, Plaintiff summarily contests the validity of those objections. However,

27  in meet and confer efforts, and indeed in this Motion to Compel, Plaintiff has not explained why
    Google's objections of irrelevance, overbreadth, undue burden, duplication, and availability from

28  other sources, among others, are somehow invalid. They are not.

1  expensive [or that] (ii) the party seeking discovery has had ample opportunity to obtain the

2  information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added). Plaintiff's

3  deposition topics seek testimony on agreements, contracts, and communications between Google

4  and TCCI and/or Felix Kramer, and on the Google.org grant to TCCI.

5       First, that information can just as readily be obtained from TCCI, a party to the underlying

6  action, as from Google, which is not. Indeed, Plaintiff has already received the evidence it seeks

7  from this deposition, in the form of the documents produced by Google in April (see Barea Decl.

8  ¶ 9), and the deposition of defendant Felix Kramer, from whom Calcar obtained testimony

9  concerning the grant agreement and interactions between Google.org and TCCI. See id. ¶ 10.

10      Furthermore, as discussed above, Plaintiff may not seek an order compelling a deposition

11  of Google regarding topics outside the scope of its Rule 30(b)(6) deposition subpoena, such as the

12  consumer confusion subject matter Calcar first identified in its moving papers. But even if Calcar

13  could, that information may be obtained more readily from sources other than a deposition of

14  Google. To the extent Plaintiff wants information on the strength of TCCI's mark and on possible

15  consumer confusion, Plaintiff should seek that information from *consumers*, not from Google.

16  Similarly, to the extent Plaintiff wants information on the appearance of Defendant's mark in

17  Google search results, Plaintiff may simply go to google.com and run a Web Search.[6] Lastly, to

18

19

20      [6]  Although it did not include any such topic in its deposition subpoena (and thus may not take testimony on it), Calcar now claims that it needs information on "placement … of the CALCARS mark" in Google's search results. Motion at 7. However, Google's public website explains website placement in Web Search results. See http://www.google.com/technology/ ("Google runs on a unique combination of advanced hardware and software. ... The heart of our software is PageRank™, a system for ranking web pages developed by our founders.... PageRank ... us[es] its vast link structure as an indicator of an individual page's value. ... Using these and other factors, Google provides its views on pages' relative importance. ... Google combines PageRank with sophisticated text-matching techniques to find pages that are both important and relevant to your search. ... Google does not sell placement within the results themselves …."). Google's public website also explains that such placement has nothing to do with any business or advertising relationship between Google and any website. See, e.g., https://www.google.com/adsense/support/?fulldump=1 ("[Google] search results are unbiased by our relationships with paying advertisers and publishers."). To the extent Calcar is suggesting that it should be entitled to take discovery regarding how Google's highly proprietary search
          (footnote continued)

1  the extent Plaintiff wants information on the "marketing channels" used by TCCI, there is no

2  better source for this information than TCCI itself. Plaintiff had the opportunity to obtain such

3  information in its deposition of Felix Kramer, and should not burden third-party Google with such

4  deposition questions, regarding which Google has little to no knowledge.

5        **B.    Plaintiff Has Failed To Show That The Burden Or Expense Of The Proposed**

6             **Discovery Outweighs Its Likely Benefit.**

7        Calcar similarly has failed to demonstrate that the benefits it might obtain from deposing

8  Google about subjects regarding which Google has little to no knowledge outweighs the burden

9  Google would face in having to prepare and sit for a Rule 30(b)(6) deposition. Under the Federal

10 Rules, the Court "must limit the frequency or extent of discovery otherwise allowed … if it

11 determines that … (iii) the burden or expense of the proposed discovery outweighs its likely

12 benefit, considering the needs of the case, the amount in controversy, the parties' resources, the

13 importance of the issues at stake in the action, and the importance of the discovery in resolving the

14 issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). See also Nemirofsky, 523 F. Supp. 2d at 1000 ("[W]hen

15 determining the appropriateness of discovery requests courts should consider whether the

16 discovery is duplicative or overly burdensome and whether the burden and expense of discovery

17 outweighs the benefit.") (citing Fed. R. Civ. P. 26(b)(2)). As detailed above, Plaintiff has already

18 obtained (or at a minimum, has had the opportunity to obtain) virtually all of the information it

19 now seeks from third-party Google. Calcar has the proposal, the grant agreement and related

20 correspondence, deposition testimony regarding that grant and other topics from Felix Kramer,

21 and communications between Google and TCCI and Felix Kramer. Plaintiff knows that TCCI

22 does not advertise on Google, and that Google has no involvement in TCCI's marketing or

23 _____

24 technology—possibly the most valuable trade secret in the world—actually functions on an
engineering level, Calcar is flat wrong. Calcar is entitled to no such thing, and has made no

25 showing that would even come close to warranting such discovery of non-party Google's highly
confidential information in this case. See, e.g, Dart Industries Co. v. Westwood Chemical Co.,

26 649 F.2d 646, 649 (9th Cir. 1980) (discovery should be limited in order to "protect third parties

27 from ... disclosure of confidential documents"). To the extent that the Court is even considering
        (footnote continued)

28

1    business activities.  Google should not be burdened with a deposition in these circumstances,

2    given the minimal benefit (if any) to Calcar that a deposition would confer.

