1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Michael T. Zeller (Bar No. 196417)
2     michaelzeller@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
3   Los Angeles, California  90017-2543
    Telephone:    (213) 443-3000
4   Facsimile:    (213) 443-3100

5     Rachel M. Herrick (Bar No. 191060)
      rachelherrick@quinnemanuel.com
6   555 Twin Dolphin Drive, Suite 560
    Redwood Shores, California  94065-213
7
    Attorneys for Third-Party Google Inc..
8

9                   UNITED STATES DISTRICT COURT
10               NORTHERN DISTRICT OF CALIFORNIA
11                  SAN FRANCISCO DIVISION
12

| | |
|---|---|
| 13  CALCAR, INC., a California corporation; and AMERICAN CALCAR, INC., a Delaware corporation, | CASE NO. 3:08-mc-80083 MHP |
| 14 | THIRD-PARTY GOOGLE INC.'S NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR PROTECTIVE ORDER PRECLUDING A DEPOSITION UNDER FED. R. CIV. P. 30(B)(6) |
| 15              Plaintiffs, | |
| 16              vs. | |
| 17  THE CALIFORNIA CARS INITIATIVE, INC., an unknown business entity; and FELIX KRAMER, and individual, | [GOOGLE'S OPPOSITION TO PLAINTIFF CALCAR, INC.'S MOTION TO COMPEL FILED CONCURRENTLY HEREWITH] |
| 18 | |
| 19              Defendants. | [DECLARATION OF ADAM BAREA FILED CONCURRENTLY HEREWITH] |
| 20 | Date:     June 9, 2008 |
| 21 | Time:     2:00 pm |
|    | CTRM:  15 |

22

23

24

25

26

27

28

THIRD-PARTY GOOGLE INC.'S CROSS-MOTION FOR PROTECTIVE ORDER

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE THAT on June 9, 2008, or as soon thereafter as the matter may

3    be heard in this Court, third-party Google Inc. ("Google") will and hereby does move for a

4    Protective Order pursuant to Fed. R. Civ. P. 26(c) precluding a deposition pursuant to Fed. R. Civ.

5    P. 30(b)(6) or otherwise by Plaintiffs Calcar, Inc. and American Calcar, Inc. (collectively,

6    "Plaintiff") of nonparty Google.

7    Google's motion is based on this notice of motion and accompanying Memorandum of

8    Points and Authorities; Google's Opposition to Plaintiff's Motion to Compel Rule 30(b)(6)

9    Deposition Testimony From Third-Party Google Inc. (filed concurrently herewith); the

10   Declaration of Adam Barea and Exhibits Thereto (filed concurrently herewith); all other pleadings

11   and matters of record in this case and in the underlying case of Calcar, Inc. v. The California Cars

12   Initiative, Inc., Case No. 8:07-cv-00723, currently pending in the United States District Court for

13   the Central District of California; and such other evidence of which this Court may take judicial

14   notice.

15   Pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 37-1(a), Google certifies that on April

16   25 and 28, and May 1, 2008, it conferred in good faith with Calcar's counsel in an effort to resolve

17   the dispute without court action, but was unable to reach agreement.

18

19   DATED:  May 2, 2008                    QUINN EMANUEL URQUHART OLIVER &
20                                          HEDGES, LLP

21
22                                          By  /s/ Rachel M. Herrick
                                               Rachel M. Herrick
23                                             Attorneys for Third-Party Google Inc.

24

25

26

27

28

THIRD-PARTY GOOGLE INC.'S CROSS-MOTION FOR PROTECTIVE ORDER

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

STATEMENT OF ISSUES TO BE DECIDED (LOCAL RULE 7-4(A)(3)) ................................. 1

PRELIMINARY STATEMENT ................................................................................................. 1

FACTS AND PROCEDURAL HISTORY ................................................................................. 2

LEGAL STANDARD .................................................................................................................. 2

ARGUMENT ............................................................................................................................... 4

I.      NONPARTY GOOGLE'S CROSS-MOTION FOR PROTECTIVE ORDER
        PRECLUDING A RULE 30(B)(6) DEPOSITION SHOULD BE GRANTED ................... 4

