1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Michael T. Zeller (Bar No. 196417)
2      michaelzeller@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
3   Los Angeles, California 90017-2543
    Telephone:    (213) 443-3000
4   Facsimile:    (213) 443-3100

5    Rachel M. Herrick (Bar No. 191060)
      rachelherrick@quinnemanuel.com
6   555 Twin Dolphin Drive, Suite 560
    Redwood Shores, California 94065-213
7
    Attorneys for Third-Party Google Inc.
8

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13   CALCAR, INC., a California corporation; and          CASE NO. 3:08-mc-80083 MHP
     AMERICAN CALCAR, INC., a Delaware
14   corporation,                                         DECLARATION OF ADAM BAREA IN
                                                          SUPPORT OF THIRD PARTY GOOGLE
15                  Plaintiffs,                           INC.'S (1) OPPOSITION TO PLAINTIFF
                                                          CALCAR'S MOTION TO COMPEL, AND
16           vs.                                          (2) CROSS-MOTION FOR PROTECTIVE
                                                          ORDER
17   THE CALIFORNIA CARS INITIATIVE,
     INC., an unknown business entity; and FELIX          Date:    May 23, 2008
18   KRAMER, an individual,                               Time:    2:00 pm
                                                          Crtrm.:  15
19                  Defendants.

20

21

22

23

24

25

26

27

28

1       I, Adam Barea, declare as follows:

2       1.      I am a member of the bar of the State of New York, and a "Registered In

3   House Counsel" attorney with the bar of the State of California. I am employed as in-house

4   counsel for third party Google Inc. ("Google"). I make this declaration of my personal and

5   firsthand knowledge and, if called and sworn as a witness, I could and would testify competently

6   thereto.

7       2.      I submit this declaration to provide the court with information and exhibits

8   cited in (1) Google's Opposition to Plaintiff Calcar, Inc.'s Notice of Motion and Motion to

9   Compel Rule 30(b)(6) Deposition Testimony, and (2) Google's Notice of Motion and Motion for

10  Protective Order.

11      3.      Google is a technology company based in Mountain View, California.

12  Google.org is the philanthropic arm of Google Inc., and offers grants and other support to

13  organizations acting in the public interest.

14      4.      In 2007, Google.org issued a charitable grant to The California Cars

15  Initiative ("TCCI"), a non-profit organization that promotes hybrid technology.

16      5.      On March 18, 2008, Calcar, Inc. ("Calcar"), the plaintiff in a trademark

17  infringement action it brought against TCCI (to which Google is not a party), served Google with

18  two subpoenas for documents and deposition testimony, pursuant to Federal Rules of Civil

19  Procedure 45 and 30(b)(6). The deposition subpoena called for a deposition on April 7, 2008.

20  The document subpoena called for the production of certain documents on April 7, 2008. True

21  and correct copies of those two subpoenas are attached hereto as Exhibits A and B, respectively.

22      6.      Google subsequently engaged in several meet-and-confer efforts with

23  Calcar in regarding both subpoenas. On April 4, 2008, Google legal assistant Suzanne Abbott

24  informed Calcar that it would consider producing documents responsive to the subpoena for

25  documents, but that it did not believe a deposition of Google was warranted or necessary. Later

26  that same day, Ms. Abbott faxed Google's written objections to the deposition subpoena to

27  Plaintiff's counsel Warren Bleeker. A true and correct copy of Google's written objections are

28  attached hereto as Exhibit C.

1       7.      Also on April 4, 2008, Google received a facsimile from Mr. Bleeker

2    indicating that, based on Google's telephonic representation that it would not produce a witness

3    for the deposition, Mr. Bleeker would not travel to San Francisco, California, for the deposition.

4       8.      On April 9, 2008, I spoke with Mr. Bleeker. I confirmed that Google would

5    produce documents responsive to the document subpoena. I also stated Google's belief that the

6    documents themselves would be sufficient to provide Calcar with the information it sought, and

7    would demonstrate that no deposition would be necessary, given Google's lack of involvement in

8    the subject matter of the underlying lawsuit. Accordingly, I asked that the issue of the deposition

9    be deferred until Calcar had the opportunity to review the documents.

