S. ART HASAN, CA Bar No. 167323
art.hasan@cph.com
BRIAN K. BROOKEY, CA Bar No. 149522
brian.brookey@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiffs,
CALCAR, INC. and AMERICAN
CALCAR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALCAR, INC., a California corporation; and AMERICAN CALCAR, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE CALIFORNIA CARS INITIATIVE, INC., an unknown business entity; and FELIX KRAMER, an individual,<br><br>    Defendants. | Case No. 3:08-MC-80083 MHP (WDBx)<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR A PROTECTIVE ORDER**<br><br>Date: May 14, 2008<br>Time: 1:00 p.m.<br>Courtroom: 4, Oakland<br><br>Hon. Wayne D. Brazil |

# TABLE OF CONTENTS

**PAGE(S)**

I. INTRODUCTION .................................................................................................1

II. FACTUAL BACKGROUND ................................................................................1

III. GOOGLE'S MOTION FOR PROTECTIVE ORDER SHOULD BE DENIED AS UNTIMELY.......................................................................................3

IV. GOOGLE HAS FAILED TO CARRY ITS BURDEN TO DEMONSTRATE GOOD CAUSE THAT A PROTECTIVE ORDER SHOULD BE ISSUED..........................................................................................5

    A. The Deposition Subpoena Seeks Information Reasonably Calculated To Lead To The Discovery Of Admissible Evidence. ..........................................................................................................6

    B. Calcar's Deposition Subject Matters Are Proper. ...................................8

    C. Google Is In Possession of Information Relevant To The Claims And Defenses of the Parties ........................................................9

    D. The Deposition Subpoena Is Not "Duplicative" ...................................10

    E. The Five Deposition Topics Are Not Overly Burdensome ..................11

V. CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*AMF Inc. v. Sleekcraft Boats,*
  599 F.2d 341 (9th Cir. 1979) ............................................................................ 7, 8

*Allendar v. Raytheon Aircraft Co.,*
  220 F.R.D. 661 (D. Kan. 2004) ......................................................................... 4, 5

*Blankenship v. Hearst Corp.,*
  519 F.2d 418 (9th Cir. 1975) ................................................................................. 5

*Cacique, Inc. v. Robert Reiser & Co, Inc.,*
  169 F.3d 619 (9th. Cir. 1999) ................................................................................ 8

*Foltz v. State Farm Mutual Automobile Insurance Co.,*
  331 F.3d 1122 (9th Cir. 2003) ................................................................................ 5

*Grateful Dead Products v. Sagan,*
  2007 U.S. Dist. LEXIS 56810 (N.D. Cal. 2007) ................................................... 4

*Kephart v. National Union Fire Insurance Co.,*
  2007 U.S. Dist. LEXIS 51705 (D. Mont. 2007) ................................................... 4

*National Independent Theatre Exhibitors, Inc. v. Buena Vista Distributing Co.,*
  748 F.2d 602 (11th Cir. 1984) ............................................................................... 4

*Paige v. Consumer Programs, Inc.,*
  2008 U.S. Dist. LEXIS 13106 (C.D. Cal. 2008) ................................................ 3, 4

*Pfizer, Inc. v. Mylan Laboratoriess, Inc.,*
  2003 U.S. Dist. LEXIS 24806 (S.D.N.Y. Dec. 17, 2003) ................................... 11

*Pioche Mines Consolidated, Inc. v. Dolman,*
  333 F.2d 257 (9th Cir. 1964) ................................................................................. 3

*Thane International, Inc. v. Trek Bicycle Corporation,*
  305 F.3d 894 (9th Cir. 2002) ................................................................................. 8

## STATUTES

Fed. R. Civ. P. 26 ..................................................................................................... 10, 11

Fed. R. Civ. P. 26 (b)(1) ................................................................................................... 6

Fed. R. Civ. P. 26(c) ............................................................................................... 1, 3, 5

