1
2
3
4
5
6
7
8

**ART HASAN, CA Bar No. 167323**
art.hasan@cph.com
**BRIAN K. BROOKEY, CA Bar No. 149522**
brian.brookey@cph.com
**G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
**CHRISTIE, PARKER & HALE, LLP**
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiffs,
CALCAR, INC. and AMERICAN CALCAR, INC.

9

10               UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  CALCAR, INC., a California corporation; and AMERICAN | Case No. 3:08-MC-80083 MHP (WDBx) |
| 14  CALCAR, INC., a Delaware corporation, | **DECLARATION OF G. WARREN** |
| 15 | **BLEEKER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO** |
|          Plaintiff(s), | **GOOGLE'S MOTION FOR A** |
| 16 | **PROTECTIVE ORDER** |
| 17      vs. | |
| 18  THE CALIFORNIA CARS INITIATIVE, INC., an unknown | **DATE:**   May 14, 2008 |
|     business entity; and FELIX KRAMER, | **TIME:**   1:00 p.m. |
| 19  an individual, | **CTRM:**  4, Oakland |

20
21
22
23
24
25
26
27
28

1    I, G. Warren Bleeker, declare and state as follows:

2    1.    I am an associate with the law firm Christie, Parker & Hale, LLP,

3    counsel for Plaintiffs in this Miscellaneous Action, and am admitted to practice

4    before the United States District Courts for the Central and Northern Districts of

5    California. I have personal knowledge of the contents of this declaration and, if

6    called as a witness, could and would competently testify thereto.

7    2.    On March 18, 2008, Calcar served Google with a deposition

8    subpoena and a check for witness fees and anticipated mileage. Attached as

9    Exhibit A is a true copy of the deposition subpoena, notice of deposition and

10   proof of service.

11   3.    Prior to the deposition date of April 7, I contacted Google to

12   determine who from Google would be attending the deposition. On Friday,

13   April 4, Google employee Suzanne Abbott (a Google legal assistant) responded

14   and told me that Google generally did not sit for third party depositions and

15   would probably not produce a witness for the deposition the following Monday. I

16   requested that Google's litigation counsel contact me to discuss the issue further.

17   4.    Later in the afternoon of April 4, Google, again through Ms. Abbott,

18   faxed written objections to Calcar's deposition subpoena noticed for Monday,

19   April 7. Attached as Exhibit B is a true copy of Google's written objections. Ms.

20   Abbott also confirmed by telephone that Google would not produce any witness

21   for deposition on April 7.

22   5.    On the afternoon of April 4, I notified Ms. Abbott that, based on her

23   representation that Google refused to make a representative available for

24   deposition on April 7, Calcar would not incur the costs of traveling to San

25   Francisco for the deposition. I again asked Ms. Abbott to have Google's

26   litigation counsel contact me to discuss whether Google would appear for

27   deposition. Attached as Exhibit C is a true copy of my correspondence to Ms.

28   Abbott containing this information.

6.    On April 7, 2008, Judge Andrew J. Guilford, Central District Court Judge, extended the deposition discovery cut-off date from April 8 to May 19, 2008 to allow Calcar to request relevant documents and testimony from Google, among others.  Attached as Exhibit D is a true copy of that Order.

7.    On April 9, 2008, Google's counsel finally responded to me and stated that Google wanted to defer the issue of complying with the deposition subpoena until after Google had produced documents in response to the separate subpoena for documents.  Google produced documents on Friday, April 11. Having reviewed the documents, I again contacted Google's counsel on Monday, April 14 and Tuesday, April 15.  Due to Google's counsel's schedule, the parties were not able to discuss whether Google would comply with the subpoena until April 17.  On April 17, counsel for Google, Adam Barea and I, met and conferred.  Google again refused to provide a witness in compliance with the subpoena.

8.    On April 18, 2008, Calcar filed a motion to compel Google's deposition testimony and filed a motion to shorten time so that if the motion is granted, the deposition could take place before the May 19 deposition cutoff date. On May 2, 2008, Google filed a motion for a protective order.  Google did not file its own motion to shorten time until late in the evening on May 8.

9.    Defendants TCCI and Kramer have taken the position in the underlying litigation pending in the Central District of California, that because TCCI is purportedly a "non-profit," TCCI does not receive any "profits."  This issue is currently pending in a discovery dispute pending in the underlying matter.

10.    A protective order has been entered in the underlying action.  I provided a copy of the protective order to Google on April 4, 2008.  Attached as Exhibit E is a true copy of my correspondence to Google attaching the protective order.  Google has utilized that protective order, designating certain emails as confidential.

11. Google has produced a "CalCars Due Diligence Report" that had never been produced by TCCI or Kramer. A true copy is attached as Exhibit F. Google did not designate this document as confidential.

12. After Google finally confirmed its refusal to make a corporate representative available for deposition, Calcar was required to open a miscellaneous action and to move to compel Google's deposition. After this Court granted Calcar's unopposed motion to shorten time and set the hearing for May 14, Google demanded that Calcar agree, within two hours, that Google's motion could also be heard on May 14, and that Calcar also agree to waive its right to file any opposition. Calcar did not agree to such an unfair proposition. Google then filed a motion to shorten time, but changed its position to allow Calcar the opportunity to file an opposition — a position it failed to offer during Google's self-imposed two hour meet and confer window.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on May 12, 2008, in Pasadena, California.

_____
G. Warren Bleeker

SCL PAS794197.1-*-05/12/08 2:05 PM

CHRISTIE, PARKER & HALE, LLP

Exhibit A

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Northern   DISTRICT OF California

CALCAR, INC., a California corporation;
and AMERICAN CALCAR, INC., a California
corporation,

                    v.

THE CALIFORNIA CARS INITIATIVE, INC.,
an unknown business entity; and FELIX
KRAMER, an individual,

## SUBPOENA IN A CIVIL CASE

Case Number: [1] SACV07-00723 AG (JWJx)
Central District of California

TO:  GOOGLE, INC.
     1600 Amphitheatre Parkway
     Mountain View, California  94043

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Arnold & Porter, LLP, 90 New Montgomery St. San Franciso, CA  94105, (415) 356-3000 | April 7, 2008 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_   Attorneys for Plaintiffs | March 17, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
G. Warren Bleeker, Christie, Parker & Hale, LLP, 350 W. Colorado Blvd., #500
Pasadena, California 91105, (626) 795-9900

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.   The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

1   ART HASAN, CA Bar No. 167323
    art.hasan@cph.com
2   BRIAN K. BROOKEY, CA Bar No. 149522
    brian.brookey@cph.com
3   G. WARREN BLEEKER, CA Bar No. 210834
    warren.bleeker@cph.com
4   CHRISTIE, PARKER & HALE, LLP
    350 West Colorado Boulevard, Suite 500
5   Post Office Box 7068
    Pasadena, California 91109-7068
6   Telephone: (626) 795-9900
    Facsimile: (626) 577-8800
7
    Attorneys for Plaintiff,
8   CALCAR, INC. and AMERICAN
    CALCAR, INC.
9
                    UNITED STATES DISTRICT COURT
10
                    CENTRAL  DISTRICT OF CALIFORNIA
11

12  CALCAR, INC., a California            Case No.  SACV07-00723 AG (JWJx)
    corporation; and AMERICAN
13  CALCAR, INC., a Delaware corporation, NOTICE OF DEPOSITION OF
                                          GOOGLE, INC.
14              Plaintiffs,

15         vs.                            DATE:   April 7, 2008
                                          TIME:   9:30 a.m.
16  THE CALIFORNIA CARS                   PLACE: Arnold & Porter, LLP
    INITIATIVE, INC., an unknown          90 New Montgomery St.
17  business entity; and FELIX KRAMER,    San Francisco, CA 94105
    an individual,                        (415) 356-3000
18
                Defendants.
19

20

21          **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22  **PLEASE TAKE NOTICE** that, under Rule 30(b)(6) and 45 of the Federal Rules

23  of Civil Procedure, CALCAR, INC. AND AMERICAN CALCAR, INC. will

24  take the deposition upon oral examination of GOOGLE, INC., last known address

25  is 1600 Amphitheatre Parkway, Mountain View, CA 94043, commencing on 9:30

26  a.m. at Arnold & Porter, LLP located at 90 New Montgomery Street, San

27  Francisco, California  94105, (415) 356-3000, or at another time and place

28  mutually agreed upon by counsel for the parties and the deponent.

                                  -1-

CHRISTIE, PARKER & HALE, LLP

1    Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deponent is

2    obligated to designate one or more of its officers, directors, managing agents or

3    other consenting persons to testify in this action as to matters known or

4    reasonably available to the deponent with respect to the subject matters listed on

5    Attachment A to the attached subpoena.   You are invited to attend and cross-

6    examine.  It is hereby requested that the deponent identify those persons whom it

7    will designate to testify concerning the listed matters by no later than seven days

8    prior to the date of deposition.

9    The deposition will be taken before an officer authorized to administer

10    oaths by the laws of the United States.   The deposition will be recorded

11    stenographically via the use of real-time reporting.

12

13    DATED: March 17, 2008              Respectfully submitted,

14                                      CHRISTIE, PARKER & HALE, LLP

15

16    By

17

18                                      Attorneys for Plaintiffs,
                                        CALCAR, INC. and AMERICAN
                                        CALCAR, INC.

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT A

## DEFINITIONS

1.    The term "TCCI" refers to The California Cars Initiative, Inc. its predecessors, successors, assigns, and all persons acting or purporting to act on its behalf, including but not limited to its employees, officers, directors, shareholders, independent contractors, consultants, affiliates, accountants, and attorneys.

