QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

  Rachel M. Herrick (Bar No. 191060)
   rachelherrick@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-213

Attorneys for Third-Party Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALCAR, INC., a California corporation; and AMERICAN CALCAR, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CALIFORNIA CARS INITIATIVE, INC., an unknown business entity; and FELIX KRAMER, an individual,<br><br>Defendants. | CASE NO. 3:08-mc-80083 MHP (WDBx)<br><br>THIRD PARTY GOOGLE INC.'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR PROTECTIVE ORDER PRECLUDING A DEPOSITION OF GOOGLE INC. UNDER RULE 30(B)(6)<br><br>Date:    May 14, 2008<br>Time:    1:00 pm<br>Crtrm.:  4 |

Case No. 3:08-mc-80083 MHP (WDBx)
THIRD PARTY GOOGLE INC.'S REPLY

**Preliminary Statement**

In its Opposition to Google's Motion for Protective Order ("Opposition"), Plaintiff Calcar repeats the same tired arguments—often verbatim—it has already made on this issue in connection with its motion to compel, and continues to press for a deposition of third party Google regarding matters not relevant to its trademark infringement case, as Google has made clear. Google has submitted a sworn declaration confirming that Google does not sell advertising to or buy advertising from TCCI; that TCCI does not participate in any of Google's advertising programs; that Google is not a customer of TCCI; and that Google is not involved in TCCI's business or marketing practices.[1] Calcar's bare and unsupported claim that Google is a "business partner" of TCCI (Opposition at 1) is belied by Google's proffered evidence and document production plainly demonstrating that Google is a philanthropic donor to TCCI, and nothing more.[2]

Calcar claims that Google has ignored the subpoena and delayed any response, and thus, is not entitled to a protective order. The record demonstrates otherwise. Google's efforts over the course of many weeks, to reach a reasonable compromise on Calcar's two subpoenas and unceasing demand for a deposition it should not want and does not need, speaks for itself. Google has been proactive and responsive, while Calcar's demands have only grown more unreasonable. Google first sought to defer consideration of the deposition subpoena until Calcar had the opportunity to review Google's document production. Calcar initially agreed to this, but then decided to press on.[3] When Calcar moved to compel the deposition and also moved to have that motion heard weeks before the Local Rules ordinarily allow, Calcar rejected Google's efforts to reach agreement on a compressed briefing schedule accommodating both Calcar's motion and

---

[1] Declaration of Adam Barea in Support of Google's Cross-Motion, filed May 2, 2008 ("Barea Decl."), at ¶¶ 12-14.
[2] In meet-and-confer efforts, Google offered to provide an authenticating declaration to definitely establish the authenticity of these documents and to obviate the need to do so at deposition. Calcar refused Google's offer. Declaration of Rachel M. Herrick in Support of Google's Cross-Motion, filed herewith ("Herrick Decl."), at ¶ 4.
[3] Herrick Decl. at ¶ 3; Barea Decl. ¶ 8.

1  Google's cross-motion for protective order, insisting only that Google not file its cross-motion at
2  all.[4]
3      Google's efforts to reach compromise on this dispute have not been met in kind. When
4  Google did file its cross-motion—as it had every right to do—Calcar sought to distract the court
5  from the merits of that motion. Specifically, Calcar claimed that Google has waived its right to
6  file it (Opposition at 3-5), accused Google of "scorched earth" litigation for filing it (Opposition at
7  12), cast baseless aspersions on the professional integrity of Google's in-house and outside counsel
8  for seeking such protection from this court,[5] and even went so far as to threaten Google and its
9  counsel with sanctions if it insisted on having its motion heard contemporaneously with Calcar's
10 motion to compel.[6] Such heavy-handed litigation tactics have no place in an unremarkable
11 discovery dispute with a third-party charitable donor who has made reasonable efforts to
12 compromise while still asserting its right to object to this irrelevant discovery.
13     Calcar's vitriol and strained claims of relevance do not change the fact that Google has
14 established "good cause" for issuance of a protective order in these circumstances. Its Motion
15 should be granted.

**Argument**

**I.   Google's Motion for Protective Order Is Timely and Not Waived In Light Of Google's Good Faith Meet and Confer Efforts Extending Beyond the Noticed Deposition Date**

19     In its Opposition, Calcar claims that Google's motion for a protective order under Rule
20 26(c) "should be denied as untimely," and that Google "waived the right to seek a motion for
21 protective order." Opposition at 3-5. This is wrong on the facts, and wrong on the law. As a
22 preliminary matter, Calcar's suggestion that Google should be penalized for engaging in several
23 weeks of good faith meet and confer efforts, by finding waiver as a result of those efforts, is

---

[4]  Herrick Decl. ¶ 5.
[5]  Herrick Decl. ¶ 6; Supplemental Declaration of G. Warren Bleeker, filed May 6, 2008, at ¶ 4; Calcar's Reply Memorandum in Support of Plaintiff's Motion to Compel, filed May 6, 2008, at 12.

