UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALCAR, INC., | No. C 08-mc-80083 MHP (WDB) |
| Plaintiff, | **ORDER FOLLOWING MAY 14, 2008, HEARING** |
| v. | |
| THE CALIFORNIA CARS INITIATIVE, et al. | |
| Defendants. | |

On May 14, 2008, the Court heard oral argument in connection with Plaintiff's Motion to Compel the 30(b)(6) deposition of third party Google, Inc., and Google, Inc.'s Motion for a Protective Order. Having considered the briefs and arguments of the parties, the Court ruled from the bench and Ordered as follows:

Plaintiff seeks to take a 30(b)(6) deposition of third party Google, Inc. to explore topics that Plaintiff believes will yield information to support its claims against Defendant, the California Cars Initiative ("TCCI"), in an underlying trademark dispute pending in the Central District of California.[1]

After a thorough review of the facts in the record on the pending motions, including the Declaration by Adam Barea, in-house counsel for Google, the Court concludes that the predicates for guessing that the discovery sought from Google by Plaintiff might yield something of significance for the Central District to do justice in

---

[1] TCCI is a non-profit organization that promotes hybrid technology.

1  the underlying case are extraordinarily thin.  According to Mr. Barea, with the
2  exception of a charitable grant to TCCI in 2007, Google is not involved in TCCI's
3  business in any way, nor is Google a customer of TCCI.  *See* Declaration of Adam
4  Barea in Support of Third Party Google, Inc.'s (1) Opposition to Plaintiff Calcar's
5  Motion to Compel, and (2) Cross-Motion for Protective Order at pp. 2-4.  Likewise,
6  Mr. Barea stated under penalty of perjury that TCCI does not participate in any of
7  Google's advertising programs and does not buy advertising from Google or sell
8  advertising to Google.  *Id.*

9  Given the nature of the relationship between Google and TCCI, and using
10 common sense balancing, the Court does not see here at all that the propounded
11 discovery will yield something of proportionate value.  Google already has produced
12 documents in response to a subpoena served by Plaintiff on March 18, 2008.  The
13 Court concludes that an additional burden of a 30(b)(6) deposition is not justified.

14 Accordingly, the Court GRANTS Google's Motion for a Protective Order and
15 DENIES Plaintiff's Motion to Compel.

17 IT IS SO ORDERED.

18 Dated:  May 14,  2008

19 _____
   WAYNE D. BRAZIL
   United States Magistrate Judge