3         Indeed, Plaintiff's only articulated basis for subjecting Google to such burdensome

4    discovery is corroboration.  Calcar thus claims that "[i]t is important for Calcar to be able to test

5    the reliability of TCCI's and Kramer's testimony by learning Google's knowledge of the

6    communications and relationship," and that "Calcar certainly 'has a right to seek to corroborate

7    the information given it by its party-opponent.'"  Motion to Compel at 8 (citing <u>Pfizer, Inc. v.</u>

8    <u>Mylan Labs, Inc.</u>, 2003 U.S. Dis. LEXIS 24806, at *6 (S.D.N.Y. Dec. 17, 2003)).[7]  By styling its

9    need as one for "corroboration," Plaintiff essentially concedes that the discovery it seeks is

10   duplicative.  And, under the circumstances here, any "right" to corroboration that may exist in

11   appropriate cases is far too thin a reed to support a motion to compel non-party Google to prepare

12   for and appear at a Rule 30(b)(6) deposition on topics about its philanthropic giving that are

13   immaterial to the underlying case.

14        Under Rule 26(b)(2)(C)(iii), "the burden or expense of the proposed discovery [must]

15   outweigh[] its likely benefit, considering the needs of the case" and other factors.  Plaintiff argues

16   that the burden on Google is slight because Google is "a large corporate entity" and "likely keep[s]

17   records of any agreements or contracts between itself and the Defendants."  Motion to Compel at

18   9.  But the burden of preparation for a Rule 30(b)(6) deposition is substantial no matter how large

19   one's employer, and the Federal Rules expressly require balancing of burden against likely benefit

20   to the case.  Plaintiff already has the agreements and contracts, has already questioned the

21   Defendants about them, and has given no reason to suspect that the evidence it has already

22   obtained is unreliable, untruthful, incomplete, or otherwise suspect.  Nor has Calcar explained how

23   _____

24   whether to order deposition testimony on this subject, Google respectfully requests the opportunity
     to file further briefing on the immensely valuable trade secrets such an order might implicate.

25        [7]  Plaintiff's only cited authority on this point, <u>Pfizer v. Mylan Labs</u>, was a patent

26   infringement action over hypertension drugs where the third party had direct involvement in the
     subject matter of the patent infringement case, in that it both supplied the defendant with the active

27   ingredient for the drug, and developed its own drug to compete directly with both parties.  <u>Id.</u>,
          (footnote continued)

28

1  these topics are material to its claim for trademark infringement. In short, Plaintiff has shown no

2  possible benefit other than "corroboration," and no reasonable need to corroborate these irrelevant

3  facts regarding the Google.org grant.[8]

4

5                                   **<u>Conclusion</u>**

6         For the foregoing reasons, Google respectfully requests that Plaintiff's Motion to Compel

7  Google to sit for deposition pursuant to Calcar's third-party deposition subpoena be denied.

8

9  DATED: May 2, 2008                    QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP

10

11                                       By /s/ Rachel M. Herrick
                                            Rachel M. Herrick
12                                          Attorneys for Google Inc.

13

14

15

16

17

18

19

20

21
   _____
22
   2003 U.S. Dist. LEXIS 24806, at *2-4. Pfizer could not be further afield from the facts presented
23 here, where Google's involvement is merely that of a charitable donor to one of the defendants.
     [8]  Plaintiff claims that "Rule 45(c)(3) provides that the only mechanism by which to challenge
24 a deposition subpoena is to file a motion to quash or modify the subpoena," and that "[w]ith the
   passage of the original deposition date, Google waived the right to bring either a motion to quash
25 or modify the subpoena." Motion to Compel at 8 (citing three out-of-circuit cases and one
   treatise). As explained in greater detail in Google's concurrently-filed Motion for Protective
26 Order, this is both inaccurate and a red herring. Google has *not* filed a motion to quash or modify
   the subpoena under Rule 45. Instead, Google is timely *opposing* Plaintiff's Motion to Compel and
27 *cross-moving* for a protective order under Rule 26(c).

28
                                         -13-                    Case No. 3:08-mc-80083 MHP

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10          SAN FRANCISCO DIVISION

11 | CALCAR, INC., a California corporation; and       CASE NO. 3:08-mc-80083 MHP
   | AMERICAN CALCAR, INC., a Delaware
12 | corporation,                                      [PROPOSED] ORDER DENYING
   |                                                   PLAINTIFF CALCAR'S MOTION TO
13 |              Plaintiffs,                           COMPEL RULE 30(B)(6) TESTIMONY
   |                                                   FROM THIRD PARTY GOOGLE INC.
14 |        vs.
   |                                                   Date:    May 23, 2008
15 | THE CALIFORNIA CARS INITIATIVE,                   Time:    2:00 pm
   | INC., an unknown business entity; and FELIX       Crtrm.:  15
16 | KRAMER, an individual,
   |
17 |              Defendants.

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED] ORDER**

2          Having reviewed the submissions and having heard the arguments of Plaintiff

3   Calcar, Inc. ("Calcar") and third-party Google Inc. regarding Plaintiff Calcar, Inc.'s Motion to

4   Compel Rule 30(b)(6) Deposition Testimony From Third Party Google Inc., the Court hereby

5   orders that Calcar's Motion to Compel is denied.

6          **IT IS SO ORDERED.**

7   DATED:  May ___, 2008

8

9                                    By_____
                                         Hon. Marilyn Hall Patel
10                                       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER DENYING PLAINTIFF CALCAR'S MOTION TO COMPEL