        A.      There is Good Cause for A Protective Order Because the Deposition
                Testimony Calcar Seeks Is Irrelevant .................................................................. 4

                1.      The Subjects Noticed For Google's Third-Party Deposition Are
                        Irrelevant To The Claims And Defenses Of The Underlying Case .............. 4

                2.      Calcar's Motion Seeks to Take Testimony Regarding Topics Not
                        Even Mentioned in Calcar's Rule 30(b)(6) Deposition Subpoena—
                        Nor Does Google Have Knowledge Regarding These New Topics. ........... 5

        B.      There Is Good Cause For A Protective Order Because Plaintiff Can Obtain
                The Discovery It Seeks From Defendant TCCI Directly, Or From Publicly
                Available Sources ................................................................................................... 7

        C.      There Is Good Cause For A Protective Order Because The Burden Or
                Expense Of The Proposed Discovery Outweighs Its Likely Benefit ....................... 8

II.     GOOGLE'S MOTION FOR PROTECTIVE ORDER IS TIMELY AND PROPER ......... 10

CONCLUSION .......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

## Cases

AMF, Inc. v. Sleekcraft Boats,
  599 F.2d 341 (9th Cir. 1979).................................................................................6

Allendar v. Raytheon Aircraft Co.,
  220 F.R.D. 661 (D. Kan. 2004)........................................................................10

Berning v. UAW Local 2209,
  2007 WL. 1385367 (N.D. Ind. 2007) ..........................................................3, 8

Cacique, Inc. v. Robert Reiser & Co., Inc.,
  169 F.3d 619 (9th Cir. 1999)...........................................................................2, 5

Celerity, Inc. v. Ultra Clean Holding, Inc.,
  2007 WL. 205067 (N.D. Cal. 2007).............................................................3, 8

Dart Industries Co. v. Westwood Chemical Co.,
  649 F.2d 646 (9th Cir. 1980)..........................................................................3, 8

Henry v. Med-Staff, Inc.,
  2007 WL. 1998653 (C.D. Cal. 2007) .................................................................5

National Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.,
  748 F.2d 602 (11th Cir. 1984)..........................................................................10

Sam v. Reich,
  2006 WL. 319259 (N.D. Ga. 2006)...............................................................3, 7

Union Bank v. Hansen (In re Coan),
  2007 U.S. Dist. LEXIS 6288 (N.D. Cal. 2007)...........................................10

## Statutes

Fed. R. Civ. P. 26 ......................................................................................................10

Fed. R. Civ. P. 26(b)...................................................................................................4

Fed. R. Civ. P. 26(b)(2)(C)........................................................................................7

Fed. R. Civ. P. 26(b)(2)(C)(iii)..................................................................................8

Fed. R. Civ. P. 26(c)......................................................................................4, 7, 8, 10

Fed. R. Civ. P. 30(b)(6) ..........................................................................6, 8, 9, 10

1

## **<u>Other Authorities</u>**

2

<u>Rutter Cal. Practice Guide, Civ. Proc. Before Trial</u> § 11:1162 ..................................................... 10

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD-PARTY GOOGLE INC.'S CROSS-MOTION FOR PROTECTIVE ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

### Statement of Issues to Be Decided (Local Rule 7-4(a)(3))

1.      Whether nonparty Google Inc. ("Google"), whose only connection to the underlying litigation is a philanthropic grant to the defendant TCCI in 2007, and who has no knowledge relevant to the claims or defenses of the underlying trademark claim, has demonstrated "good cause" for issuance of a protective order under Fed. R. Civ. P. 26(c) precluding a nonparty deposition under Rule 30(b)(6).

### Preliminary Statement

The underlying action in this case is a trademark infringement claim by Calcar, Inc. ("Calcar") against The California Cars Initiative ("TCCI"), a non-profit organization devoted to the development of fuel-efficient hybrid vehicles.[1] Google Inc. ("Google") is not a party to that case, and its only connection to TCCI or Calcar is a philanthropic grant by Google.org to TCCI. Despite Google's lack of any relevant connection to TCCI, Calcar has served Google with two subpoenas, one of which is the deposition subpoena at issue in this miscellaneous action, by which Calcar insists that Google educate a corporate representative and sit for a Rule 30(b)(6) deposition regarding the grant to TCCI, and agreements and communications related thereto.