10       9.      Google produced documents responsive to the document subpoena on April

11   11, 2008. Google supplemented its production with two additional responsive documents on April

12   28, 2008. The entire production is 47 pages, and consists of TCCI's grant proposal (dated

13   February 25, 2007), the Grant Agreement (dated March 23, 2007), the grant letter from

14   Google.org (dated April 23, 2007), a status report from TCCI (dated February 15, 2008), an

15   affidavit of Felix Kramer regarding the grant (dated February 21, 2008), and a handful of assorted

16   emails.

17       10.      I am informed and it is my understanding that several of the documents

18   Google produced to Calcar had already been produced by defendant TCCI earlier in this action. I

19   am further informed that the Plaintiff Calcar has already deposed defendant Felix Kramer and

20   obtained testimony from Kramer concerning the Google.org grant agreement and the relationship

21   and interactions between Google and TCCI.

22       11.      Despite Google's document production on April 11, Calcar continued to

23   press for a deposition under Rule 30(b)(6). In subsequent meet-and-confer efforts, on April 17,

24   2008, Mr. Bleeker indicated that Google need not file a motion for protective order because Calcar

25   intended to move to compel the deposition anyway. When I asked Mr. Bleeker what information

26   he thought Google possessed that would be in any way relevant to Calcar's trademark

27   infringement action, Mr. Bleeker was unable to identify anything specific.

28       12.      TCCI does not buy advertising from Google or sell advertising to Google.

13.     TCCI does not participate in any of Google's advertising programs (such as AdSense).

14.     Google is not involved in TCCI's business or marketing practices. Google is not a customer of TCCI.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this __1__ day of _May_, 2008 at Mountain View, California.

Adam Barea

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Northern    DISTRICT OF California

CALCAR, INC., a California corporation;
and AMERICAN CALCAR, INC., a California
corporation,

V.

THE CALIFORNIA CARS INITIATIVE, INC.,
an unknown business entity; and FELIX
KRAMER, an individual,

**SUBPOENA IN A CIVIL CASE**

Case Number: SACV07-00723 AG (JWJx)
Central District of California

TO: GOOGLE, INC.
1600 Amphitheatre Parkway
Mountain View, California 94043

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Arnold & Porter, LLP, 90 New Montgomery St. San Franciso, CA 94105, (415) 356-3000 | April 7, 2008 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorneys for Plaintiffs | March 17, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
G. Warren Bleeker, Christie, Parker & Hale, LLP, 350 W. Colorado Blvd., #500
Pasadena, California 91105, (626) 795-9900

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER


ADDRESS OF SERVER


Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

### DEFINITIONS

1.    The term "TCCI" refers to The California Cars Initiative, Inc. its predecessors, successors, assigns, and all persons acting or purporting to act on its behalf, including but not limited to its employees, officers, directors, shareholders, independent contractors, consultants, affiliates, accountants, and attorneys.

2.    The term "GOOGLE" refers to Google, Inc. its predecessors, successors, assigns, and all persons acting or purporting to act on its behalf, including but not limited to its employees, officers, directors, shareholders, independent contractors, consultants, affiliates, accountants, and attorneys.

3.    The term "COMMUNICATIONS" means any transmission of information, whether oral or in writing (including electronic communications).