Fed. R. Civ. P. 30(b)(6) ................................................................................................ 6, 8

| | | |
|---|---|---|
| 1 | Fed. R. Civ. P. 37 | 5 |
| 2 | Fed. R. Civ. P. 37(d) | 3 |
| 3 | Fed. R. Civ. P. 37 (d)(2) | 3 |
| 4 | Fed. R. Civ. P. 45 | 10, 11 |

## MISCELLANEOUS

| | | |
|---|---|---|
| Rutter Guide, Fed. Civ. Proc. Before Trial, §11:1162 | | 4 |
| Rutter Guide, Fed. Civ. Proc. Before Trial, §11:1166 | | 3 |

## I. INTRODUCTION

On May 2, 2008, over *six weeks* after being served with a deposition subpoena, and almost *four weeks* after the actual deposition date had come and gone, with Google refusing to appear for deposition, Google filed a motion for a protective order.

Google's motion should be denied as untimely. A motion for protective order must be filed *prior* to the deposition date. Google offers no legal authority to support its position that a protective order filed almost four weeks *after* the deposition date is procedurally proper. Moreover, Google fails to establish any specific facts to demonstrate "good cause" for seeking a protective order as is required by Rule 26(c).

Calcar,[1] therefore, respectfully requests this Court to deny the motion.

## II. FACTUAL BACKGROUND

Calcar is a plaintiff in a trademark infringement case pending in the Central District of California. Calcar owns United States Trademark Registration No. 2,419,611 (the "'611 Registration") for the mark CALCAR. Since 1994, Calcar has marketed, distributed and sold products under the CALCAR mark, including Quick Tips® products.

Defendants The California Cars Initiative ("TCCI") and Felix Kramer ("Kramer") have adopted wholesale Calcar's registered mark CALCAR, adding the letter "s" to the mark and then using it to provide goods and services in the same business in which Calcar is engaged. TCCI also uses the registered domain name http://www.calcars.org, which is confusingly similar to Calcar's domain name, http://www.calcar.net. Google is a business partner of TCCI and Kramer and has had numerous interactions with these infringing parties.

---

[1] Plaintiffs Calcar, Inc. and American Calcar Inc. are referred to collectively as "Calcar."

Oppos. to Motion for Protective Order - Case No. 3:08-MC-80083        1

On March 18, 2008, Calcar served Google with a deposition subpoena and a check for witness fees and anticipated mileage. (Bleeker Dec., ¶ 2; Ex. A.) Calcar seeks testimony from Google regarding five topics:

1. Any agreements or contracts between Google and TCCI.
2. Any agreements or contracts between Google and Felix Kramer.
3. Any communications between Google and TCCI.
4. Any communications between Google and Felix Kramer.
5. The Google.org grant to TCCI to promote plug-in hybrid vehicle education.

(*Id.*)

Prior to the deposition date of April 7, Calcar contacted Google to determine who from Google would be attending the deposition. On Friday, April 4, Google employee Suzanne Abbott responded that Google generally did not sit for third party depositions and would probably not produce a witness for the deposition the following Monday. (*Id.* at ¶ 3.) Calcar requested that Google's litigation counsel contact Calcar to discuss the issue. (*Id.*)

Later in the afternoon of April 4, Google, again through Ms. Abbott, faxed written objections to Calcar's deposition subpoena noticed for Monday, April 7. Ms. Abbott also confirmed by telephone that Google would not produce any witness for deposition on April 7. (*Id.*, ¶ 4; Ex. B.) Calcar notified Google that, based on Ms. Abbot's representation that Google refused to make a representative available for deposition on April 7, Calcar would not incur the costs of traveling to San Francisco for the deposition. (*Id.* at ¶ 5; Ex. C.) Calcar, however, requested that Google counsel meet and confer to discuss whether Google would reconsider its position and produce a witness for deposition. (*Id.*)[2]

---

[2] On April 7, 2008, Judge Andrew J. Guilford, Central District Court Judge, extended the deposition discovery cut-off date from April 8 to May 19, 2008 to allow Calcar to request relevant documents and testimony from Google, among others. (Bleeker Dec. at ¶ 6; Ex. D.)