2.    The term "GOOGLE" refers to Google, Inc. its predecessors, successors, assigns, and all persons acting or purporting to act on its behalf, including but not limited to its employees, officers, directors, shareholders, independent contractors, consultants, affiliates, accountants, and attorneys.

3.    The term "COMMUNICATIONS" means any transmission of information, whether oral or in writing (including electronic communications).

## SUBJECT MATTERS

1.    Any agreements or contracts between GOOGLE and TCCI.

2.    Any agreements or contracts between GOOGLE and Felix Kramer.

3.    Any COMMUNICATIONS between GOOGLE and TCCI.

4.    Any COMMUNICATIONS between GOOGLE and Felix Kramer.

5.    The Google.org grant to TCCI to promote plug-in hybrid vehicle education.

SC PAS783160.1-*-03/17/08 11:43 AM

CHRISTIE, PARKER & HALE, LLP

# CERTIFICATE OF SERVICE

I certify that on March 17, 2008, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as NOTICE OF DEPOSITION OF GOOGLE, INC.; SUBPOENA IN A CIVIL CASE was served on the parties in this action by U.S. Mail addressed as follows:

William C. Rooklidge
Russell B. Hill
Bobby A. Ghajar
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, California 92614-8557

Attorneys for Defendants, THE CALIFORNIA CARS INITIATIVE, INC. and FELIX KRAMER

Joshua A. Burt
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071

Attorneys for Defendants, THE CALIFORNIA CARS INITIATIVE, INC. and FELIX KRAMER

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on March 17, 2008 at Pasadena, California.

Sonia Casas

| Party without Attorney: | | For Court Use Only |
|---|---|---|
| CHRISTIE, PARKER & HALE<br>350 W. COLORADO BLVD.<br>SUITE: #500<br>PASADENA, CA 91105<br>Telephone No: 626 795-9900          FAX No: 626 577-8800 | | |
| Attorney for: Plaintiff | Ref. No. or File No.:<br>93251 | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| UNITED STATES DISTRICT COURT OF CALIFORNIA, SANTA ANA |

Plaintiff: CALCAR, INC

Defendant: THE CALIFORNIA CARS INITIATIVE, INC

| PROOF OF SERVICE<br>SUBPOENA IN A CIVIL | Hearing Date:<br>Fri, Apr. 04, 2008 | Time:<br>10:00AM | Dept/Div: | Case Number:<br>SACV07-00723 |
|---|---|---|---|---|

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of the SUBPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF GOOGLE, INC.

3.  a. Party served:                    GOOGLE, INC
    b. Person served:                   BECKY DE GEORGE, AGENT FOR SERVICE OF PROCESS

4.  Address where the party was served:    CSC LAWYERS INCORPORATING SERVICE
                                          2730 GATEWAY OAKS
                                          #100
                                          SACRAMENTO, CA 95833

5.  I served the party:
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Tue., Mar. 18, 2008 (2) at: 10:52AM
    b. I received this subpena for service on:       Tuesday, March 18, 2008

6.  Witness fees were offered or demanded, and paid:    <u>$68.00</u>

7.  *Person Who Served Papers:*                        Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. SCOTT A. OLIVER                       d.  *The Fee for Service was:*
    b. **CORPORATE LEGAL SERVICES**          e.  I am: (3) registered California process server
       PO BOX 27975, Registration # 2296          (i)  Independent Contractor
       LOS ANGELES, CA 90027                       (ii)  Registration No.:      2005-35
    c. 213 202-6030, FAX 213 202-6045              (iii)  County:               Sacramento

8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:Tue, Mar. 18, 2008

Judicial Council Form                    PROOF OF SERVICE                                         (SCOTT A. OLIVER)
Rule 982.9.(a)&(b) Rev January 1, 2007   SUBPOENA IN A CIVIL                                      31982.chrpa.31982

Exhibit B



Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043

Tel: 650.253.3425
Fax: 650.249.3429
www.google.com

---

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** | **FROM:** |
| G. Warren Bleeker | Suzanne Abbott |
| **COMPANY:** | **DATE:** |
| Christie, Parker & Hale, LLP | |
| | April 4, 2008 |
| **FAX NUMBER:** | **TOTAL NO. OF PAGES INCLUDING** |
| (626)577-8800 | **COVER: 3** |
| **PHONE NUMBER:** | **SENDER'S FAX NUMBER** |
| (626)795-9900 | 650-249-3429 |
| **RE:** | **SENDER'S TELEPHONE NUMBER:** |
| Subpoena dated 03-17-2008 | |

☐ URGENT    ☒ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY

**NOTES/COMMENTS:**

Subpoena dated 03-17-2008 (Internal Ref. No. 21699)

Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043



Tel: 650.253.3425
Fax: 650.249.3429
www.google.com

April 4, 2008

*Via Facsimile Only*
**(626)577-8800**

G. Warren Bleeker
Christie, Parker & Hale, LLP
350 W. Colorado Blvd.
Pasadena, CA 91109

**Re: CalCar Inc. and American CalCar, Inc. v. The California Cars Initiative, Inc and Felix Kramer. (Internal Ref. No. 63115-21699) and previous letter from Google dated 4/4/2008.**

Dear G. Warren Bleeker:

We have received your subpoena for deposition, dated 03-17-2008, in the above-referenced matter.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and all analogous rules under any applicable state law, Google Inc. ("Google"), which is not a party to the underlying action, responds and objects to the subpoena for deposition testimony and the deposition topics (the "Topics") for at least the following reasons.

1.   Google objects to the subpoena to appear for a deposition on the grounds that it imposes an undue burden on Google, a non-party, to appear as a witness.  Google also objects to the subpoena to appear for a deposition on the grounds that the information sought can be obtained through less burdensome means, including from the parties to the case.

2.   Google objects to the subpoena to appear for a deposition on the grounds it is vague, overbroad, duplicative, cumulative, unduly burdensome, and oppressive.  Google objects to the subpoena to appear for a deposition to the extent that the subpoena is abusively drawn and served for the purpose of annoying and harassing Google, a non-party.

3.   Google objects to the Topics to the extent they seek testimony that has been, or could be, obtained from any of the parties to the underlying litigation or by less burdensome means.

4.   Google objects to the Topics on the grounds that they impose an undue burden and demand that Google, a non-party, appear as a witness at its own expense.  To the extent that Google appears as a witness pursuant to the subpoena, Google shall only do so upon compensation for costs, including attorney fees, related to the deposition.

5.   Google objects to the Topics to the extent they seek testimony that contains, or may contain, trade secrets, or other confidential business or commercial information entitled to protection under applicable common law, statutes or rules.  Google objects to the extent that any Stipulated Protective Order entered in the case does not provide sufficient protection for the information sought from Google.

6.   Google objects to the Topics to the extent they seek testimony protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable



Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043

Tel: 650.253.3425
Fax: 650.249.3429
www.google.com

privilege or immunity.  To the extent that Google testifies in response to the Topics, Google will not testify as to anything protected by such privileges or immunities, and any inadvertent disclosure shall not be deemed to constitute a waiver of any such privilege or immunity.

7.    Google objects to the Topics to the extent they seek information that is not within Google's knowledge.

8.    Google objects to the Topics to the extent that they are vague, overbroad or unduly burdensome.

9.    Google objects to the Topics to the extent that they call for testimony that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible  evidence.

10.  Google objects to the Topics to the extent that it seek testimony or impose obligations beyond what is permissible under the Federal Rules of Civil Procedure or any applicable local rules.

11.  Google objects to the Topics to the extent they seek testimony concerning a large range of topics in only a short time frame for providing the testimony.  To the extent that Google appears as a witness pursuant to the subpoena, Google shall do so at a mutually agreeable time and place.

If you have any questions, please feel free to contact the Legal Investigations Support Department at LEGAL-COMPLIANCE@GOOGLE.COM.  Thank you.

Very truly yours,

Suzanne
Abbott
2008.04.04
12:53:18 -07'00'

Suzanne Abbott
Legal Investigations Support

Exhibit C

**cph | CHRISTIE | PARKER | HALE** LLP

Leaders in Intellectual Property Law & Complex Litigation

PASADENA OFFICE
350 W. Colorado Blvd., Suite 500
Pasadena, CA 91105
Post Office Box 7068
Pasadena, CA 91109-7068
E-mail: info@cph.com
Tel: (626) 795-9900 · Fax: (626) 577-8800

<u>Via Facsimile</u>

April 4, 2008

Suzanne Abbott
Google, Inc.
1600 Amphitheatre Parkway
Mountain View, CA 94043
Phone: 650-253-0000
Fax: 650-249-3429

James B. Christie    (1904-1959)
Robert L. Parker    (1920-1980)
C. Russell Hale    (1916-2004)

D. Bruce Prout
Walter G. Maxwell
David A. Dillard
Thomas J. Daly
Edward R. Schwartz
John D. Carpenter
Wesley W. Monroe
David A. Plumley
Gregory S. Lampert
Mark Garscia
Syed A. Hasan
Robert A. Green
Howard A. Kroll
Michael J. MacDermott
Anne Wang
Constantine Marantidis
Daniel M. Cavanagh
Gary J. Nelson
Raymond R. Tabandeh
Josephine E. Chang
Jun-Young E. Jeon
Brian K. Brookey
Tom H. Dao
David J. Steele
Gary S. Dukarich
Peter C. Hsueh
Oliver S. Bajracharya
Lauren E. Schneider
Saeid Mirsafian, Ph.D.*
Gabriel Fitch
Tiffany A. Parcher
Jonas J. Hodges
Steven E. Lauridsen
Patrick J. Orme
Nikki M. Dossman
Derek W. Yeung
G. Warren Bleeker
Jason C. Martone
Jeffrey T. Burgess
Uyen N. Tang
Joshua T. Chu
Anne F. Bradley
Joseph J. Mellema
Daniel L. Essig

**Patent Agent**
Brigitte C. Phan, Ph.D.

**Of Counsel**
Hayden A. Carney
Richard J. Ward, Jr.
Richard A. Wallen
Daniel R. Kimbell
Richard J. Paciulan**

*Admitted only in IL
**Admitted only in MA

**Re:** *Calcar, Inc. et al. v. The California Cars Initiative, Inc., et al.*;
CPH Ref. C685:100.1

Dear Ms. Abbott:

I have received your recent correspondence containing your boilerplate objections and acknowledgement of Google's receipt of the March 17, 2008 deposition subpoena. Service of objections more than 14 days after personal service, and the business day prior to the deposition date, does nothing to absolve Google from having to comply with the deposition subpoena. If Google did not intend to comply, it should have promptly filed a motion to quash the subpoena after it was personally served, instead of waiting 17 days and then sending boilerplate objections.