1  wrongheaded and inconsistent with the Rules governing discovery disputes.  Further, Calcar cites
2  no authority for the proposition that Google "waived" its right to avail itself of the protections of
3  Rule 26(c), because there is none.[7]  Rule 26(c) contains no explicit time limitation for seeking
4  relief thereunder.

5      Calcar also omits that Calcar *agreed* to postpone meet-and-confer discussions on the
6  deposition subpoena until its counsel had the opportunity to examine the documents Google
7  produced in response to the document subpoena.  See Herrick Decl. at ¶ 3; Barea Decl. at ¶ 6-8.
8  See also Opposition at 3; Declaration of G. Warren Bleeker in Support of Plaintiff's Opposition to
9  Google's Motion for a Protective Order ("Bleeker Decl."), at ¶ 7.  Because Google was actively
10 engaged in meet-and-confer efforts regarding both subpoenas then and thereafter, any motion for
11 protective order filed before conclusion of those efforts would have been premature.  Google filed
12 its motion promptly, within two weeks of completion of those meet-and-confer efforts, and
13 concurrently with its Opposition to Calcar's Motion to Compel.  In light of these circumstances,
14 two weeks can hardly be deemed an inordinate delay.

15     None of Calcar's cited authority establishes that Google "waived" its rights under Rule
16 26(c).  Calcar cites Union Bank of California 401(k) Plan v. Hansen (In re Coan), 2007 U.S. Dist.
17 LEXIS 6228, at *5-*7 (N.D. Cal. 2007), for the proposition that "a deposition subpoena may only
18 be challenged by moving to quash or modify the subpoena pursuant to [Rule 45], or by moving for
19 a protective order pursuant to Rule 26(c)."  This is, of course, correct, and Google has indeed filed
20 a motion for protective order pursuant to Rule 26(c) precluding the deposition.  See Docket No.
21 13.  Union Bank does not, however, support Calcar's next statement, that "[s]erving written
22 objections alone does nothing to preserve any objections."  Reply at 3.  As a preliminary matter,
23 this citation is inapposite because Google did *not* just serve written objections—it also filed a

---

[6] Herrick Declaration in Support of Google's Motion to Shorten Time, filed May 8, 2008, at ¶ 7.

[7] Google's motion is timely because it is brought under Rule 26(c), not Rule 45.  Whether the time for Google to quash or modify the subpoena under Rule 45 may have passed is a question not
(footnote continued)

1  motion for protective order. Factual distinctions aside, Union Bank merely states that written
2  objections do not suspend a party's obligation to appear at a deposition. Union Bank most
3  certainly does *not* hold that a party who makes only written objections somehow permanently
4  waives any and all right to move for a protective order under Rule 26(c). A protective order is
5  proper whenever there is "good cause" for one, and there is certainly "good cause" here.

6      Calcar next cites Pioche Mines Consolidated, Inc. v. Dolman, 333 F.2d 257 (9th Cir.
7  1964), for the proposition that "it is for the court, not the deponent or his counsel, to relieve him of
8  the duty to appear." Id. at 269. Google of course agrees, and that is precisely why Google has
9  moved the Court for a protective order that would "relieve [Google] of the duty to appear."
10 Calcar's quotation of Rule 37(d)(2) and the accompanying quotation of Paige v. Consumer
11 Programs, Inc., 2008 U.S. Dist. LEXIS 13106 (C.D. Cal. 2008) are similarly beside the point.
12 That Rule and that case address whether non-appearance at a deposition is "excused" or
13 "substantially justified." Here, the parties were in meet and confer negotiations both before and
14 after the noticed date, and Calcar *agreed* to review the documents Google produced before
15 pressing the deposition. Herrick Decl. ¶ 3; Barea Decl. ¶ 6-8. Further, neither Rule 37 nor Paige
16 states that a party permanently "waives" its rights under Rule 26(c) if it does not appear at a
17 deposition. Suggesting otherwise is a textbook non sequitur. The crux of Google's Cross-Motion
18 is not whether Google's non-appearance on the noticed date was "substantially justified" (though
19 in light of the parties' meet-and-confer efforts and the irrelevance of the testimony sought to the
20 underlying litigation, it most certainly was), but rather whether there is "good cause" to preclude
21 the deposition now.