Calcar's deposition subpoena is improper, and Google's motion for protective order precluding that deposition should be granted. Calcar's trademark infringement claim against TCCI will sink or swim based on the presence (or absence) of consumer confusion regarding use of the trademark(s) in question. Calcar has categorically failed to show how a Rule 30(b)(6) deposition of Google on their noticed deposition topics could possibly yield information relevant to the consumer confusion issue. Worse, the relevance arguments Calcar *does* make have nothing to do with the deposition topics identified in the subpoena itself. As Calcar already knows, aside from the grant, Google has no advertising or other relationship with TCCI, nor any involvement

---

[1]   The underlying action is denominated <u>Calcar, Inc. and American Calcar, Inc. v. The California Cars Initiative, Inc. and Felix Kramer</u>, Case No. 8:07-cv-00723-AG-JWJ (C.D. Cal.). (footnote continued)

1   with TCCI's business or marketing practices.  The discovery Calcar seeks would be duplicative,

2   irrelevant, burdensome, and a waste of time for all parties involved.  It also appears to have been

3   pursued by Calcar for no reason other than to burden philanthropic giving to TCCI by parties such

4   as Google.org.  Under Rule 26(c), the Court has authority to prevent such misuse of the subpoena

5   power by issuing a protective order.  Google's motion for such an order precluding a deposition of

6   Google regarding Google.org's philanthropic grant to TCCI should be granted.

7                                       **Facts and Procedural History**

8           Google has set forth the relevant Facts and Procedural History in its Opposition to Calcar's

9   Motion To Compel Rule 30(b)(6) Testimony, filed herewith.  Rather than repeat them here

10  verbatim, Google refers the Court to its Opposition brief at pages 2-4.

11                                           **Legal Standard**

12          Under Rule 26(c)(1), "any person from whom discovery is sought may move for a

13  protective order in the court where the action is pending—or as an alternative on matters relating

14  to a deposition, in the court for the district where the deposition will be taken."  On such motion,

15  "[t]he court may, for good cause, issue an order to protect a party or person from annoyance,

16  embarrassment, oppression, or undue burden or expense, including … (A) forbidding the

17  disclosure or discovery."  Fed. R. Civ. P. 26(c).

18          Under Rule 26, "courts are authorized to limit discovery to that which is proper and

19  warranted in the circumstances of the case."  Katz v. Batavia Marine & Sporting Supplies, Inc.,

20  984 F.2d 422, 424 (Fed. Cir. 1993) (citation omitted).  Discovery is constrained by relevance.  If

21  information is irrelevant, mandating that discovery be taken regarding that irrelevant information

22  is "a per se abuse of discretion."  Cacique, Inc. v. Robert Reiser & Co., Inc., 169 F.3d 619, 622

23  (9th Cir. 1999) (vacating discovery order mandating discovery of irrelevant information).  See also

24  Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005) (upholding

25  magistrate's order limiting discovery based on relevance).  Federal courts in this District and

26  _____

27  Plaintiff's Motion to Compel treats "Calcar, Inc." and "American Calcar, Inc." as the same entity,
    so this Opposition will do the same.

28

1   elsewhere have long recognized that the Federal Rules of Civil Procedure do not permit a party to

2   utilize the discovery process to conduct a "fishing expedition." <u>See, e.g.</u>, <u>Sathianathan v. Smith</u>

3   <u>Barney, Inc.</u>, 2007 WL 2417370, at *6 (N.D. Cal. 2007) (granting protective order against

4   document "requests [that] are nothing more than a fishing expedition").