### SUBJECT MATTERS

1.    Any agreements or contracts between GOOGLE and TCCI.

2.    Any agreements or contracts between GOOGLE and Felix Kramer.

3.    Any COMMUNICATIONS between GOOGLE and TCCI.

4.    Any COMMUNICATIONS between GOOGLE and Felix Kramer.

5.    The Google.org grant to TCCI to promote plug-in hybrid vehicle education.

SC PAS783160.1-*-03/17/08 11:43 AM

1   ART HASAN, CA Bar No. 167323
    art.hasan@cph.com
2   BRIAN K. BROOKEY, CA Bar No. 149522
    brian.brookey@cph.com
3   G. WARREN BLEEKER, CA Bar No. 210834
    warren.bleeker@cph.com
4   CHRISTIE, PARKER & HALE, LLP
    350 West Colorado Boulevard, Suite 500
5   Post Office Box 7068
    Pasadena, California 91109-7068
6   Telephone: (626) 795-9900
    Facsimile: (626) 577-8800
7
    Attorneys for Plaintiff,
8   CALCAR, INC. and AMERICAN
    CALCAR, INC.
9
                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12   CALCAR, INC., a California corporation; and AMERICAN CALCAR, INC., a Delaware corporation, | Case No.  SACV07-00723 AG (JWJx) |
| 13 | NOTICE OF DEPOSITION OF GOOGLE, INC. |
| 14              Plaintiffs, | |
| 15         vs. | DATE:    April 7, 2008 |
| 16   THE CALIFORNIA CARS INITIATIVE, INC., an unknown business entity; and FELIX KRAMER, an individual, | TIME:    9:30 a.m. PLACE: Arnold & Porter, LLP 90 New Montgomery St. San Francisco, CA 94105 (415) 356-3000 |
| 17 | |
| 18 | |
| 19              Defendants. | |

20
21        **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22   **PLEASE TAKE NOTICE** that, under Rule 30(b)(6) and 45 of the Federal Rules

23   of Civil Procedure, CALCAR, INC. AND AMERICAN CALCAR, INC. will

24   take the deposition upon oral examination of GOOGLE, INC., last known address

25   is 1600 Amphitheatre Parkway, Mountain View, CA 94043, commencing on 9:30

26   a.m. at Arnold & Porter, LLP located at 90 New Montgomery Street, San

27   Francisco, California  94105, (415) 356-3000, or at another time and place

28   mutually agreed upon by counsel for the parties and the deponent.

                                    -1-

1    Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deponent is
2    obligated to designate one or more of its officers, directors, managing agents or
3    other consenting persons to testify in this action as to matters known or
4    reasonably available to the deponent with respect to the subject matters listed on
5    Attachment A to the attached subpoena.  You are invited to attend and cross-
6    examine.  It is hereby requested that the deponent identify those persons whom it
7    will designate to testify concerning the listed matters by no later than seven days
8    prior to the date of deposition.

9    The deposition will be taken before an officer authorized to administer
10   oaths by the laws of the United States.  The deposition will be recorded
11   stenographically via the use of real-time reporting.

12

13   DATED: March 17, 2008          Respectfully submitted,

14                                 CHRISTIE, PARKER & HALE, LLP

15

16   By _____

17        G. Warren Bleeker

18        Attorneys for Plaintiffs,
          CALCAR, INC. and AMERICAN
19        CALCAR, INC.

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3      I certify that on March 17, 2008, pursuant to Federal Rules of Civil

4  Procedure, a true and correct copy of the foregoing document described as

5  NOTICE OF DEPOSITION OF GOOGLE, INC.; SUBPOENA IN A CIVIL

6  CASE was served on the parties in this action by U.S. Mail addressed as follows:

7

8   William C. Rooklidge                  Joshua A. Burt
    Russell B. Hill                       HOWREY LLP
9   Bobby A. Ghajar                       550 South Hope Street, Suite 1100
    HOWREY LLP                            Los Angeles, California 90071
10  4 Park Plaza, Suite 1700
    Irvine, California 92614-8557         Attorneys for Defendants, THE
11                                        CALIFORNIA CARS INITIATIVE,
    Attorneys for Defendants, THE         INC. and FELIX KRAMER
12  CALIFORNIA CARS INITIATIVE,
    INC. and FELIX KRAMER

13

14      I declare that I am employed by a member of the bar of this Court, at

15  whose direction this service was made.

16      Executed on March 17, 2008 at Pasadena, California.

17

18                                        Sonia Casas

19

20

21

22

23

24

25

26

27

28

FIRRTP, PARKER & GALE, LLP

# EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

<u>NORTHERN</u>   DISTRICT OF <u>CALIFORNIA</u>

CALCAR, INC., a California corporation;
and AMERICAN CALCAR, INC., a California
corporation,

                   **v.**

THE CALIFORNIA CARS INITIATIVE, INC.,
an unknown business entity; and FELIX
KRAMER, an individual,

**(CORRECTED)**
**SUBPOENA IN A CIVIL CASE**

Case Number:¹ SACV07-00723 AG (JWJx)
Central District of California

TO:  GOOGLE, INC.,
    1600 Amphitheatre Parkway
    Mountain View, California  94043