On April 7, Calcar again attempted to contact Google's counsel to determine when and if Google would produce a witness for deposition. (*Id.* at ¶ 5; Ex. C.) On April 9, 2008, Google's counsel finally responded and stated that Google wanted to defer the issue of complying with the deposition subpoena until after Google had produced documents in response to the separate subpoena for documents. Google produced documents on Friday, April 11. (*Id.* at ¶ 7.) Having reviewed the documents, Calcar again contacted Google's counsel on April 14 and April 15. Due to Google's counsel's schedule, the parties were not able to discuss whether Google would comply with the subpoena until April 17. (*Id.*) On April 17, counsel for Google and Calcar met and conferred. Google again refused to provide a witness in compliance with the subpoena. (*Id.*)

On April 18, Calcar filed a motion to compel Google's deposition testimony and filed a motion to shorten time so that if the motion is granted, the deposition could take place before the May 19 deposition cutoff date. On May 2, 2008, Google filed a motion for a protective order. Google did not file its own motion to shorten time until late in the evening on May 8. (*Id.* at ¶ 8.)

### III. GOOGLE'S MOTION FOR PROTECTIVE ORDER SHOULD BE DENIED AS UNTIMELY.

A motion for protective order must be filed *before* the deposition date. "[I]t is for the court, not the deponent or his counsel, to relieve him of the duty to appear." *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964); *see also* Rutter Guide, Fed. Civ. Proc. Before Trial, §11:1166 (A motion for a protective order must be filed "*before the date set* for the . . . deposition.") (emphasis in original). Under Rule 37(d), failure to appear for deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a *pending* motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2) (emphasis added); *Paige v. Consumer Programs, Inc.*, 2008 U.S. Dist. LEXIS 13106, *7-*8 (C.D. Cal. 2008). Thus, failure to appear at

a properly noticed deposition is not substantially justified if the motion for a protective order is not filed "before the date of the deposition." *Paige*, 2008 U.S. Dist. LEXIS 13106, *16 (C.D. Cal. 2008). District courts have denied motions for protective orders as untimely even when filed before the deposition date, but where the hearing date would not occur until after the deposition. *Grateful Dead Prods. v. Sagan*, 2007 U.S. Dist. LEXIS 56810, *4-*5 (N.D. Cal. 2007) (denying motion for protective order, in part, as untimely where motion would not be heard prior to the deposition date); *Kephart v. Nat'l Union Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 51705, *3 (D. Mont. 2007) (denying motion for protective order as untimely when filed 12 days prior to deposition date where moving party did not seek expedited hearing date prior to deposition date).

Here, Google waited over six weeks after service of process and almost four weeks after the deposition date to file any motion. Calcar is aware of no case law, and Google certainly offers none, holding that a motion for a protective order is timely filed over *six weeks* after service of process and almost a month after the deposition date has passed. Instead, Google cites Section 11:1162 of the Rutter Group Federal Civil Procedure Before Trial for the proposition that a protective order must be filed as early as practicable. Google fails to provide the full proposition stated by Section 11:1162, which states: "A motion for protective order ordinarily should be noticed at the earliest possible time and **certainly before** the discovery procedure is set to occur." (emphasis added). In the cited case, *National Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th Cir. 1984) (also cited by Google), the third party deponent filed a motion for a protective order **before** the deposition, not weeks later as Google has done.