Based on your representation to me today that Google is refusing to comply with the subpoena and will not appear for deposition on Monday, April 7, I will not incur the costs of traveling to San Francisco for the deposition on Monday. However, please advise me immediately, and by no later than Monday, April 7, of alternate dates Google intends to make itself available for deposition, or if Google simply will not make itself available for deposition.

Be aware that by failing to appear for deposition on Monday, Google will be in contempt of Court pursuant to Fed. R. Civ. P. 45(e), and if Google fails to make itself available for deposition at all, Plaintiffs will promptly file an application for an order to show cause why a contempt citation should not issue and will seek all appropriate sanctions. This correspondence shall serve as Plaintiffs' request to meet and confer on this topic.

In addition, you represented to me earlier today that Google might be able to produce documents responsive to the business records subpoena sometime next week. Please provide me a date certain for service of responsive documents. Also,

Suzanne Abbott
Google, Inc.
April 4, 2008
Page 2

Plaintiffs request that you withdraw all objections based on confidentiality, given that a protective order is in place in this matter, a copy of which I faxed to you earlier today. This correspondence shall serve as Plaintiffs' request to meet and confer on these topics also.

Very truly yours,

G. Warren Bleeker

GWB PAS787972.1-*-04/4/08 3:46 PM

**cph** CHRISTIE | PARKER | HALE LLP
Leaders in Intellectual Property Law & Complex Litigation

# facsimile
## TRANSMITTAL

**Date:** April 4, 2008

**No. of Pages:** _3_ (including this cover sheet)

**Fax No.:** (650) 249-3429

## PLEASE DELIVER THE FOLLOWING PAGES IMMEDIATELY TO:

**Name:** Suzanne Abbott
Google, Inc.

**Phone:** (650) 253-0000

**Your Ref:**

**From:** G. Warren Bleeker

**Re:** Calcar, Inc. et al. v. The California Cars Initiative, Inc., et al.

**File:** C685:100.1

**Christie, Parker & Hale, LLP**
350 West Colorado Boulevard
Post Office Box 7068
Pasadena, CA 91109-7068
626-795-9900
Fax: 626-577-8800

**For Office Services Use Only**
**Return Fax to Sonia Casas**

## privileged and confidential

The information contained in this transmission is attorney-client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this communication in error, please notify us immediately by telephone collect, and return the original message to us at the above address via U.S. mail. We will reimburse you for postage. Thank you.