22     Calcar does cite two cases which address the timeliness of motions for protective order:
23 Grateful Dead Prods. v. Sagan, 2007 U.S. Dist. LEXIS 56810 (N.D. Cal. 2007), and Kephart v.
24 Nat'l Union Fire Ins. Co., 2007 U.S. Dist. LEXIS 51705 (D. Mont. 2007). Neither case, however,
25 establishes that Google's Cross-Motion is untimely. In Kephart, the court denied the motion

---

27 presently before the Court. Google is instead moving for a protective order under Rule 26(c), and
28 that motion is timely.

-4-  Case No. 3:08-mc-80083 MHP (WDBx)
THIRD PARTY GOOGLE INC.'S REPLY

1  because the movant did not seek expedited briefing, and the opposing party therefore would not
2  have time to respond as allowed in the local rules.  As has been detailed at length in these and
3  other papers, Google has proactively sought to accommodate Calcar's Motion to Compel and
4  Google's Cross-Motion within the confines of Calcar's discovery cutoff in the underlying case—a
5  deadline Google had no role in setting—and Google's efforts have been uniformly rebuffed.
6  Herrick Decl. ¶¶ 3-5; Barea Decl. ¶¶ 6-11.  Moreover, Google in fact sought, and has been
7  granted, expedited briefing and argument on its Cross-Motion.  See Docket Nos. 21, 22, 23.
8  Grateful Dead Prods is similarly beside the point; that court denied a motion to shorten time and
9  found that the motion for protective order lacked merit—not that the moving party "waived" the
10 motion by failing to bring it early enough.

11         Finally, Calcar makes a classic "straw man" argument regarding Google's citation of
12 National Independent Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co., 748 F.2d 602 (11th Cir.
13 1984), and Allendar v. Raytheon Aircraft Co., 220 F.R.D. 661 (D. Kan. 2004).  Contrary to
14 Calcar's suggestion, Google does not claim that these cases present precisely the same factual
15 scenario as the present case.  Instead, Google offered these cases as examples of the flexible,
16 common-sense approach courts have taken regarding protective orders under Rule 26(c).  In
17 National Independent Theaters, the court granted a protective order rescheduling a deposition filed
18 "[l]ate in the afternoon of the day before the deposition," even though opposing counsel had
19 already traveled to and arrived at the deposition location, on the condition that the movant pay half
20 of opposing counsel's airfare.  748 F.2d at 609.  In Allendar, the court could not "quash"
21 subpoenas for documents under Rule 45 because documents had already been produced; however,
22 the court nevertheless issued a protective order under Rule 26(c) limiting the use of those
23 documents at subsequent depositions.  Id. at 665.  Allendar and National Independent Theaters
24 therefore are examples of the flexible, common-sense use of Rule 26(c) to reasonably regulate and
25 control discovery.

26 **II.    Google Has Presented Good Cause For Issuance Of A Protective Order**

27         As demonstrated in its moving papers, Google has established good cause for issuance of a
28 protective order because, *inter alia*, the subpoena seeks irrelevant testimony.  See Google's Cross-

Motion for Protective Order, at 4-9. Because Calcar's Opposition brief merely restates the same relevance arguments it briefed in its motion to compel, Google hereby incorporates by reference its arguments in opposition thereto regarding the irrelevance of the noticed deposition topics to the underlying litigation, Google's lack of knowledge on matters relevant to Calcar's trademark claims, the availability of the information Calcar seeks from parties to the case or from publicly-available sources, and the undue burden the discovery would impose on Google. See Google's Opposition to Plaintiff Calcar's Motion to Compel, at 5-13.[8]

### Conclusion

As was its right, Google has moved for a protective order under Rule 26(c) precluding the deposition of a third-party on subject matters duplicative of existing discovery and wholly irrelevant to the claims and defenses of the underlying case. Google has not "waived" its right to move for a protective order under Rule 26(c), and has made such motion in a timely manner, as early as practicable under the circumstances of this case and given the parties' ongoing meet and confer efforts. Nothing offered by Calcar establishes otherwise. Accordingly, Google respectfully requests that its Cross-Motion for Protective Order precluding a deposition under Rule 30(b)(6) be granted.

DATED: May 13, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Rachel M. Herrick
Rachel M. Herrick
Attorneys for Third-Party Google Inc.

---

[8] Calcar's suggestion that this deposition would impose no burden on Google because TCCI will foot the bill is unfounded, as Calcar knows. As Google's counsel made clear during meet and confer efforts, Google is paying its own legal expenses in this matter, and those expenses are not being paid by defendant TCCI, a nonprofit organization to which Google.org has given a charitable donation. See Herrick Decl. ¶ 7.