5          This is particularly true when discovery is sought from nonparties to the litigation.  It is

6   "well established that nonparties to litigation enjoy greater protection from discovery than normal

7   parties," and "[t]he standards for nonparty discovery … require a stronger showing of relevance

8   than for simple party discovery." <u>Laxalt v. McClatchy</u>, 116 F.R.D. 455, 458 (D. Nev. 1986). <u>See</u>

9   <u>also</u> <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. 1980) (holding

10  that discovery should be "limited" in order to "protect" nonparties from "harassment,

11  inconvenience, or disclosure of confidential documents") (citation omitted).

12         Under these standards, district courts have granted, and appellate courts have affirmed,

13  protective orders precluding depositions in a wide variety of circumstances. <u>See, e.g.</u>, <u>Celerity,</u>

14  <u>Inc. v. Ultra Clean Holding, Inc.</u>, 2007 WL 205067, at *1 (N.D. Cal. 2007) (granting motion for

15  protective precluding depositions of plaintiff corporation's CEO and its Chairman of the Board,

16  because defendant provided "no indication that either [person] possess[es] the requisite firsthand

17  and non-repetitive knowledge to justify their depositions"); <u>United States v. U.S. Currency in the</u>

18  <u>Amount of $228,536.00</u>, 895 F.2d 908, 920-21 (2d Cir. 1990) (affirming grant of motion for

19  protective order precluding deposition of a nonparty informant in a civil forfeiture action);

20  <u>Berning v. UAW Local 2209</u>, 2007 WL 1385367, at *3 (N.D. Ind. 2007) (granting motion for

21  protective order precluding plaintiff from deposing a nonparty on grounds, in part, that plaintiff

22  already had the information she sought in her subpoena); <u>Sam v. Reich</u>, 2006 WL 319259, at *7

23  (N.D. Ga. 2006) (granting protective order precluding deposition of nonparty attorney on grounds

24  that he "has no information relevant to Plaintiffs' remaining claims"); <u>Brill-Edwards v. Ryder</u>

25  <u>Truck Rental, Inc.</u>, 2003 WL 23511733, at *1 (D. Conn. 2003) (granting motion for protective

26  order precluding deposition of non-testifying expert witness).

27

28

**Argument**

The Court should grant Google's cross-motion for protective order for several reasons. The discovery Calcar seeks from third-party Google—a philanthropic donor to defendant TCCI— is not even remotely relevant to Calcar's underlying trademark infringement case, nor reasonably calculated to lead to admissible evidence in that case. Fed. R. Civ. P. 26(b). That alone is sufficient to support a finding of good cause under Rule 26(c). Worse, Calcar's relevance arguments do not track the deposition topics identified in the subpoena itself—in apparent recognition that the topics it did notice are irrelevant. Calcar may not take testimony it never properly asked for (via subpoena) in the first place, and a protective order should issue to preclude any such attempt by Calcar. Further, the discovery Calcar seeks is duplicative and overly burdensome, and the burden and expense of this discovery far outweighs any tenuous benefit to Calcar. This too constitutes "good cause" for issuance of a protective order precluding the deposition under Rule 26(c). Google's motion should be granted.

I.    **NONPARTY GOOGLE'S CROSS-MOTION FOR PROTECTIVE ORDER PRECLUDING A RULE 30(B)(6) DEPOSITION SHOULD BE GRANTED**

    A.    **There is Good Cause for A Protective Order Because the Deposition Testimony Calcar Seeks Is Irrelevant**

Good cause exists for issuance of a protective order here because Calcar seeks testimony from third-party Google that is wholly irrelevant to Calcar's trademark action.

        1.    **The Subjects Noticed For Google's Third-Party Deposition Are Irrelevant To The Claims And Defenses Of The Underlying Case**

As Google made clear in its Opposition to Calcar's motion to compel (incorporated herein by reference), the testimony sought in Calcar's deposition subpoena is irrelevant to the matters at issue in Calcar's case against TCCI. Plaintiff's deposition subpoena identifies the following five subject matters for testimony:

    1.    Any agreements or contracts between GOOGLE and TCCI

    2.    Any agreements or contracts between GOOGLE and Felix Kramer.

    3.    Any COMMUNICATIONS between GOOGLE and TCCI.

1    4.    Any COMMUNICATIONS between GOOGLE and Felix Kramer.