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
(SEE ATTACHMENT A)

| PLACE | DATE AND TIME |
|---|---|
| Arnold & Porter LLP | April 4, 2008 |
| 90 New Montgomery Street, suite 600 | 10:00 a.m. |
| San Francisco, California  94105, (415) 356-3000 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Attorneys for Plaintiffs | March 24 , 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
G. Warren Bleeker, Christie, Parker & Hale, LLP, 350 W. Colorado Blvd.,
Pasadena, CA 91105, (626) 795-9900

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| DATE | PLACE | |

**SERVED**

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**EXHIBIT A**</u>

<u>**DEFINITIONS:**</u>

1.    The term "TCCI" refers to The California Cars Initiative, Inc. its predecessors, successors, assigns, and all persons acting or purporting to act on its behalf, including but not limited to its employees, officers, directors, shareholders, independent contractors, consultants, affiliates, accountants, and attorneys.

2.    The term "GOOGLE" refers to Google, Inc. its predecessors, successors, assigns, and all persons acting or purporting to act on its behalf, including but not limited to its employees, officers, directors, shareholders, independent contractors, consultants, affiliates, accountants, and attorneys.

<u>**DOCUMENT REQUESTS:**</u>

1.    Any agreements or contracts between GOOGLE and TCCI.

2.    Any agreements or contracts between GOOGLE and Felix Kramer.

SC PAS784737.1-*-03/24/08 2:22 PM

-3-

1    ART HASAN, CA Bar No. 167323
  art.hasan@cph.com
2    BRIAN K. BROOKEY, CA Bar No. 149522
  brian.brookey@cph.com
3    G. WARREN BLEEKER, CA Bar No. 210834
  warren.bleeker@cph.com
4    CHRISTIE, PARKER & HALE, LLP
  350 West Colorado Boulevard, Suite 500
5    Post Office Box 7068
  Pasadena, California 91109-7068
6    Telephone: (626) 795-9900
  Facsimile: (626) 577-8800

7

8    Attorneys for Plaintiff,
  CALCAR, INC. and AMERICAN
  CALCAR, INC.

9

                     UNITED STATES DISTRICT COURT

10

                    CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12   CALCAR, INC., a California corporation; and AMERICAN | Case No. SACV07-00723 AG (JWJx) |
| 13   CALCAR, INC., a Delaware corporation, | **(CORRECTED) NOTICE OF** |
| 14           Plaintiffs, | **SUBPOENA FOR PRODUCTION OF DOCUMENTS** |
| 15       vs. | **DATE:**  **April 4, 2008** |
| 16   THE CALIFORNIA CARS INITIATIVE, INC., an unknown | **TIME:**  **10:00 a.m.**<br>**PLACE: Arnold & Porter, LLP** |
| 17   business entity; and FELIX KRAMER, | **90 New Montgomery Street, # 600** |
| 18   an individual, | **San Francisco California 94105** |
| 19           Defendants. | |

20  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21      **PLEASE TAKE NOTICE THAT** Pursuant to Federal Rule of Civil

22  Procedure 45, GOOGLE, INC. will be required by subpoena to produce for

23  inspection and copying, the materials designated on Attachment A to the attached

24

25

26

27

28

1  subpoena on April 4, 2008 at 10:00 a.m. at Arnold & Porter, LLP, 90 New

2  Montgomery Street, Suite 600, San Francisco, California 94105.

3  DATED: March 24, 2008                    Respectfully submitted,

4                                           CHRISTIE, PARKER & HALE, LLP

5

6                                       By _____

7                                           G. Warren Bleeker

8                                           Attorneys for Plaintiffs,
                                            CALCAR, INC. and AMERICAN
9                                           CALCAR, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

CHRISTIE, PARKER & HALE, LLP

## CERTIFICATE OF SERVICE

1
2
3        I certify that on March 24, 2008, pursuant to Federal Rules of Civil
4    Procedure, a true and correct copy of the foregoing document described as
5    (CORRECTED) NOTICE OF SUBPOENA FOR PRODUCTION OF
6    DOCUMENTS was served on the parties in this action by U.S. Mail addressed as
7    follows:

8

9    William C. Rooklidge                    Joshua A. Burt
     Russell B. Hill                         HOWREY LLP
10   Bobby A. Ghajar                         550 South Hope Street, Suite 1100
     HOWREY LLP                              Los Angeles, California 90071
11   4 Park Plaza, Suite 1700
     Irvine, California 92614-8557           Attorneys for Defendants, THE
12                                           CALIFORNIA CARS INITIATIVE,
     Attorneys for Defendants, THE           INC. and FELIX KRAMER
13   CALIFORNIA CARS INITIATIVE,
     INC. and FELIX KRAMER
14
15       I declare that I am employed by a member of the bar of this Court, at
     whose direction this service was made.
16
17       Executed on March 24, 2008 at Pasadena, California.
18
19                                                   Sonia Casas
20
21
22
23
24
25
26
27
28

# EXHIBIT C

Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043



Tel: 650.253.3425
Fax: 650.249.3429
www.google.com

April 4, 2008

*Via Facsimile Only*
(626)577-8800

G. Warren Bleeker
Christie, Parker & Hale, LLP
350 W. Colorado Blvd.
Pasadena, CA 91109

> Re: CalCar Inc. and American CalCar, Inc. v. The California Cars Initiative,
> Inc and Felix Kramer. (Internal Ref. No. 63115-21699) and previous letter from
> Google dated 4/4/2008.

Dear G. Warren Bleeker:

We have received your subpoena for deposition, dated 03-17-2008, in the above-referenced matter.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and all analogous rules under any applicable state law, Google Inc. ("Google"), which is not a party to the underlying action, responds and objects to the subpoena for deposition testimony and the deposition topics (the "Topics") for at least the following reasons.

1.  Google objects to the subpoena to appear for a deposition on the grounds that it imposes an undue burden on Google, a non-party, to appear as a witness.  Google also objects to the subpoena to appear for a deposition on the grounds that the information sought can be obtained through less burdensome means, including from the parties to the case.

2.  Google objects to the subpoena to appear for a deposition on the grounds it is vague, overbroad, duplicative, cumulative, unduly burdensome, and oppressive.  Google objects to the subpoena to appear for a deposition to the extent that the subpoena is abusively drawn and served for the purpose of annoying and harassing Google, a non-party.

3.  Google objects to the Topics to the extent they seek testimony that has been, or could be, obtained from any of the parties to the underlying litigation or by less burdensome means.

4.  Google objects to the Topics on the grounds that they impose an undue burden and demand that Google, a non-party, appear as a witness at its own expense.  To the extent that Google appears as a witness pursuant to the subpoena, Google shall only do so upon compensation for costs, including attorney fees, related to the deposition.

5.  Google objects to the Topics to the extent they seek testimony that contains, or may contain, trade secrets, or other confidential business or commercial information entitled to protection under applicable common law, statutes or rules.  Google objects to the extent that any Stipulated Protective Order entered in the case does not provide sufficient protection for the information sought from Google.

6.  Google objects to the Topics to the extent they seek testimony protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable

Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043



Tel: 650.253.3425
Fax: 650.249.3429
www.google.com

privilege or immunity. To the extent that Google testifies in response to the Topics, Google will not testify as to anything protected by such privileges or immunities, and any inadvertent disclosure shall not be deemed to constitute a waiver of any such privilege or immunity.

7.  Google objects to the Topics to the extent they seek information that is not within Google's knowledge.

8.  Google objects to the Topics to the extent that they are vague, overbroad or unduly burdensome.

9.  Google objects to the Topics to the extent that they call for testimony that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

10. Google objects to the Topics to the extent that it seek testimony or impose obligations beyond what is permissible under the Federal Rules of Civil Procedure or any applicable local rules.

11. Google objects to the Topics to the extent they seek testimony concerning a large range of topics in only a short time frame for providing the testimony. To the extent that Google appears as a witness pursuant to the subpoena, Google shall do so at a mutually agreeable time and place.

If you have any questions, please feel free to contact the Legal Investigations Support Department at LEGAL-COMPLIANCE@GOOGLE.COM. Thank you.

Very truly yours,

Suzanne
Abbott
2008.04.04
12:53:18 -07'00'

Suzanne Abbott
Legal Investigations Support