The only other authority cited by Google, *Allendar v. Raytheon Aircraft Co.*, 220 F.R.D. 661 (D. Kan. 2004), does not support Google's position. In *Allendar,* the district court denied a motion to quash regarding a subpoena *duces*

Oppos. to Motion for Protective Order - Case No. 3:08-MC-80083    4

*tecum* because the motion was filed *after* the date of the document production, and thus "there is nothing to 'quash.'" *Id.* at 665. The district court also issued a "protective" (*i.e.*, confidentiality) order to apply to medical records, where both parties stipulated that the records were to be limited to that case and must be returned or destroyed at the conclusion of the case. *Id.* Nothing in this decision supports Google's claim that a protective order challenging a deposition subpoena is timely a month after the deposition was to occur.

If Google wanted to file a motion for protective order, it was incumbent on it to file its motion before April 7, 2008. Google chose to ignore the subpoena, and in so doing waived the right to seek a motion for protective order. Under Rule 37 of the Federal Rules of Civil Procedure, Google's refusal to appear for deposition was not justified, and it should be compelled to attend its deposition, prepared to offer meaningful testimony, before May 19, 2008.

## IV. GOOGLE HAS FAILED TO CARRY ITS BURDEN TO DEMONSTRATE GOOD CAUSE THAT A PROTECTIVE ORDER SHOULD BE ISSUED.

A party seeking a protective order under Rule 26(c) is required to show "good cause" for its issuance. Specifically, Google is required to make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Moreover, "[a] strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Google fails to articulate any good cause why it should be excused from complying with the deposition subpoena.

### A. The Deposition Subpoena Seeks Information Reasonably Calculated To Lead To The Discovery Of Admissible Evidence.

Calcar is entitled to discover nonprivileged information relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). This includes information that a party may use to support its denial or rebuttal of any claim or defense of another party. *Id.*

Calcar identified five straightforward deposition topics in its Rule 30(b)(6) subpoena: (1) communications between Google and Defendant Kramer; (2) communications between Google and Defendant TCCI; (3) any agreements or contracts between Google and Defendant TCCI; (4) any agreements or contracts between Google and Defendant Kramer and Google; and (5) the Google.org grant to TCCI.

Google concedes that it maintains a business relationship with TCCI and Kramer. The documents produced by Google indicate that Google had numerous communications with Defendants and that Defendants applied for at least one grant, which it received. Calcar is entitled to conduct deposition inquiry into the substance of these communications and any phone conversations or in-person meetings, and the substance of the grant agreement and any other agreements, formal or informal, between Google and Defendants. TCCI, which refers to itself as "Calcars," likely made numerous representations relating to its use of the infringing Calcars mark, including how it proposed to use the Google grant money, and whether it intended to expand its use of the Calcars mark (which incorporates 100% of Calcar's own federally registered trademark). Calcar also has the right to inquire whether Google and TCCI/Kramer have any agreements or understandings regarding website hits for TCCI's infringing website, www.calcars.org, which relate to use of the mark. These topics are directly

Oppos. to Motion for Protective Order - Case No. 3:08-MC-80083   6

relevant to the first and eighth *Sleekcraft* factors.[3] In addition, Calcar is entitled to learn if during any communications, the issue of actual confusion (the fourth *Sleekcraft* factor) was raised. These communications and agreements are also likely to reveal evidence regarding how TCCI and Kramer market their products, which is relevant to marketing channels used (the fifth *Sleekcraft* factor). Any discussions between Google and Defendants relating to Calcar's preexisting trademark rights, and this litigation, also are discoverable, going to Defendants' intent and willfulness in infringing Calcar's mark.

TCCI and Kramer have taken the position in the underlying litigation, that because TCCI is purportedly a "non-profit," TCCI does not receive any "profits." This issue is currently pending in a discovery dispute pending in the underlying matter. (Bleeker Dec., ¶ 9.) Any communications or representations by TCCI and Kramer to Google regarding TCCI's status as a non-profit is therefore relevant to a claim or defense in the underlying action.