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                4762
RECIPIENT ADDRESS       916502493429
DESTINATION ID
ST. TIME                04/04 16:12
TIME USE                00'57
PAGES SENT              3
RESULT                  OK
```

# facsimile
## TRANSMITTAL

**Date:** April 4, 2008

**No. of Pages:** _3_ (including this cover sheet)

**Fax No.:** (650) 249-3429

### PLEASE DELIVER THE FOLLOWING PAGES IMMEDIATELY TO:

**Name:** Suzanne Abbott
Google, Inc.

**Phone:** (650) 253-0000

**Your Ref:**

**From:** G. Warren Bleeker

**Re:** Calcar, Inc. et al. v. The California Cars Initiative, Inc., et al.

**File:** C685:100.1

Exhibit D

1  Brian K. Brookey (SBN 149522)
   CHRISTIE, PARKER & HALE, LLP
2  350 West Colorado Boulevard, Suite 500
   Post Office Box 7068
3  Pasadena, CA 91109-7068
   Telephone: (626) 795-9900
4  Facsimile: (626) 577-8800
   Email: brian.brookey@cph.com

5
   Attorneys for Plaintiffs,
6  CALCAR, INC. and AMERICAN
   CALCAR, INC.

7
   William C. Rooklidge (SBN 134483)
8  HOWREY LLP
   4 Park Plaza, Suite 1700
9  Irvine, CA 92614-8557
   Telephone: (949) 721-6900
10 Facsimile: (949) 721-6910
   E-mail: rooklidgew@howrey.com
11 E-mail: hillr@howrey.com

12 Bobby A. Ghajar (SBN 198719)
   HOWREY LLP
13 550 South Hope Street, Suite 1100
   Los Angeles, CA 90071
14 Telephone: (213) 892-1800
   Facsimile: (213) 892-2300
15 E-mail: ghajarb@howrey.com

16 Attorneys for Defendants
   THE CALIFORNIA CARS INITIATIVE
17 and FELIX KRAMER

18            **UNITED STATES DISTRICT COURT**

19          **CENTRAL DISTRICT OF CALIFORNIA**

20                  **SOUTHERN DIVISION**

21 CALCAR, INC., a California corporation,   )   Case No. SACV 07-00723 AG (JWJx)
                                             )
22            Plaintiff,                     )   **STIPULATION OF PARTIES RE**
                                             )   **CONTINUANCE OF DISCOVERY**
23        vs.                                )   **AND MOTION CUT-OFF DATES**
                                             )   **[PROPOSED] ORDER**
24 THE CALIFORNIA CARS INITIATIVE,           )
   INC., an unknown business entity; and     )   [Hon. Andrew J. Guilford]
25 FELIX KRAMER, an individual,              )
                                             )   **TRIAL DATE: 7-15-08**
26            Defendants.                    )   **FINAL PRE-TRIAL CONF: 6-30-08**
                                             )
27 ────────────────────────────────────────

28

DM US:21126650_1

1        WHEREAS, the discovery cut-off date in this matter is presently set for April 15,
2 2008;

3        WHEREAS, the last day to hear a Motion for Summary Judgment in this matter
4 is presently May 26, 2008;

5        WHEREAS, all parties desire a continuance of these dates in order that they may
6 complete necessary discovery in this matter and prepare dispositive motions.

7        WHEREAS, the parties have not previously sought a continuance of such dates.

8        IT IS HEREBY STIPULATED by and between the parties hereto through their
9 respective attorneys of record as follows:

10     1.    The deposition discovery cut-off date shall be continued from April 8, 2008
11 to May 19, 2008 only for the purposes of accommodating the depositions and the
12 parties' schedules, as set forth below in Paragraphs 2-4.

13     2.    The following depositions will take place on the following dates:

14         a.    Felix Kramer, individually and as the 30(b)(6) representative of
15 Defendant, The California Cars Initiative, Inc. ("TCCI"), on April 3, 2008 in San
16 Francisco, California.  As Mr. Kramer is both an individual witness as well as the
17 30(b)(6) representative of Defendant, Plaintiff reserves the right to further depose Mr.
18 Kramer on a different day as necessary to complete the deposition.

19         b.    Third party Google, Inc. on April 7, 2008 in San Francisco,
20 California.

21         c.    Third party BMW on April 15, 2008 in New York City, New York.

22         d.    Alex Yip, individually and as the 30(b)(6) representative of
23 American Calcar, Inc. ("ACI"), on April 14, 2008 in New York City, New York.  As
24 Mr. Yip is both an individual witness as well as the 30(b)(6) representative of Plaintiff
25 ACI, Defendants reserve the right to further depose Mr. Yip on a different day as
26 necessary to complete the deposition.

27         e.    Karen Obradovich on April 22, 2008 in Irvine, California.

28

-1-

DM US:21126650 1

1       f.     Michael Obradovich, individually and as the 30(b)(6) representative

2 of Calcar, Inc. ("Calcar") on April 23, 2008 in Irvine, California. As Mr. Obradovich is

3 both an individual witness as well as the 30(b)(6) representative of Plaintiff Calcar, Inc.,

4 Defendants reserve the right to further depose Mr. Obradovich on a different day as

5 necessary to complete the deposition.

6      3.     Defendants agree to withdraw the deposition notice of Plaintiffs' employee,

7 Geraldine Metheny. In return Plaintiffs agree not to call Ms. Metheny as a witness at

8 trial, or otherwise present any testimony, including sworn declarations, from Ms.

9 Metheny at trial or in support of any motions or briefs to be filed by Plaintiffs.

10      4.     Plaintiffs and Defendants each reserve the right to additional time for any

11 witness, and to take the depositions of up to a total of four additional witnesses per side.

12      5.     The last day to have a motion for summary judgment, and/or a motion for

13 partial summary judgment, heard by the Court shall be June 9, 2008, or as soon

14 thereafter as the Court is available to hear such a motion if not available on June 9,

15 2008.

16 Dated: April 3, 2008            CHRISTIE, PARKER & HALE, LLP

17

18                          By _____

19                             Brian K. Brookey

20                     Attorneys for Plaintiffs
                            CALCAR, INC. and AMERICAN CALCAR,

21                     INC.

22

23 Dated: April 3, 2008            HOWREY LLP

24

25                          By _____

26                               William C. Rooklidge

27                     Attorneys for Defendants
                            THE CALIFORNIA CARS INITIATIVE and

28                     FELIX KRAMER

-2-

Exhibit E



**CHRISTIE | PARKER | HALE** LLP

Leaders in Intellectual Property Law & Complex Litigation

**PASADENA OFFICE**
350 W. Colorado Blvd., Suite 500
Pasadena, CA 91105
Post Office Box 7068
Pasadena, CA 91109-7068
E-mail: info@cph.com
Tel: (626) 795-9900 · Fax: (626) 577-8800

<u>Via Facsimile</u>

April 4, 2008

Suzanne Abbott
Google, Inc.
1600 Amphitheatre Parkway
Mountain View, CA 94043
Phone: 650-253-0000
Fax: 650-249-3429

**Re:**     *Calcar, Inc. et al. v. The California Cars Initiative, Inc., et al.;*
        **CPH Ref. C685:100.1**

Dear Ms. Abbott:

Thank you for speaking with me this morning. As you requested, enclosed is a copy of the protective order entered in this matter, which contains two tiers of protection for confidential information.

You represented to me during our phone call that Google might be able to produce the subpoenaed documents by next week. Google, however, is required by subpoena to produce a witness for deposition on Monday, April 7, 2008 and Plaintiffs Calcar, Inc. and American Calcar, Inc need to receive the requested documents from Google prior to the deposition. Plaintiffs therefore request that Google produce all responsive, non-privileged documents by today, as required by the business records subpoena.

Please have counsel for Google contact me today to confirm whether Google will produce all responsive, non-privileged documents by today and also to discuss the logistics and the identity of Google's deponent(s) for Monday's deposition.

Very truly yours,

*G. WaBbul*

G. Warren Bleeker

enclosure

James B. Christie   (1904-1959
Robert L. Parker   (1920-1980
C. Russell Hale   (1916-2004

D. Bruce Prout
Walter G. Maxwell
David A. Dillard
Thomas J. Daly
Edward R. Schwartz
John D. Carpenter
Wesley W. Monroe
David A. Plumley
Gregory S. Lampert
Mark Garscia
Syed A. Hasan
Robert A. Green
Howard A. Kroll
Michael J. MacDermott
Anne Wang
Constantine Marantidis
Daniel M. Cavanagh
Gary J. Nelson
Raymond R. Tabandeh
Josephine E. Chang
Jun-Young E. Jeon
Brian K. Brookey
Tom H. Dao
David J. Steele
Gary S. Dukarich
Peter C. Hsueh
Oliver S. Bajracharya
Lauren E. Schneider
Saeid Mirsafian, Ph.D.*
Gabriel Fitch
Tiffany A. Parcher
Jonas J. Hodges
Steven E. Lauridsen
Patrick J. Orme
Nikki M. Dossman
Derek W. Yeung
G. Warren Bleeker
Jason C. Martone
Jeffrey T. Burgess
Uyen N. Tang
Joshua T. Chu
Anne F. Bradley
Joseph J. Mellema
Daniel L. Essig

**Patent Agent**
Brigitte C. Phan, Ph.D.

**Of Counsel**
Hayden A. Carney
Richard J. Ward, Jr.
Richard A. Wallen
Daniel R. Kimbell
Richard J. Paciulan**

*Admitted only in IL
**Admitted only in MA

1  BRIAN K. BROOKEY, CA Bar No. 149522
   brian.brookey@cph.com
2  G. WARREN BLEEKER, CA Bar No. 210834
   warren.bleeker@cph.com
3  CHRISTIE, PARKER & HALE, LLP
   350 West Colorado Boulevard, Suite 500
4  Post Office Box 7068
   Pasadena, California 91109-7068
5  Telephone: (626) 795-9900
   Facsimile: (626) 577-8800
6
   
7  Attorneys for Plaintiff,
   CALCAR, INC. and AMERICAN
8  CALCAR, INC.

9  [Full List of Attorneys on the Signature Page]

10             UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12  CALCAR, INC., a California        Case No.  SACV07-723 AG (MLGx)
    corporation; and AMERICAN
13  CALCAR, INC., a Delaware corporation,
                                       STIPULATED PROTECTIVE
14              Plaintiffs,            ORDER

15       vs.

16  THE CALIFORNIA CARS
    INITIATIVE, INC., an unknown
17  business entity; and FELIX KRAMER,
    an individual,
18
                Defendants.
19

20

21       It is stipulated and agreed by and between counsel for Calcar, Inc. and

22  American Calcar Inc. ("Plaintiffs") on one hand, and counsel for The California

23  Cars Initiative, Inc. and Felix Kramer ("Defendants") on the other hand, that the

24  terms and conditions of this Stipulated Protective Order shall govern the handling

25  of documents, depositions, pleadings, exhibits and all other information

26  exchanged by the parties in this Action, or provided by or obtained from non-

27

28                              -1-

CHRISTIE, PARKER & HALE, LLP

DM_US:20970248_2

1  parties in this Action.

2

3                               **SCOPE**

4         1.    This Protective Order shall apply to all documents, depositions,

5  pleadings, exhibits and all other material or information subject to discovery in

6  this Action, including responses to requests for production of documents, answers

7  to interrogatories, responses to requests for admissions, deposition testimony,

8  expert testimony and reports, and all other discovery taken pursuant to the Federal

9  Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits,

10 matters in evidence and any other information used or disclosed at trial, hereafter

11 furnished, directly or indirectly, by or on behalf of any party, non-party or witness

12 in connection with this Action ("Discovery Material").

13        2.    As used herein, "Producing Party" shall refer to any party to this

14 Action and to any non-party who gives testimony or produces documents or other

15 information, and "Receiving Party" shall refer to any individual who receives, is

16 shown, or is exposed to material or information pursuant to this Protective Order.

17                            **DESIGNATION**

18        3.    Any Producing Party may designate Discovery Material as

19 "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY" in accordance with this

20 Protective Order. The burden of establishing that Discovery Material is

21 CONFIDENTIAL or ATTORNEYS' EYES ONLY as defined herein shall be on

22 the Producing Party. The designation of any Discovery Information as

23 CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be deemed effective

24 unless and until the Court orders otherwise or the Producing Party withdraws the

25 designation.

26        4.    Discovery Material falling into one or more of the following

27 categories may be designated as CONFIDENTIAL: information (regardless of

28                                  -2-

1    how generated, stored or maintained) or tangible things that qualify for protection

2    under standards developed under Fed. R. Civ. P. 26(c) which shall only be

3    disclosed to the parties to this litigation and their respective counsel, as set forth

4    in paragraph 13 below.  Such information should fall into one or more of the

5    following categories: (i) sales, marketing, or product or service development

6    strategies, tactics or plans; (ii) financial data; (iii) costs of doing business; (iv)

7    customer lists; (v) business agreements and contracts; (vi) licensing negotiations

8    and agreements; and (vii) third-party documents covered by an obligation of

9    confidentiality.

10       5.    Discovery Material falling into one or more of the following

11    categories may be designated as HIGHLY CONFIDENTIAL -- ATTORNEYS'

12    EYES ONLY: information (regardless of how generated, stored or maintained) or

13    tangible things that are extremely sensitive -- such as trade secrets or highly

14    sensitive business or product expansion plans or developments -- and whose

15    disclosure to any person other than the parties' respective outside counsel

16    (including any future outside counsel), as set forth in paragraph 14 below, would

17    create a substantial risk of serious injury that could not be avoided by less

18    restrictive means.

19       6.    The Producing Party may designate documents or other Discovery

20    Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY by placing either

21    of the following legends (or similar legends) on the document or thing:

22    CONFIDENTIAL - Civil Action No. 07-723 AG (MLGx) or ATTORNEYS'

23    EYES ONLY - Civil Action No. 07-723 AG (MLGx) provided, however, that in

24    the event that original documents are produced for inspection, the Receiving

25    Party and Producing Party shall agree jointly upon a mechanism to place the

26    appropriate legend on the documents in the copying process. CONFIDENTIAL or

27    ATTORNEYS' EYES ONLY materials shall not include any document,

28

-3-

1    information or other materials that (a) are, at the time of disclosure, in the public

2    domain by publication or otherwise through no fault of the Receiving Party or, (b)

3    are not under law entitled to be treated as confidential.

4         7.    Any party or non-party may designate discovery requests or

5    responses (and the information contained therein) as CONFIDENTIAL or as

6    ATTORNEYS' EYES ONLY by placing either of the following legends (or

7    similar legends) on the face of any such document:

8         "Contains CONFIDENTIAL information. Designated parts not to be used,

9    copied or disclosed except as authorized by Court Order or the party or parties

10   whose CONFIDENTIAL information is included";

11        or

12        "Contains ATTORNEYS' EYES ONLY information. Designated parts not