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Michael T. Zeller (Bar No. 196417)
2   michaelzeller@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
3   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
4   Facsimile:  (213) 443-3100

5   Rachel M. Herrick (Bar No. 191060)
    rachelherrick@quinnemanuel.com
6   555 Twin Dolphin Drive, Suite 560
    Redwood Shores, California 94065-213
7
    Attorneys for Third-Party Google Inc.
8

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                            OAKLAND DIVISION

13 | CALCAR, INC., a California corporation; and | CASE NO. 3:08-mc-80083 MHP (WDBx)
     AMERICAN CALCAR, INC., a Delaware
14 | corporation,                                | DECLARATION OF RACHEL M. HERRICK
                                                   IN SUPPORT OF GOOGLE'S REPLY
15 |         Plaintiffs,                         | REGARDING ITS CROSS-MOTION FOR
                                                   PROTECTIVE ORDER PRECLUDING A
16 |   vs.                                       | DEPOSITION UNDER RULE 30(B)(6)

17 | THE CALIFORNIA CARS INITIATIVE,             | Date:  May 14, 2008
     INC., an unknown business entity; and FELIX | Time:  1:00 pm
18 | KRAMER, an individual,                      | Crtrm.: 4, Oakland

19 |         Defendants.

20

21

22

23

24

25

26

27

28

                                                 Case No. 3:08-mc-80083 MHP (WDBx)
       DECLARATION OF RACHEL M. HERRICK IN SUPPORT OF GOOGLE'S REPLY

        I, Rachel M. Herrick, declare as follows:

1. I am a member of the bar of the State of California and an attorney with Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Defendant Google Inc. ("Google") in this miscellaneous action. I make this declaration of my personal and firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. I submit this declaration in support of Google's Reply in Support of Its Cross-Motion for Protective Order Precluding a Deposition of Google Under Rule 30(b)(6), filed herewith, and relatedly, to correct the record regarding certain sworn statements made in the Supplemental Declaration of G. Warren Bleeker in Support of Plaintiff's Motion to Compel Rule 30(b)(6) Testimony from Third Party Google Inc., filed May 6, 2008.

3. In a telephone conference on May 1, 2008, counsel for Calcar Brian Brookey acknowledged to me that he had agreed to the request of Adam Barea, in-house counsel at Google, to postpone consideration of the deposition subpoena until Mr. Brookey had the opportunity to review the documents Google was preparing to produce in response to Calcar's document subpoena. Google produced those documents on April 11, 2008, and supplemented that production with two additional documents on April 28, 2008.

4. In an attempt to compromise with Calcar during the meet and confer process, I offered to provide an authenticating declaration from a Google representative formally authenticating the documents Google produced in response to Calcar's document subpoena. Calcar's counsel refused this offer.

5. During the meet and confer process, I sought to reach agreement with Calcar's counsel on a compressed briefing schedule to accommodate Calcar's Motion to Compel and Google's Cross-Motion for Protective Order, all within the confines of Calcar's discovery cutoff in the underlying case. Specifically, I offered two different expedited briefing schedules, both of which would have the briefing completed in time to hear Calcar's motion during the week of May 12. Mr. Brookey refused to agree to either proposal, demanding instead that Google not file a motion for protective order.

-1-     Case No. 3:08-mc-80083 MHP (WDBx)
DECLARATION OF RACHEL M. HERRICK IN SUPPORT OF GOOGLE'S REPLY

6. In paragraph 4 of Mr. Bleeker's sworn Supplemental Declaration, filed May 6, 2008, Mr. Bleeker states that a letter (hereinafter "Letter") I sent his colleague Brian Brookey on May 3, 2008 "contained numerous false statements, and appeared to be written solely for the purpose of creating a false record and generating attorneys' fees." Mr. Bleeker's statements are incorrect. Nothing in my Letter was false or incorrect in any respect, nor did Mr. Bleeker's declaration identify any specific alleged falsehoods. I have never discussed with Mr. Bleeker my intention or purpose in writing the Letter, and thus, I do not believe that Mr. Bleeker has any basis in fact for his sworn statements regarding my internal thought process or motivation for writing the Letter. I wrote the Letter to memorialize the parties' meet and confer discussions.

7. My May 3 Letter specifically advised Mr. Brookey that Google is paying its own legal expenses in this matter, and that those expenses are not being paid by defendant TCCI, a nonprofit organization to which Google.org has given a charitable donation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed May 13, 2008 at Dallas, Texas.

_____
Rachel M. Herrick

-2-                                                       Case No. 3:08-mc-80083 MHP (WDBx)
DECLARATION OF RACHEL M. HERRICK IN SUPPORT OF GOOGLE'S REPLY