2    5.    The Google.org grant to TCCI to promote plug-in hybrid vehicle education.

3    Declaration of Adam Barea in Opposition to Plaintiff Calcar's Motion to Compel, and in Support

4    of Google's Cross-Motion for Protective Order ("Barea Decl."), filed herewith, Exh. A (Subpoena

5    for Testimony).  Plainly, none of these topics—communications and agreements between Google

6    and TCCI or Kramer and related to Google.org's philanthropic grant—has any bearing on whether

7    TCCI has infringed Calcar's trademarks.

8    As Google's document production in this action confirms, Google's connection to TCCI is

9    minimal and its connection to the issues of this case is non-existent.  Google awarded a $200,000

10   philanthropic grant to defendant TCCI in 2007, paid in two installments.  <u>See</u> Declaration of

11   Warren Bleeker, filed April 18, 2008, Exh. F.  Google has already produced the documents related

12   to the grant, including TCCI's grant proposal, the grant agreement, a grant letter from Google.org,

13   a status report from TCCI, an affidavit regarding the grant, and some assorted emails.[2]  <u>See</u> Barea

14   Decl. ¶ 9.  Google has no other relationship with TCCI.  Accordingly, Google should not be

15   required to provide testimony regarding topics (such as Google's provision of the charitable grant)

16   that are irrelevant to whether Defendants are infringing Calcar's trademarks in their ongoing

17   business or marketing activities.  <u>See</u> <u>Cacique, Inc. v. Robert Reiser & Co., Inc.</u>, 169 F.3d 619,

18   622 (9th Cir. 1999).

19        **2.    <u>Calcar's Motion Seeks to Take Testimony Regarding Topics Not Even</u>**

20        **<u>Mentioned in Calcar's Rule 30(b)(6) Deposition Subpoena—Nor Does</u>**

21        **<u>Google Have Knowledge Regarding These New Topics.</u>**

22   As Google also made clear in its Opposition to Calcar's motion to compel (incorporated

23   herein by reference), Calcar ignores the irrelevance of its own deposition topics,[3] and instead

24   _____

25   [2]  Many of the documents that Google produced to Calcar had already been produced by

26   defendant TCCI earlier in this action—making this discovery both irrelevant *and* duplicative.  <u>See</u>
     Barea Decl. ¶ 10.

27   [3]  Indeed, by failing to argue for the relevance of the subject matters enumerated in its
     deposition subpoena, Plaintiff has effectively conceded the point.  <u>See, e.g.</u>, <u>Henry v. Med-Staff,</u>

28        (footnote continued)

1  claims that "Google's deposition testimony is relevant to at least three of the eight *Sleekcraft*

2  factors [considered in trademark infringement actions]—strength of the mark, evidence of actual

3  confusion and marketing channels used." See Motion to Compel at 7:19-21 (referencing AMF,

4  Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-349 (9th Cir. 1979) (enumerating factors to be

5  considered in a trademark infringement case)).  ***None*** of these consumer confusion issues,

6  however, was identified by Calcar as designated topics in its Rule 30(b)(6) deposition subpoena,

7  and thus, none are within the scope of any deposition of Google.  See Barea Decl., Ex. A; see also

8  Fed. R. Civ. P. 30(b)(6) (party "must describe with reasonable particularity the matters for

9  examination").

10      Even if those topics *were* listed on the subpoena (which they are not), Google has no

11  knowledge of such consumer confusion—and indeed, CalCar has given no basis to believe that

12  Google does.  Google is not a customer of TCCI, is not engaged in any marketing for TCCI, does

13  not buy advertising from TCCI or sell advertising to TCCI, nor does TCCI participate in any of

14  Google's advertising programs (such as AdSense).  See Barea Decl. ¶¶ 12-14.  Calcar has

15  presented no contrary evidence, because it has none.