In its moving papers, Google incorporates its argument from its opposition to Calcar's motion to compel that the five listed topics do not seek relevant information. If anything, Google's opposition demonstrates a fundamental misunderstanding (or intentional misstatement) of trademark law. Google asserts that the "key issue" in a trademark infringement matter is "consumer confusion." In reality, the key issue is "*likelihood* of confusion" which is measured by eight separate factors. Actual customer confusion, which is one of the eight factors, is

---

[3] In *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-349 (9th Cir. 1979), the Ninth Circuit provided the following, "non-exhaustive" list of factors that are relevant in "determining whether confusion between related goods is likely": 1. strength of the mark; 2. proximity or relatedness of the goods; 3. similarity of the marks; 4. evidence of actual confusion; 5. marketing channels used; 6. type of goods and the degree of care likely to be exercised by the purchaser; 7. defendant's intent in selecting the mark; and 8. likelihood of expansion of the product lines.

Oppos. to Motion for Protective Order - Case No. 3:08-MC-80083    7

not the only relevant issue. In most infringement actions, evidence of actual consumer confusion is not available. The Ninth Circuit has held that *each* of the eight *Sleekcraft* factors should be considered in a trademark infringement action. Not all of the *Sleekcraft* factors have equal weight. *See Thane International, Inc. v. Trek Bicycle Corporation*, 305 F.3d 894, 901 (9th Cir. 2002). And finding confusion involves more than just counting how many *Sleekcraft* factors favor each party: a court should instead use those factors for guidance as part of an overall analysis of whether the alleged trademark infringement is likely to confuse. *Id.* ("[t]he list of factors is not a scorecard — whether a party 'wins' a majority of the factors is not the point").

Google also argues that its knowledge is not relevant to any issue in the underlying trademark action, citing to the *Cacique* decision of the Ninth Circuit. *See Cacique, Inc. v. Robert Reiser & Co, Inc.*, 169 F.3d 619 (9th. Cir. 1999). Google's reliance on *Cacique* is misplaced. In *Cacique*, the Ninth Circuit held that a plaintiff in a trade secret case was not entitled to a reasonable royalty. Therefore, the Court determined that discovery seeking sales information from a third party, though relevant to a reasonable royalty, should not be produced where the plaintiff is not entitled to a reasonable royalty as a matter of law. *Id.* at 623-25. That holding has no application here. Calcar's infringement claims are pending, and the information sought from Google is related to those claims and TCCI's and Kramer's contentions and defenses.

### B. Calcar's Deposition Subject Matters Are Proper.

Google also argues that the five designated topics do not mention, by name, the *Sleekcraft* factors, and therefore the deposition cannot encompass these factors. Google's position ignores all common sense. The five topics, which seek testimony on communications, agreements, and contracts between Google and Defendants, obviously encompass the *Sleekcraft* factors and other relevant claims and defenses. Calcar has described with reasonable particularity (as is

required by Rule 30(b)(6)), the subject *matters* for deposition. Calcar is not required to list every deposition question in its subpoena.[4] Based on the plain language of the five topics, Calcar is certainly entitled to inquire about any agreements or communications that touch upon TCCI's use of the infringing mark, any intentions to expand its product line, any actual customer confusion, TCCI's purported "non-profit" status, and TCCI's placement of the infringing mark in Google's search engine, to name a few.

### C. Google Is In Possession of Information Relevant To The Claims And Defenses of the Parties

Google also argues that Calcar has made no "showing" that Google has such knowledge of the listed topics. Of course, there is no requirement that Calcar must make a showing of Google's actual knowledge *prior* to taking the deposition. Google, however, admits it had communications with TCCI and Kramer and even produced certain e-mail traffic evidencing these communications (*See* Google Opposition to Motion to Compel at 3:21-22 (admitting producing "a handful of assorted emails"). Google also admitted at least one agreement exists between the parties, and has produced the grant agreement between Google and TCCI which demonstrates that Google is one of TCCI's largest donors. (*See* Google Opposition to Motion to Compel at 2:22-23 (". . .Google.org. provided a philanthropic grant to TCCI in 2007.")) Google, therefore, concedes it has communicated with TCCI/Kramer and entered at least one agreement with TCCI/Kramer, all of which are very closely linked to Defendants' infringing use of Calcar's mark. It is clear then that Google does have knowledge of the listed topics.