13   to be used, copied or disclosed except as authorized by Court Order or the party

14   or parties whose ATTORNEYS' EYES ONLY information is included."

15        In the case of discovery requests or responses, a statement must also be

16   included within the document specifying the portion(s) thereof designated as

17   CONFIDENTIAL or as ATTORNEYS' EYES ONLY and the face of the

18   document and those pages containing CONFIDENTIAL or ATTORNEYS' EYES

19   ONLY information shall be so designated.

20        8.    Any party or non-party may designate depositions and other

21   testimony (including exhibits) as CONFIDENTIAL or as ATTORNEYS' EYES

22   ONLY by stating on the record at the time the testimony is given that the entire

23   testimony or portions thereof shall be designated as CONFIDENTIAL or as

24   ATTORNEYS'  EYES  ONLY.    If  entire  testimony  is  designated

25   CONFIDENTIAL or ATTORNEYS' EYES ONLY, and the designating party

26   later determines that only portions of the previously designated testimony should

27   be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, the designating

28                                    -4-

DM_US:20970248_2

1    party shall, within 30 days of receipt of the transcript, de-designate those portions

2    of the transcript that should not be designated as CONFIDENTIAL or

3    ATTORNEYS' EYES ONLY. In addition, a party may designate information

4    disclosed at such deposition as CONFIDENTIAL or ATTORNEYS' EYES

5    ONLY by notifying all of the parties in writing within fifteen (15) days of receipt

6    of the transcript, of the specific pages and lines of the transcript which should be

7    treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The following

8    legends (or similar legends) shall be placed on the front of any deposition

9    transcript (and, if videotaped, any copies of the videotape) containing

10   CONFIDENTIAL or ATTORNEYS' EYES ONLY information:

11        "Contains CONFIDENTIAL information. Designated parts not to be used,

12   copied or disclosed except as authorized by Court Order or the party or parties

13   whose CONFIDENTIAL information is included";

14        or

15        "Contains ATTORNEYS', EYES ONLY information. Designated parts not

16   to be used, copied or disclosed except as authorized by Court Order or the party

17   or parties whose ATTORNEYS' EYES ONLY information is included."

18        9.    Subject to any overriding rules imposed by the Court in this Action,

19   all CONFIDENTIAL or ATTORNEYS' EYES ONLY material, or an excerpt,

20   reproduction or paraphrase thereof, filed with the Court shall be filed under seal

21   in accordance with Local Civil Rule 79-5. The Producing Party bears the burden

22   of proof to establish that the designated information should be filed under seal.

23   Where a moving party files and serves a written application to file

24   CONFIDENTIAL or ATTORNEYS' EYES ONLY information under seal, and

25   the moving party did not designate that information as CONFIDENTIAL OR

26   ATTORNEYS' EYES ONLY, the Producing Party may, within 5 court days from

27   the date that the moving party files its application, file and serve supplemental

28

-5-

CHRISTIE, PARKER & HALE, LLP

DM_US:20970248_2

1    papers supporting the Producing Party's contention that the information should

2    remain under seal. If the Court grants a party permission to file an item under

3    seal, a duplicate disclosing all non-confidential information shall be filed and

4    made a part of the public record. The item shall be redacted to eliminate

5    confidential material from the document. The document shall be titled to show

6    that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed

7    Declaration of John Smith in Support of Motion for Summary Judgment." The

8    sealed and redacted documents shall be filed simultaneously.

9                                  **USE**

10      10. All Discovery Material produced in this case, including Discovery

11    Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be

12    used only in preparation for, and in, the trial of this Action or any appeal

13    therefrom and cannot be used for any other purpose including, but not limited to,

14    any other litigation, arbitration or claim. Nothing in this Protective Order shall

15    preclude a Producing Party from using or disseminating its own

16    CONFIDENTIAL or ATTORNEYS' EYES ONLY material.

17      11. All material designated CONFIDENTIAL or ATTORNEYS' EYES

18    ONLY shall be protected from disclosure as specified herein, unless a party

19    obtains an Order of the Court declaring that all or certain portions of such

20    Discovery Material are not, in fact, protected.

21      12. Third parties may (i) designate deposition transcripts of their

22    witnesses and any documents or information they produce, whether voluntarily or

23    by subpoena, CONFIDENTIAL or ATTORNEYS' EYES ONLY to the same

24    extent and in the same manner as parties to this Action and any such materials

25    and information shall be treated by the parties to this Action in the same manner

26    as materials and information so designated by a party, and (ii) intervene in this

27    Action to enforce the provisions of this Protective Order as if they were a party.

28                                  -6-

CHRISTIE, PARKER & HALE, LLP    DM_US:20970248_2

1    **DISCLOSURE**

2    13.    Unless otherwise directed by the Court or authorized in writing by

3    the Producing Party, Discovery Material designated as CONFIDENTIAL may be

4    disclosed by the Receiving Party only to the following persons:

5    (a)    any "outside" attorney of record in this Action (including

6    attorneys employed by firms of record but not otherwise identified specifically on

7    pleadings, and the parties agree to identify those outside attorneys on request if

8    not identified specifically on pleadings);

9    (b)    support personnel for attorneys listed in sub-paragraph (a)

10   above, including law clerks, analysts, paralegals, interpreters, translators,

11   secretaries, and clerical staff employed by any attorney identified in sub-

12   paragraph (a) and assisting in connection with this Action;

13   (c)    any outside expert or consultant who is expressly retained or

14   sought to be retained by any attorney described in sub-paragraph (a) to assist in

15   the preparation of this Action for trial, with disclosure only to the extent

16   necessary to perform such work;

17   (d)    no more than two designated persons representing each Party

18   (including persons employed by affiliates) with whom counsel find it necessary to

19   consult, in the discretion of such counsel, in preparation for trial in this Action;

20   (e)    any non-party interpreter, translator, or court or other

21   shorthand reporter, videographer or typist translating, recording or transcribing

22   testimony and who is not an employee of a Party or an employee of an affiliate of

23   a Party;

24   (f)    service contractors (such as document copy services), jury

25   consultants and graphic artists;

26   (g)    any person who authored and/or was an identified original

27   recipient of the particular CONFIDENTIAL material sought to be disclosed to

28   -7-

CHRISTIE, PARKER & HALE, LLP        DM_US:20970248_2

1    that person, or any deponent where the examining attorney has a good faith basis
2    to believe the deponent is aware of the particular CONFIDENTIAL material
3    sought to be disclosed;

4          (h)    personnel of the Court, including Mediators (and their
5    assistants) assigned by the Court and all appropriate courts of appellate
6    jurisdiction; and

7          (i)    any person agreed to by the Producing Party in writing.

8        CONFIDENTIAL material shall not be disclosed to persons described in
9    paragraphs 13 (b), (c), (d), (e) (with respect to non-party interpreters or
10   translators), (f), (g) (with respect to any deponent when the examining attorney
11   has a good faith basis to believe the deponent is aware of the particular
12   ATTORNEYS' EYES ONLY material) or (i), unless and until such person has
13   executed the affidavit in the form attached as Exhibit A. CONFIDENTIAL
14   material shall not be disclosed to any person unless such person is authorized to
15   receive CONFIDENTIAL material pursuant to Paragraphs 13 and 15 of this
16   Protective Order.

17       14.    Unless otherwise directed by the Court or authorized in writing by
18   the Producing Party, Discovery Material designated as ATTORNEYS' EYES
19   ONLY may be disclosed by the Receiving Party only to the following persons:

20         (a)    any "outside" attorney of record in this Action (including
21   attorneys employed by firms of record but not otherwise identified specifically on
22   pleadings and the parties agree to identify those outside attorneys on request if not
23   identified specifically on pleadings);

24         (b)    support personnel for attorneys listed in sub-paragraph (a)
25   above, including law clerks, analysts, paralegals, secretaries, interpreters,
26   translators, and clerical staff employed by any attorney identified in sub-
27   paragraph (a) and assisting in connection with this Action;

28

CHRISTIE, PARKER & HALE, LLP
DM_US:20970248_2

1             (c)    any outside expert or consultant who is expressly retained or

2   sought to be retained by any attorney described in sub-paragraph (a) to assist in

3   the preparation of this Action for trial, with disclosure only to the extent

4   necessary to perform such work;

5             (d)    any non-party interpreter, translator, or court or other

6   shorthand reporter, videographer or typist translating, recording or transcribing

7   testimony and who is not an employee of a Party or an employee of an affiliate of

8   a Party;

9             (e)    service contractors (such as document copy services), jury

10   consultants and graphic artists;

11             (f)    any person who authored and/or was an identified original

12   recipient of the particular ATTORNEYS' EYES ONLY material sought to be

13   disclosed to that person or any deponent when the examining attorney has a good

14   faith basis to believe the deponent is aware of the particular ATTORNEYS'

15   EYES ONLY material sought to be disclosed;

16             (g)    personnel of the Court and all appropriate courts of appellate

17   jurisdiction; and

18             (h)    any person agreed to by the Producing Party in writing.

19         ATTORNEYS' EYES ONLY material shall not be disclosed to

20   persons described in paragraphs 14 (b), (c), (d) (with respect to non-party

21   interpreters or translators), (e), (f) (with respect to any deponent when the

22   examining attorney has a good faith basis to believe the deponent is aware of the

23   particular ATTORNEYS' EYES ONLY material) or (h), unless and until such

24   person has executed the affidavit in the form attached as Exhibit A.

25   ATTORNEYS' EYES ONLY material shall not be disclosed to any person unless

26   such person is authorized to receive ATTORNEYS' EYES ONLY material

27   pursuant to Paragraphs 15 and 16 of this Protective Order.

28

-9-

15. At least seven (7) days before the disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY material of the Producing Party is made to an individual above in Paragraph 13, sub-paragraphs (c), (d) or (i) or Paragraph 14, sub-paragraphs (c), or (h), and where that individual is either (1) employed in the automotive industry, other than solely as a litigation expert or consultant (including survey experts and academics retained as expert witnesses), or (2) currently involved in providing goods and services to the automotive industry, other than solely as a litigation expert or consultant (including survey experts and academics retained as expert witnesses), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of all consulting agreements or arrangements that said individual may have entered into during the past five (5) years. The list should disclose the name and address of each such entity for which consulting work is being, or has been, performed, and the subject matter of that consulting work. If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and any such information that is not deemed proprietary shall be disclosed. Such notice shall be accompanied by an executed acknowledgment from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. In the event that said individual enters into any subsequent consulting agreements or arrangements during the course of this litigation, the Receiving Party shall promptly notify the Producing Party of such agreements or arrangements. The

-10-

1    Producing Party shall state any objections to the proposed disclosure of

2    CONFIDENTIAL or ATTORNEYS' EYES ONLY information to any individual

3    described in Paragraph 13, sub-paragraphs (c), (d), or (i) or Paragraph 14, sub-

4    paragraphs (c), or (h), and state the reasons therefore in writing to the Receiving

5    Party within six (6) days of receipt of the Notice. Upon the making of any such

6    objection(s), the Producing Party shall have ten (10) days (or any additional time

7    which may be agreed upon by the parties or granted by the Court) from sending

8    its objection(s) in which to challenge, by filing an expedited motion, the

9    disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information.

10   Unless the Producing Party objects to the disclosure and files an expedited motion

11   in accordance with the Notice and timing provisions of this Paragraph 15 and

12   Paragraph 29, the Producing Party waives its right to challenge the disclosure of

13   CONFIDENTIAL or ATTORNEYS' EYES ONLY information to the identified

14   individual(s), and the individual identified in the Notice shall be considered a

15   qualified recipient of CONFIDENTIAL or ATTORNEYS' EYES ONLY material

16   under the terms of this Protective Order. Should the Producing Party properly

17   object and file its expedited motion, CONFIDENTIAL or ATTORNEYS' EYES

18   ONLY material will not be disclosed pending resolution of the expedited motion.

19   Before the disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY

20   material of the Producing Party is made to an individual described above in

21   Paragraph 13, sub-paragraphs (c), (d) or (i), or Paragraph 14, sub-paragraphs (c)

22   or (h), an attorney for the Receiving Party shall obtain from each such person an

23   executed copy of the affidavit attached as Exhibit A and shall thereafter retain

24   such executed affidavits at least until the Termination of this Action (defined

25   below).

26        16.    The recipient of any CONFIDENTIAL or ATTORNEYS' EYES

27   ONLY material that is provided under this Protective Order shall maintain such

28                                          -11-

1    information in a secure and safe area and shall exercise the same standard of due

2    and proper care with respect to the storage, custody, use and/or dissemination of

3    such information as is exercised by the recipient with respect to its own