16      Finally, even if Calcar were to stick to the designated topics, as it must, the deposition is

17  still unwarranted because the information Google *does* possess regarding the private philanthropic

18  grant to TCCI by Google.org has no bearing whatsoever on the three *Sleekcraft* factors Calcar has

19  identified.  As Calcar itself states, the "key issue" regarding the strength of a mark is consumer

20  confusion.  Whether Google.org has given a grant to TCCI has no bearing on whether consumers

21  recognize plaintiff's mark or might be confused by defendant's mark, or whether consumers are

22  likely to associate the name of either party with any particular product or service.

23      As identified here and more fully in Google's Opposition to Calcar's motion to compel,

24  Calcar seeks deposition testimony on information that is irrelevant to the claims and defenses of

25

26  _____

27  Inc., 2007 WL 1998653, at *7 (C.D. Cal. 2007) ("Plaintiff does not, however, address the other
    five *Berry* factors, and accordingly, concedes that these factors weigh in favor of Defendants.").

28

1    its case, and thus, good cause exists for issuance of a protective order precluding it.  See Sam v.

2    Reich, 2006 WL 319259, at *7.

3        **B.    There Is Good Cause For A Protective Order Because Plaintiff Can Obtain**

4        **The Discovery It Seeks From Defendant TCCI Directly, Or From Publicly**

5        **Available Sources**

6        There is "good cause" for a protective order when it will subject a "party or person [to]

7    undue burden or expense."  Fed. R. Civ. P. 26(c).; see also Fed. R. Civ. P. 26(b)(2)(C) ("the court

8    must limit the frequency or extent of discovery otherwise allowed … if it determines that (i) the

9    discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other

10   source that is more convenient, less burdensome, or less expensive [or that] (ii) the party seeking

11   discovery has had ample opportunity to obtain the information by discovery in the action").  For

12   the same reasons Google identified regarding Rule 26(b)(2)(C) in its Opposition to Calcar's

13   motion to compel, Calcar's attempt to subject third party Google to the undue burden and expense

14   of this unnecessary deposition should be rejected.

15       Plaintiff's deposition topics seek testimony on agreements, contracts, and communications

16   between Google and TCCI and/or Felix Kramer, and on the Google.org grant to TCCI.  That

17   information can just as readily be obtained from TCCI, a party to the underlying action, as from

18   Google, which is not.  Indeed, Plaintiff has already received the evidence it seeks from this

19   deposition, in the form of the documents produced by Google in April (see Barea Decl. ¶ 9), and

20   the deposition of defendant Felix Kramer, from whom Calcar obtained testimony concerning the

21   grant agreement and interactions between Google.org and TCCI.  See Barea Decl. ¶ 10.  Even

22   were Calcar somehow permitted to examine Google on issues of consumer confusion not actually

23   noticed in Calcar's deposition subpoena, that information may be obtained more readily from

24   sources other than a deposition of Google.  To the extent Plaintiff wants information on the

25   strength of TCCI's mark and on possible consumer confusion, Plaintiff should seek that

26   information from *consumers*, not from Google.  Similarly, if Plaintiff wants information on the

27

28

1  appearance of Defendant's mark in Google search results, Plaintiff can simply go to google.com

2  and run a Web Search.[4]  Lastly, to the extent Plaintiff wants information on the "marketing

3  channels" used by TCCI, there is no better source for this information than TCCI itself.  Plaintiff

4  had the opportunity to obtain such information in its deposition of Felix Kramer, and should not

5  burden third-party Google with such deposition questions, regarding which Google has little to no

6  knowledge.  See Berning, 2007 WL 1385367, at *3; Celerity, Inc., 2007 WL 205067, at *1.