---

[4] If Calcar had listed every deposition question or "subcategory" of the listed deposition topics, Google no doubt would complain that such an extensive list would impose an undue "burden" on it that is even great than the burden that Google falsely claims the existing subpoena imposes.

Oppos. to Motion for Protective Order - Case No. 3:08-MC-80083   9

Google also attempts to explain away any other involvement with TCCI besides the grant. Calcar, however, is entitled under Rules 26 and 45 to depose Google, under oath, to learn of the extent of Google's involvement with TCCI. Google baldly asserts, for example, that "Google has already produced the documents related to the grant." Calcar, however, has the right to determine if the documents produced are, in fact, the only responsive documents, to determine if Google performed a reasonable search for these documents related to the grant, to authenticate the documents, and to find out if there are additional documents that should have been produced (either by Google or by TCCI/Kramer). Calcar cannot make these determinations from simply reviewing the documents.

Google also claims that it has no other relationship with TCCI. Again, Calcar has the right to depose Google to determine what other agreements or understandings might exist between Google and TCCI/Kramer. Further, Google states that "TCCI does not buy advertising from Google," "Google is not a customer of TCCI," and that TCCI does not "participate in any of Google's advertising programs." Even if this is the case, Calcar has the right to obtain this testimony by way of deposition, as part of its discovery into the true nature and extent of Google's relationship with TCCI.

### D.   The Deposition Subpoena Is Not "Duplicative"

Google also claims that its deposition testimony would be duplicative of other evidence in the case. Calcar's discovery requests are not duplicative. Only Google has personal knowledge of its dealings with TCCI and Kramer. No one else can provide such testimony. Google, in fact, has already produced highly relevant documents that had not been produced by the Defendants in the matter. For example, Google produced a "CalCars Due Diligence Report" that had never been produced by TCCI or Kramer. (Bleeker Dec., ¶ 11; Ex. F.) This report is further evidence of TCCI's use of the infringing mark. It identifies "key funders" of TCCI. It identifies marketing channels. It also includes an IRS document

relevant to TCCI's purported non-profit status. Calcar has the right to depose Google regarding this newly discovered document, as well as the other documents produced by Google.

Also, Calcar has a right under Rules 26 and 45 to obtain information regarding Google's knowledge of meetings and events where TCCI and Kramer were present, including those at which Calcar, and/or Defendants' infringing use of the Calcar's mark, were discussed. This deposition testimony goes beyond mere corroboration, even though corroboration, by itself, is a proper purpose of third party discovery. *Pfizer, Inc. v. Mylan Labs., Inc.*, 2003 U.S. Dist. LEXIS 24806, at *6 (S.D.N.Y. Dec. 17, 2003) (a party "has a right to seek to corroborate the information given it by its party-opponent."). Google cites to no authority to support its position that corroborating evidence is merely duplicative. Kramer's and TCCI's memory or knowledge may be incomplete or inaccurate in certain respects. Calcar has the right to learn the entire story, and to keep TCCI and Kramer honest, by examining third parties to learn those third parties' knowledge or understanding regarding communications and agreements, and to fill in missing information and key facts.

### E.     The Five Deposition Topics Are Not Overly Burdensome

Google's "burdensome" argument has no merit, and is internally inconsistent. For example, Google argues *both* that it has "little to no knowledge" of the designated subject matters, *and* that "the burden of preparation for a 30(b)(6) deposition is substantial...." (Google's Motion For Protective Order, at 8:5-6 and 9:17-18.) Google does not explain how the burden of preparing for a deposition on topics as to which it supposedly has "little to no knowledge" could possibly be "substantial." If Google's knowledge truly is limited, the preparation for the deposition and the deposition itself could both be completed in a few hours. The only way the time required to prepare for and attending the deposition could be "substantial" is if Google in fact does have a great deal of relevant

Oppos. to Motion for Protective Order - Case No. 3:08-MC-80083     11

knowledge. Whether Google is telling the truth about its limited knowledge, or whether it is telling the truth about the "substantial" amount of work required to prepare for and attend a deposition, the deposition is justified. And Google has offered no specific facts — not even a time estimate as to the amount of preparation that would be required — supporting the claim that the subpoena imposes an undue burden.