4    proprietary information.

5                              **EXEMPTED MATERIALS**

6         17.    None of the provisions of this Protective Order shall apply to the

7    following categories of documents and information, and any party may seek to

8    remove the restrictions set forth herein on the ground that information designated

9    as CONFIDENTIAL or ATTORNEYS' EYES ONLY has/had been:

10             (a)    in the public domain at the time of its production hereunder;

11             (b)    in the public domain after the time of its production through

12   no act, or failure to act, on behalf of the Receiving Party, its counsel,

13   representatives or experts;

14        The parties will use their best efforts to resolve any dispute under this

15   Paragraph 17, before involving the Court.

16        18.    None of the limitations on disclosure of this Protective Order shall

17   apply to the following category of documents and information, and any party may

18   seek to remove the restrictions set forth herein on the ground that:

19             (a)    information designated CONFIDENTIAL or ATTORNEYS'

20   EYES ONLY does not fall within the definitions of "CONFIDENTIAL" or

21   "ATTORNEYS' EYES ONLY" set forth in Paragraphs 4, 5 and 6 above.

22        The Producing Party shall have the burden of proof of establishing that

23   Discovery Material challenged under this Paragraph 18 constitutes

24   CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material as defined

25   in Paragraphs 4, 5 and 6.

26                    **INADVERTENT PRODUCTION/DESIGNATION**

27        19.    The inadvertent production of documents subject to the attorney-

28                                         -12-

1    client privilege or the attorney work-product doctrine will not waive the attorney-

2    client privilege or the attorney work-product doctrine. In addition, the fact that a

3    document was inadvertently produced shall not be used in any manner or

4    evidence in support of any such alleged waiver. Upon a request from a party that

5    has inadvertently produced any document which it believes may be subject to the

6    attorney-client privilege or attorney work-product doctrine, each party receiving

7    said document shall return it and all copies within three (3) business days to the

8    Producing Party.    Nothing herein shall prevent the Receiving Party from

9    preparing a record for its own use containing the date, author, address(es), and

10   topic of the document and such other information as is reasonably necessary to

11   identify the document and describe its nature to the Court in any motion to

12   compel production of the document. Such a record of the identity and nature of a

13   document may not be used for any purpose other than preparation of a motion to

14   compel in this Action. After the return of the document(s), the Receiving Party

15   may challenge the Producing Party's claim(s) of privilege or work-product by

16   making a motion to the Court.

17       20.    The inadvertent failure by a party to designate Discovery Material as

18   CONFIDENTIAL or as ATTORNEYS' EYES ONLY shall not be a waiver of

19   such designation provided that the party who fails to make such designation

20   informs the Receiving Party that such Discovery Material is CONFIDENTIAL or

21   ATTORNEYS' EYES ONLY within seven (7) days from when the failure to

22   designate first became known to the Producing Party. The party receiving

23   Discovery Material that the Producing Party inadvertently failed to designate as

24   CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be in breach of this

25   Order for any use made of such Discovery Material before the Receiving Party is

26   informed of the inadvertent failure to designate. Once the Receiving Party has

27   been informed of the inadvertent failure to designate pursuant to this Paragraph

28

-13-

20, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under Paragraphs 13 through 16 of this Protective Order. If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph 20, to the extent possible, the information and/or data will be expunged and not used, or used only to the extent allowed under this Protective Order pursuant to its new confidentiality designation.

21.    In the event of disclosure of Discovery Materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## USE IN COURTROOM PROCEEDINGS

22.    In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY material is to be used in any court proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction, and in ~~any event, it shall not lose its confidential status through such use,~~ and the parties shall take all steps reasonably required to protect its confidentiality during such use. *The disclosure status of any evidence presented in a public court proceeding shall be determined by the Court.*

-14-

CHRISTIE, PARKER & HALE, LLP

DM_US:20970248_2

1

2   **<u>OBJECTION TO DESIGNATIONS</u>**

3      23.    Any party may object to the designation by the Producing Party of

4   any material as CONFIDENTIAL or as ATTORNEYS' EYES ONLY. The

5   process for making such an objection and for resolving the dispute shall be as

6   follows:

7             (a)    The objecting party shall notify the Producing Party in writing

8   as to its objection(s) to the designations. This notice shall include, at a minimum,

9   a specific identification of the designated material objected to as well as the

10  reason(s) for the objection.

11            (b)    The objecting party shall thereafter have the burden of

12  conferring either in person or by telephone with the Producing Party claiming

13  protection (as well as any other interested party) in a good faith effort to resolve

14  the dispute.

15            (c)    Failing agreement, the objecting party may bring a noticed

16  motion to the Court for a ruling that the Discovery Material sought to be

17  protected is not entitled to such designation. The Producing Party bears the

18  burden to establish that the Discovery Material is CONFIDENTIAL or

19  ATTORNEYS' EYES ONLY and entitled to such protection under this Protective

20  Order.

21            Notwithstanding any such challenge to the designation of material as

22  CONFIDENTIAL or ATTORNEYS' EYES ONLY, all such material so

23  designated shall be treated as such and shall be subject to the provisions of this

24  Protective Order until one of the following occurs: (a) the party who designated

25  the material as CONFIDENTIAL or ATTORNEYS' EYES ONLY withdraws

26  such designation in writing, or (b) the Court rules that the designation is not

27  proper and that the designation be removed.

28                                    -15-

CHRISTIE, PARKER & HALE, LLP   DM_US:20970248_2

## RETURN/DESTRUCTION OF MATERIALS

24.    Not later than sixty (60) days after the Termination of this Action (defined below) all CONFIDENTIAL or ATTORNEYS' EYES ONLY material, including all copies and derivative works thereof, shall be returned to the Producing Party or, with advance written consent of the Producing Party, destroyed. The party receiving any CONFIDENTIAL or ATTORNEYS' EYES ONLY material shall certify in writing that all such material, including CONFIDENTIAL or ATTORNEYS' EYES ONLY material disclosed hereunder, has been returned or destroyed. *The Court and its personnel are not subject to this provision.* *JWJ*

## MISCELLANEOUS PROVISIONS

25.    This stipulated Protective Order shall not prevent a party from seeking additional protection of information for which the protection of this Protective Order is not believed by such party to be adequate.    The parties, however, may not withhold the production of information solely on the basis of a confidentiality objection once this Order is effective.  If a party wishes to seek additional protections beyond those contained within this Protective Order, the burden is on that party to file a motion with the Court seeking such additional protections.

26.    The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

27.    If at any time CONFIDENTIAL or ATTORNEYS' EYES ONLY material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such

-16-

1   CONFIDENTIAL or ATTORNEYS' EYES ONLY material and shall provide

2   each such party with an opportunity to object to the production of

3   CONFIDENTIAL or ATTORNEYS' EYES ONLY materials. If the Producing

4   Party does not move for a protective order within ten (10) days of the date written

5   notice is given, the party to whom the referenced subpoena is directed may

6   produce, on or after the date set for production in the subpoena but not prior to the

7   end of the ten (10) day notice period, such material in response thereto.

8       28.    Counsel for any party to this Protective Order shall have the right to

9   exclude from depositions, other than the deponent and the reporter, any person

10  who is not authorized under this Protective Order to receive materials or

11  information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

12  Such right of exclusion shall be applicable only during periods of examination or

13  testimony directed to CONFIDENTIAL or ATTORNEYS' EYES ONLY

14  material.

15      29.    All notices required by any paragraphs of this Protective Order are to

16  be made by facsimile or electronic mail to counsel representing the noticed party.

17  The date by which a party receiving notice shall respond or otherwise take action

18  shall be computed from the date of receipt of the notice.

19          Any of the notice requirements herein may be waived in whole or in

20  part, but only in a writing signed by an attorney for the Producing Party.  All

21  specified time periods are in calendar days unless otherwise indicated.

22      30.    Nothing in this Protective Order shall bar or otherwise restrict

23  counsel from rendering advice to his or her client with respect to this Action and,

24  in the course thereof, relying in a general way upon his or her examination of

25  CONFIDENTIAL or ATTORNEYS' EYES ONLY material produced or

26  exchanged in this Action; provided, however, that in rendering such advice and in

27  otherwise communicating with his or her client, the attorney shall not disclose the

28                                      -17-

1    content of CONFIDENTIAL or ATTORNEYS' EYES ONLY material produced

2    by any other party or non-party.

3        31.    Execution of this Protective Order shall not constitute a waiver of the

4    right of any party to claim in this Action or otherwise that any documents, or any

5    portion thereof, are privileged or otherwise non-discoverable, or are not

6    admissible in evidence in this Action or any other proceeding.

7        32.    All persons receiving CONFIDENTIAL or ATTORNEYS' EYES

8    ONLY materials are enjoined from producing them to any other persons, except

9    in conformance with this Protective Order.   Each individual who receives

10    CONFIDENTIAL or ATTORNEYS' EYES ONLY material agrees to subject

11    himself/herself to the jurisdiction of this Court for the purpose of any proceedings

12    relating to the performance under, compliance with, or violation of this Protective

13    Order.

14        33    For purposes of this Protective Order, "Termination of this Action"

15    is defined to mean the exhaustion of all appeals from orders and final judgments

16    in this Action or the settlement of this Action by the parties.

17        34.    The parties agree that the terms of this Protective Order shall survive

18    and remain in effect after the Termination of this Action. ~~The Court shall retain~~

19    ~~jurisdiction to hear disputes arising out of this Protective Order.~~

20        35.    Any party may move at any time to modify the terms of this

21    Protective Order.   A party seeking to modify this Protective Order shall request

22    only the minimum modification as is reasonably necessary to address the grounds

23    upon which its motion to modify is based.

24        36.    Any headings used in this Protective Order are for reference purpose

25    only and are not to be used to construe or limit the meaning of any provision.

26        37.    This Protective Order may be executed in any number of

27    counterparts, all of which upon completed execution thereof by all parties,

28                              -18-

1   collectively shall be deemed to constitute one original.

2       IT IS SO STIPULATED.

3

4   DATED: February 20, 2008          CHRISTIE, PARKER & HALE, LLP

5                                     By
6                                     Brain K. Brookey, (SBN 149522)
                                      brian.brookey@cph.com
7                                     G. Warren Bleeker, (SBN 210834)
                                      warren.bleeker@cph.com
8                                     CHRISTIE, PARKER & HALE, LLP
                                      350 West Colorado Boulevard, Suite
9                                     500
                                      Post Office Box 7068
10                                    Pasadena, California 91109-7068
                                      Telephone: (626) 795-9900
11                                    Facsimile: (626) 577-8800

12                                    Attorneys for Plaintiff,
                                      CALCAR, INC. and AMERICAN
13                                    CALCAR, INC.

14

15  DATED: February 14, 2008          HOWREY LLP

16                                    By
17                                    William C. Rooklidge (SBN 134483)
                                      HOWREY LLP
18                                    2020 Main Street, Suite 1000
                                      Irvine, CA 92614-8200
19                                    Telephone: (949) 721-6900
                                      Facsimile: (949) 721-6910
20                                    E-mail: rooklidgew@howrey.com

21                                    Bobby A. Ghajar (SBN 198719)
                                      Joshua A. Burt (SBN 222302)
22                                    HOWREY LLP
                                      550 South Hope Street, Suite 1100
23                                    Los Angeles, California 90071
                                      Telephone: (213) 892-1800
24                                    Facsimile: (213) 892-2300
                                      E-mail: ghajarb@howrey.com
25                                    E-mail: burtj@howrey.com

26                                    Attorneys for Defendants
                                      The California Cars Initiative, Inc. and
27                                    Felix Kramer

28                                    -19-

IT IS SO ORDERED.
DATED: February 26, 2008

UNITED STATES MAGISTRATE JUDGE

CHRISTIE, PARKER & HALE, LLP          DM

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO                4756
RECIPIENT ADDRESS       916502493429
DESTINATION ID
ST. TIME                04/04 11:45
TIME USE                06'37
PAGES SENT               21
RESULT                  OK
```