7      **C.    There Is Good Cause For A Protective Order Because The Burden Or**

8          **Expense Of The Proposed Discovery Outweighs Its Likely Benefit**

9      There is similarly good cause for a protective order because the burdens Google would

10  face in having to prepare and sit for a Rule 30(b)(6) deposition on subjects regarding which

11  Google has little to no knowledge far outweigh any benefits Calcar might obtain from the

12  testimony.  Under the Federal Rules, a protective order can protect a person or party from "undue

13  burden or expense."  Fed. R. Civ. P. 26(c); see also Fed. R. Civ. P. 26(b)(2)(C)(iii) (the Court

14  "must limit the frequency or extent of discovery otherwise allowed … if it determines that … (iii)

15  the burden or expense of the proposed discovery outweighs its likely benefit, considering the

16  needs of the case, the amount in controversy, the parties' resources, the importance of the issues at

17  stake in the action, and the importance of the discovery in resolving the issues").  As detailed

18  above and in Google's Opposition to Calcar's motion to compel, Plaintiff has already obtained (or

19  at a minimum, has had the opportunity to obtain) virtually all of the information it now seeks from

20  _____

21      [4]  As discussed at greater length in Google's Opposition to Calcar's motion to compel, if
    Calcar wants general information on Google's organization of search results, it can get that
22  information from Google's public website.  See Opposition to Motion to Compel, at 10 n.6.  And
    if Calcar is suggesting that it should be entitled to take discovery regarding how Google's highly
23  proprietary search technology actually functions on an engineering level, Calcar is flat wrong.
    Google's search technology is possibly the most valuable trade secret in the *world*, and is
24  precisely the kind of information Rule 26(c)(G) (regarding trade secret information) is designed to
    protect.  See also Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir.
25  1980) (discovery should be limited in order to "protect third parties from ... disclosure of
    confidential documents").  Should the Court even consider ordering such discovery here, Google
26  repeats its request in its Opposition papers for the opportunity to submit further briefing on the
27      (footnote continued)

28

1   third-party Google.  Calcar has the grant agreement and related correspondence, deposition

2   testimony regarding that grant and other topics from Felix Kramer, and communications between

3   Google and Felix Kramer.  Plaintiff knows that TCCI does not advertise on Google, and that

4   Google has no involvement in TCCI's marketing or business activities.  Google should not be

5   burdened with a deposition in these circumstances, given the minimal benefit (if any) to Calcar

6   that a deposition would confer.

7       Indeed, Plaintiff's only articulated basis for subjecting Google to such burdensome

8   discovery is to corroborate defendant Kramer's testimony.  By styling its need as one for

9   "corroboration," Plaintiff essentially concedes that the discovery it seeks is duplicative.  And,

10  under the circumstances here, any "right" to corroboration that may exist in appropriate cases is

11  far too thin a reed to support requiring non-party Google to prepare for and appear at a Rule

12  30(b)(6) deposition on topics about its philanthropic giving that are immaterial to the underlying

13  case.

14      Plaintiff argues that the burden on Google is slight because Google is "a large corporate

15  entity" and "likely keep[s] records of any agreements or contracts between itself and Defendants."

16  Motion to Compel at 9.  Adopting plaintiff's argument, no large company could ever resist

17  irrelevant discovery requests.  This is not the law.  The burden of preparation for a Rule 30(b)(6)

18  deposition is substantial no matter how large one's employer, and the Federal Rules expressly

19  require balancing of burden against likely benefit to the case.  Plaintiff already has the agreements

20  and contracts, has already questioned the defendants about them, and has failed to articulate and

21  legitimate reason to suspect that the evidence it has already obtained is unreliable, untruthful,

22  incomplete, or otherwise suspect.  Nor has Calcar explained how these topics are material to its

23  claim for trademark infringement.  In short, Plaintiff has shown no possible benefit other than

24  "corroboration," and no reasonable need to corroborate these irrelevant facts regarding the

25  Google.org grant.

26  _____

27  sensitivity of the trade secrets such discovery might implicate, and the complete failure of Calcar
    to demonstrate a need or entitlement to such discovery.