Google's conclusory "burden" argument is further undercut by Google's scorched-earth, if untimely, motion practice. As explained above, after initially ignoring the deposition subpoena, Google then took every step possible to prolong the dispute and escalate the costs required to resolve it. Google initially prolonged the meet and confer process, refusing to make a final determination of whether it would produce a witness until after it produced the documents. After all the meeting and conferring, Google finally confirmed that under no circumstances would it make any corporate representative available for deposition. This required Calcar to open a miscellaneous action and move to compel. Google's outside counsel then engaged in a series of pointless meet and confer efforts. Google ultimately filed its untimely, duplicative, "make-work" protective order motion. Then, after this Court granted Calcar's unopposed motion to shorten time and set the hearing for May 14, Google demanded that Calcar agree, within two hours, that Google's motion could also be heard on May 14, and that Calcar also agree to waive its right to file any opposition. Calcar did not agree to such an unfair proposition. Google then filed a motion to shorten time, but changed its position to allow Calcar the opportunity to file an opposition — a position it failed to offer during Google's self-imposed two hour meet and confer window. (Bleeker Dec. ¶ 12.)

The amount of time and money spent by Google in avoiding a deposition on five limited deposition topics far exceeds the amount of time and money Google would have spent in deposition if it had just shown up.

Oppos. to Motion for Protective Order - Case No. 3:08-MC-80083    12

More importantly, as Calcar explained in its moving papers in support of its motion to compel (and Google does not dispute), Google is not ultimately responsible for any costs associated with complying with the subpoena. Instead, under Google's agreement with Defendants, TCCI must indemnify Google for all Google's costs related to complying with the subpoena, including attorneys' fees. Therefore, Google will incur no unreimbursed expense involved in preparing for and attending its deposition, just as it should have over one month ago.[5]

## V. CONCLUSION

Google's motion for a protective order is untimely and Google failed to establish good cause why a protective order is justified to prevent Google's deposition from going forward. Calcar, therefore, requests this Court to deny Google's motion for a protective order.

DATED: May 12, 2008

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By /s/ G. Warren Bleeker
G. Warren Bleeker

Attorneys for Plaintiffs,
CALCAR, INC. and AMERICAN CALCAR, INC.

GWB PAS794050.1-*-05/12/08 1:54 PM

---

[5] Google also raises a trade secret issue in its motion (Google Motion For Protective Order, at 8-9:fn.4). It is highly unlikely that any communications or agreements between TCCI and Google involve Google's trade secrets. However, a protective order has been entered in the underlying action. (Bleeker Dec., ¶ 10; Ex. E.) Counsel for Calcar provided the protective order to Google on April 4, 2008, and Google has utilized that protective order, designating certain of its documents as "confidential." (Id.) The protective order has a specific "attorneys' eyes only" designation that would clearly protect any sensitive trade secret information.

# CERTIFICATE OF SERVICE

I certify that on May 12, 2008, I electronically filed the document described as **PLAINTIFF'S OPPOSITION TO GOOGLE'S MOTION FOR A PROTECTIVE ORDER.** with the Clerk of the Court using the ECF system which will send notification of such filing to the parties. I further certify that I have e-mailed a true copy of the above document to the non-ECF participants addressed as follows:

William C. Rooklidge  - rooklidgew@howrey.com

Russell B. Hill - hillr@howrey.com

Bobby A. Ghajar - ghajarb@howrey.com

/s/
Susan Lovelace

CHRISTIE, PARKER & HALE, LLP