# facsimile
## TRANSMITTAL

**Date:** April 4, 2008

**No. of Pages:** 21 (including this cover sheet)

**Fax No.:** (650) 249-3429

### PLEASE DELIVER THE FOLLOWING PAGES IMMEDIATELY TO:

**Name:** Suzanne Abbott
Google, Inc.

**Phone:** (650) 253-0000

**Your Ref:**

**From:** G. Warren Bleeker

**Re:** Calcar, Inc. et al. v. The California Cars Initiative, Inc., et al.

**File:** C685:100.1

# facsimile
# TRANSMITTAL

**Date:** April 4, 2008

**No. of Pages:** 21 (including this cover sheet)

**Fax No.:** (650) 249-3429

## PLEASE DELIVER THE FOLLOWING PAGES IMMEDIATELY TO:

**Name:** Suzanne Abbott
Google, Inc.

**Phone:** (650) 253-0000

**Your Ref:**

**From:** G. Warren Bleeker

**Re:** Calcar, Inc. et al. v. The California Cars Initiative, Inc., et al.

**File:** C685:100.1

**Christie, Parker & Hale, LLP**
350 West Colorado Boulevard
Post Office Box 7068
Pasadena, CA 91109-7068
626-795-9900
Fax: 626-577-8800

**For Office Services Use Only**
**Return Fax to Sonia Casas**

## privileged and confidential

*The information contained in this transmission is attorney-client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this communication in error, please notify us immediately by telephone collect, and return the original message to us at the above address via U.S. mail. We will reimburse you for postage. Thank you.*

Exhibit F

**From:**    Felix Kramer, CalCars
**To:** Kirsten Olsen, Google.org
**Date:** 2/25/07
**Re:**     CalCars Due Diligence Report

As we discuss at http://www.calcars.org/sponsor.html, The California Cars Initiative (CalCars) is a fiscal agent of our fiscal sponsor -- we are a Project of the International Humanities Center (IHC) -- see its IRS "Letter of Determination" as a 501(c)(3). Some of our organizational categories belong to IHC; we plan to incorporate as an independent non-profit in the near-term future.

Some of the material that follows is derived from the "Calcars Expansion Plan to Speed PHEV Commercialization proposal (calcars-policy-budget-23jan07.doc) that, most recently, was the basis for our request for support.

### Research/Background into Organization

1. EIN : 33-0767921 (IHC)

2. Board of Directors (include bios)

## International Humanities Center Board of Directors -- see http://www.ihcenter.org

**Catherine Carroll,** (Financial Director of IHCenter) co-founding director of the Renaissance Foundation; dedicated to empowering people and projects; accounting and tax preparation industries; tax planning, money management, and estate planning. Her insights show others how to minimize income and estate taxes to expand the possibilities for change at a grass-root as well as corporate level.

**Timothy Hall,** two tours in Vietnam earning him a Bronze Star and other medals; founder of Eco Ranchos, a company based in the US and Mexico dedicated to environmentally sound agriculture supporting sustainable communities; reintroduced the native amaranth grain to regions of Mexico as well as spearheaded pioneering efforts in the fig industry; co-founder of Paulownia International Ltd. that meets the agricultural, commercial, environmental, and social needs of regions in Mexico through development of widespread use of the Paulownia tree for the international plywood market.

**Katherine O'Flahtery,** former systems analyst and training manager with Fingerhut Corporation; quality assurance troubleshooter for Wal-Mart Logistics; currently applies skills and expertise to streamline educational processes to high levels of efficiency and understanding in personal health, lifestyle, and well being; fully dedicating her life and livelihood to the health and well being of all persons seeking education and self empowerment through natural health care; currently enrolled in the certification program with Tree of Light Institute.

**Dave Sanders,** (Operations Director of IHCenter) research and development in sustainable technologies; active in organic farming, sustainable forestry, eco-responsible construction systems, and renewable energy generation; past president of an international nutritional products company and owned several for-profit ventures; holds a distant background of seventeen years in administrative and engineering positions with government contractors such as GE-Nuclear, a Department of Energy contractor, and FMC, a Department of Defense contractor; has since reversed his course fifteen years ago applying his body, mind, and spirit to the development and integration of sustainable living systems and the deployment of ecologically responsible development.

**Steven Sugarman,** M.A. in Research Psychology (Executive Director of IHCenter); former

Executive Director of the Social & Environmental Entrepreneurs (SEE); Co-Founder, Bolsa Chica Stewardship Group; author of The Blueprint for Planetary Evolution, as well as an avid creator of conceptual statistical methods that are translated into games of strategy and probability.

**David Michael Tanner,** alchemic formulating, research and development of alchemic mineral, herbal, and essential oil formulas as well as other organic and inorganic substances; strong background in business administration and marketing; owned and managed two R&D laboratories; served as executive vice president to two international natural health product companies; currently working with Tree of Light Publishing, a distributor of herbal training, health education, and natural health products aligned with natural, healthful ways of living.

## CalCars Key Advisors (from http://www.calcars.org/about.html

**Dave Bagshaw,** Senior Advisor, an entrepreneur with a background both in technical engineering and business, former CEO of Shutterfly and a senior executive at Excite@Home, @Home Networks and the early Silicon Graphics. See announcement at the CalCars-News Archive.

**Gail Slocum,** Senior Advisor, former Mayor, Menlo Park and Regulatory Attorney at Pacific Gas and Electric Company.

**Andy Frank,** Director, advanced hybrid vehicle research center (which has built 9 plug-in hybrid proof-of-concept vehicles), Professor, University of California at Davis; see a 2003 interview in EVWorld, parr 1 and part 2 and a 2006 Wall Street Journal profile.