28

**II.     GOOGLE'S MOTION FOR PROTECTIVE ORDER IS TIMELY AND PROPER**

Based upon the arguments made in Calcar's motion to compel, Google believes Calcar likely will argue that Google's motion for a protective order is untimely.  Calcar is wrong.  Google is cross-moving for a protective order under Rule 26(c).  Rule 26 contains no set deadline for filing such a motion, and Plaintiff has identified no authority for the proposition that a motion for protective order must be filed on or before the noticed deposition date.  Indeed, there is no set deadline of any kind for a motion for protective order; it need only be filed as early as practicable—which Google did here.  See Rutter Cal. Practice Guide, Civ. Proc. Before Trial § 11:1162 (citing National Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co., 748 F.2d 602, 609 (11th Cir. 1984)).  Specifically, Google filed its motion for protective order just two weeks after receiving Calcar's motion to compel on April 18, and contemporaneously with its opposition to Calcar's motion to compel.  Prior to that, between April 4 and April 18, the parties were actively engaged in meet and confer efforts in hopes of resolving the dispute without court intervention.  A motion filed at that time would have been premature.  As such, Calcar cannot earnestly claim that Google's filing, made within two weeks of the conclusion of the parties' meet and confer efforts, was not timely.[5]

---

[5] In its motion to compel, Plaintiff claims Google's objection to its subpoena is untimely, citing a case for the proposition that the subpoenaed third parties "violated the Federal Rules" by simply filing written objections and not appearing for the depositions.  Union Bank of California 401(k) Plan v. Hansen (In re Coan), 2007 U.S. Dist. LEXIS 6288, at *7 n.3 (N.D. Cal. 2007). However, those third-parties did not file a motion for protective order at all, merely standing on written objections, and further, the court there stated that a party may voice objections to a deposition subpoena "by moving for a protective order pursuant to Rule 26(c)."  Id.  That is precisely what Google is doing here.  Such a motion is an entirely proper procedure to challenge a subpoena for nonparty deposition testimony.  See Allendar v. Raytheon Aircraft Co., 220 F.R.D. 661, 665 (D. Kan. 2004) (granting protective order restricting use in deposition of documents produced by subpoenaed third parties).  Indeed, Plaintiff does not argue to the contrary—its Motion to Compel does not even address the protective order issue.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Conclusion

For the foregoing reasons, Google respectfully requests that its Cross-Motion for Protective Order precluding its deposition under Rule 30(b)(6) be granted.

DATED:  May 2, 2008                          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Rachel M. Herrick
   Rachel M. Herrick
   Attorneys for Google Inc.

THIRD-PARTY GOOGLE INC.'S CROSS-MOTION FOR PROTECTIVE ORDER

1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

| | |
|---|---|
| CALCAR, INC., a California corporation; and AMERICAN CALCAR, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>     vs.<br><br>THE CALIFORNIA CARS INITIATIVE, INC., an unknown business entity; and FELIX KRAMER, an individual,<br><br>          Defendants. | CASE NO. 3:08-mc-80083 MHP<br><br>[PROPOSED] ORDER GRANTING THIRD-PARTY GOOGLE INC.'S CROSS-MOTION FOR PROTECTIVE ORDER PRECLUDING A DEPOSITION UNDER FED. R. CIV. P. 30(B)(6)<br><br>Date:     June 9, 2008<br>Time:     2:00 pm<br>Crtrm.:   15 |

18

19

20

21

22

23

24

25

26

27

28

1   **[PROPOSED] ORDER**

2          Having reviewed the submissions and having heard the arguments of Plaintiff

3   Calcar, Inc. ("Calcar") and third-party Google Inc. ("Google") regarding Google Inc.'s Cross-

4   Motion for Protective Order Precluding a Deposition Under Fed. R. Civ. P. 30(b)(6), and good

5   cause having been shown pursuant to Fed. R. Civ. P. 26(c), the Court hereby orders that Google's

6   cross-motion is GRANTED.  Calcar is precluded from deposing third-party Google Inc. in

7   connection with the underlying case Calcar, Inc. v. The California Cars Initiative, Inc., Case No.

8   8:07-cv-00723 AG (JWJx), currently pending in the United States District Court for the Central

9   District of California.  Google need take no further action in response to Calcar's March 18, 2008

10  deposition subpoena.

11         **IT IS SO ORDERED.**

12

13  DATED:  May ___, 2008

14

15                                          By_____
                                              Hon. Marilyn Hall Patel
16                                            United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING THIRD-PARTY GOOGLE INC.'S CROSS-MOTION FOR PROTECTIVE
ORDER