**Daniel M. Kammen,** Director, Renewable and Appropriate Energy Laboratory, Professor, UC Berkeley, leading expert on renewable energy and climate change mitigation policy. His recent studies on ethanol have reversed decades of thinking on manufacturing efficiencies and proved ethanol's positive balance.

**Paul Scott,** Santa Monica-based electric vehicle owner, Co-Founder of Plug In America, works in the visual effects industry on feature films, and represents Energy Efficiency Solar for commercial and residential photovoltaic cell installations in Southern California.

**Sven Thesen,** electric utility analyst, chemical/environmental engineer, new parent

3. Officers (include bios)-Full-time intermittently-paid staff

**Founder Felix Kramer** is a marketing strategist and communicator with an entrepreneurial track record with startups; in the environmental realm, he has managed major events and run campaigns and organizations. After founding, running and selling a small Internet company, since 2001 he has volunteered his time to CalCars. See Kramer Communications and Felix Kramer Bio, his Feb. 14, 2005 OpEd on global warming, *Kyoto and Beyond*, and Power, Plugs and People, his blog.

**Ron Gremban, Technology Development Lead** and electrical and software engineer involved in sales of solar energy systems, has long experience with electric cars -- he helped design and drive the Caltech entry in the transcontinental 1968 Great Electric Car Race. See his not-recently-updated bio.

*calcars-google-due-diligence25feb07.doc*     *Page 3 of 5*

4. Identity of key funders and amounts (top 10) Totals from Jan. 2006-Jan. 2007

| Amount | Donor |
|---|---|
| $194,664.69 | Carl Berg/Mission West |
| $92,561.40 | Carl B Page |
| $20,000.00 | Anonymous donor |
| $10,000.00 | Lori Park |
| $10,000.00 | Pacific Gas and Electric Company |
| $9,000.00 | Severns Family Foundation |
| $5,000.00 | Cypress Semiconductor Corp |
| $5,000.00 | Dawson Family Fund |
| $5,000.00 | Novellus Systems Inc |
| $5,000.00 | The Kathryn/Paul Miller Family Fund |
| 356,226.09 | **Total Top 11** |
| 156,123.52 | Additional donations |
| **$512,349.61** | **TOTAL ALL DONORS** |

5. Summary of program / description for project requiring funding (executive overview)

In our Jan 23 proposal, we requested a six-month $498,000 grant to enable CalCars to achieve our #1 priority: getting auto-makers to commercialize PHEVs. We proposed advocacy, business and technology efforts aimed at leading to initial production and demonstration fleet commitments from automakers. We believe our efforts could significantly shorten the time before substantial numbers of PHEVs are in use. The efforts described below are in addition to our current technology demonstration projects.

We have customized strategies for each auto-maker. They include/reflect
1. external demand-side campaigns and approaches along with partners to OEMs.
2. our "no-worry" plan to remove battery risk factors for a PHEV demonstration fleet;
3. We will lead, coordinate and partner on policy and government initiatives:
* in Sacramento towards a unified Plug-In California Initiative to make CA the leader in commercialization of PHEVs, including incentives, regulatory exemptions and "whatever it takes" measures to create an inviting environment for OEMs
* in Washington leading to changes in regulatory requirements and leveraged public funds,

6. Staffing, business model, organizational plan

We have two full-time staff and hope to expand with three more full-time equivalent people plus minimal administrative support.

**Budget/Use of Funds**
1. Overall organization budget (please attach) Proposed budget from Jan 23, 2007. We hope to raise the balance of these funds to accomplish our goals. (Technical Lead and technical projects funded from other sources.)

**Six-Month Budget (March 2007-August 2007) (Positions are Full-Time Equivalent)**

$  72,000 founder
    72,000 communications director
    72,000 policy director/grant-writer
    72,000 campaign organizer/networker
    60,000 multimedia documentation/ads production/distribution, PR
    75,000 conferences, expositions, travel, memberships
    60,000 collateral design and production/signage/printing
    15,000 misc overhead
$ 498,000 TOTAL"

    2.  Detailed outline for use of Google.org funds with attached budget

In view of the expected shortfall between our request and funds we may receive from Google, we will recruit some or between three and six people to fulfill these functions part-time or full-time on short-term contracts, some on minimal stipends, with no guarantee of continued contract renewals.

    3.  Additional funds needed to carry out program

To the extent we are able to raise additional funds from other sources to complete financing for the initial plan for six months and additional funds thereafter, we will be able to contract with or retain the personnel described, and attend conferences, produce and distribute collateral material, etc.

    4.  Financial management systems for organization

As fiscal agent, Felix Kramer authorizes direct payments from IHC to vendors and materials/service providers by approving and submitting invoices using IHC forms with standard accounting categories. He also invoices to reimburse expenses for which he pays in advance by check or credit card. We will replace this with new systems when we become an indepedent non-profit.

    5.  Key milestones for Google.org grant money

Our most fundamental milestones are reflected at What are Car-Makers Saying? our page that tracks the evolving responses of automakers and at The CalCars News-Archive .

Reporting:
    1.  Desired outcomes - short and medium-term (and metrics to be used)

Short- and medium-term, we engage in advocacy, business and technology efforts to gain initial production and timetable commitments for demonstration fleets. We would apply as the most significant metrics the volume of campaigns and activities we conduct, the number of PHEV conversions we help to inspire, and number of commitments by companies to PHEV production..

    2.  Long term impact sought by organization and theory of change)

We aim to ensure the successful commercialization of PHEVs, their progressive technical optimization and product improvement to ensure cleaner air quality, lower transportation impact on

climate change and lower dependency on foreign oil.

We hope to promulgate some of the strategies embodied by CalCars into other climate change-related campaigns.

3. Expected reporting deliverables to Google.org from CalCars

We report on the results of our efforts and those of our partners and allies with frequent updates at Car-Makers and News-Archive pages referenced above.

4. Timeline for reporting

We plan to provide quarterly or semi-annual reports.

## Advocacy Disclosures

1. Description of any type of advocacy that will be undertaken by the organization

We provide technical advice and non-partisan analysis and research to individuals, companies and government bodies. We provide industry examples by doing conversions and making those conversions available for demonstration at public venues. We publicize existing, and promote future, activities by individuals, NGOs, corporations and all levels of government to build a market of buyers for PHEVs and to encourage commercialization and mass production of PHEVs.

2. Intended audience for advocacy

Our audiences are individual citizens as consumers and car-owners, as well as opinion leaders in the public and private sector, including community leaders, journalists and business analysts, government employees, appointees and elected officials.

3. List any intended activities with government officials and specific use of Google.org funds

We testify at public hearings and communicate with government officials regarding rule-making and policy options. We do not endorse individual politicians. As a mostly- volunteer organization, we spend insubstantial funds on direct lobbying or on grassroots lobbying. Our role in relation to legislation is to provide information on specific news, proposals and bills, analyzing their social, economic and environmental implications to enable CalCars volunteers and those who subscribe to our CalCars-News information service to find out the positions of their elected officials and convey their views to other NGOs and to their elected officials.

## Fraud or Abuse

1. Disclosure of any accusations of fraud or abuse by the organization

We know of no accusations of fraud or abuse by The California Cars Initiative.

INTERNAL REVENUE SERVICE
P. O. BOX 2508
CINCINNATI, OH 45201

DEPARTMENT OF THE TREASURY

Date: **MAY 23 2002**

INTERNATIONAL HUMANITIES CENTER
321 N MALL DR STE J 201
ST GEORGE, UT 84790

Employer Identification Number:
33-0767921
DLN:
17053089754062
Contact Person:
TRACY D POST                    ID# 31471
Contact Telephone Number:
(877) 829-5500
Our Letter Dated:
December 1998
Addendum Applies:
No

Dear Applicant:

This modifies our letter of the above date in which we stated that you would be treated as an organization that is not a private foundation until the expiration of your advance ruling period.

Your exempt status under section 501(a) of the Internal Revenue Code as an organization described in section 501(c)(3) is still in effect. Based on the information you submitted, we have determined that you are not a private foundation within the meaning of section 509(a) of the Code because you are an organization of the type described in section 509(a)(1) and 170(b)(1)(A)(vi).

Grantors and contributors may rely on this determination unless the Internal Revenue Service publishes notice to the contrary. However, if you lose your section 509(a)(1) status, a grantor or contributor may not rely on this determination if he or she was in part responsible for, or was aware of, the act or failure to act, or the substantial or material change on the part of the organization that resulted in your loss of such status, or if he or she acquired knowledge that the Internal Revenue Service had given notice that you would no longer be classified as a section 509(a)(1) organization.

You are required to make your annual information return, Form 990 or Form 990-EZ, available for public inspection for three years after the later of the due date of the return or the date the return is filed. You are also required to make available for public inspection your exemption application, any supporting documents, and your exemption letter. Copies of these documents are also required to be provided to any individual upon written or in person request without charge other than reasonable fees for copying and postage. You may fulfill this requirement by placing these documents on the Internet. Penalties may be imposed for failure to comply with these requirements. Additional information is available in Publication 557, Tax-Exempt Status for Your Organization, or you may call our toll free number shown above.

If we have indicated in the heading of this letter that an addendum applies, the addendum enclosed is an integral part of this letter.

Letter 1050 (DO/CG)

# CERTIFICATE OF SERVICE

I certify that on May 12, 2008, I electronically filed the document described as **DECLARATION OF G. WARREN BLEEKER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO GOOGLE'S MOTION FOR A PROTECTIVE ORDER.** with the Clerk of the Court using the ECF system which will send notification of such filing to the parties. I further certify that I have e-mailed a true copy of the above document to the non-ECF participants addressed as follows:

William C. Rooklidge  - rooklidgew@howrey.com

Russell B. Hill - hillr@howrey.com

Bobby A. Ghajar - ghajarb@howrey.com

/s/
Susan Lovelace