ART HASAN, CA Bar No. 167323
art.hasan@cph.com
BRIAN K. BROOKEY, CA Bar No. 149522
brian.brookey@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiffs,
CALCAR, INC. and AMERICAN CALCAR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALCAR, INC., a California corporation; and AMERICAN CALCAR, INC., a Delaware corporation,<br><br>Plaintiff(s),<br><br>vs.<br><br>THE CALIFORNIA CARS INITIATIVE, INC., an unknown business entity; and FELIX KRAMER, an individual,<br><br>Defendant(s). | Case No. 3:08-MC-80083 MHP (WDBx)<br><br>Underlying Civil Action Pending in U.S. District Court for the Central District of California (Civil Action Case No. SACV07-00723)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY OF THIRD PARTY DAVE BAGSHAW**<br><br>DATE:   August 6, 2008<br>TIME:   4:00 p.m.<br>CTRM:  4, 3rd Floor<br><br>**Honorable Wayne D. Brazil** |

I.     **NOTICE OF MOTION AND MOTION**

TO DAVE BAGSHAW, THE CALIFORNIA CARS INITIATIVE, INC., FELIX KRAMER AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 6, 2008 at 4:00 p.m., or as soon thereafter as the matter may be heard in this Court, Calcar, Inc. and American Calcar, Inc. (collectively

-1-

"Calcar"), Plaintiffs in the above referenced action pending in the Central District of California, by and through their attorneys, Christie, Parker & Hale, LLP, will move for an Order compelling Dave Bagshaw ("Bagshaw") to comply with a subpoena issued from this Court and appear to provide deposition testimony.

## II. RELIEF REQUESTED

The relief sought by Calcar via this motion includes the following:

1. An Order compelling Bagshaw to appear for the deposition commanded by subpoena properly served on May 23, 2008.

Pursuant to Local Rule 37-1, Calcar met and conferred with Bagshaw on June 19 in a final attempt to obtain Bagshaw's compliance with the subpoena. (Declaration of G. Warren Bleeker ("Bleeker Decl.") filed herewith at ¶ 2.) Calcar submits the following Memorandum of Points and Authorities in support of Plaintiffs' motion.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction

Plaintiffs Calcar, Inc. and American Calcar, Inc. (collectively "Calcar") seek to enforce a third party deposition subpoena served on Dave Bagshaw ("Bagshaw"). Calcar is a plaintiff in a trademark infringement case pending in the Central District of California. Calcar owns United States Trademark Registration No. 2,419,611 (the "'711 Registration") for the mark CALCAR, Calcar has marketed, distributed and sold products under the CALCAR mark to the automotive industry since 1994, including the "Auto Director," a device protected by United States Patent No. 6,175,782 and incorporating visual display and conversion kit technology.

Defendants The California Cars Initiative ("TCCI") and Felix Kramer ("Kramer") have adopted wholesale Calcar's registered mark CALCAR, adding the letter "s" to the mark and then using it to provide and promote goods and services, including visual displays and conversion kits, in which Calcar is engaged. TCCI also uses the registered domain name http://www.calcars.org, which is confusingly similar to Calcar's domain name, http://www.calcar.net. Bagshaw is a Senior Advisor of TCCI and is actively involved in shaping key initiatives, including converting TCCI from a non-profit to for-profit organization.

CHRISTIE, PARKER & HALE, LLP

Further, Bagshaw is identified in a large number of relevant documents produced by Defendants. These documents include emails from Defendant Kramer directly to or copying Bagshaw.

On May 23, 2008, Calcar personally served Bagshaw with a deposition subpoena and notice for a deposition to take place on June 17, 2008 in San Francisco. On June 5, counsel for Bagshaw wrote counsel for Calcar claiming: (1) improper service based on lack of personal service and failure to provide witness or mileage fees; (2) Bagshaw's unavailability on June 17; and, (3) lack of relevancy of Bagshaw's testimony. After Calcar's counsel provided proof of personal service, flexibility in scheduling and information pointing to the relevance of Bagshaw's testimony, Bagshaw's counsel continued to stonewall. Bagshaw did not appear for his subpoenaed June 17 deposition and Bagshaw's counsel refused to provide alternate dates. Prior to the deposition date, and, in fact to this day, Bagshaw never filed a motion to quash the subpoena nor has he filed a motion for a protective order. Instead, a week after the passage of the deposition date, Bagshaw's counsel, in a letter to Calcar's counsel, reasserted improper service, lack of relevance and claimed Bagshaw's single objection without more excused his refusal to comply with the subpoena. The letter from Bagshaw's counsel also justifies Bagshaw's failure to comply with subpoena based upon false accusations regarding conduct by Calcar's counsel during the deposition of another witness.

Bagshaw possesses information that will reasonably lead to the discovery of admissible evidence, including, but not limited to, Defendants' use of the CALCAR mark, Defendants' purported status as a "non-profit" (which Defendants have argued repeated somehow excuses their conduct), selling and marketing of products including visual displays and conversion kits and Defendants' efforts to partner with others in commercial enterprises.

**B.     Factual Background**

On May 23, 2008, Calcar served Bagshaw with a subpoena issued from this Court for deposition testimony. (Bleeker Decl. at Ex. A.) Calcar also served a check for witness fees and mileage along with the subpoena. (*Id.*) Bagshaw remained silent for two weeks after being served. (*Id.* at ¶ 4.) Finally, on June 5, 2008, Bagshaw's counsel sent a letter to Calcar's

-3-

counsel acknowledging the June 17 deposition date, but claiming improper service because Calcar "sent" the subpoena to Bagshaw and "it appears that no witness fees or mileage fees were provided with the subpoena." (*Id.*, Ex. B.) This is simply not true as Calcar *personally* served Bagshaw and provided a check in the amount of $83.80 for witness and mileage fees. (*Id.*, Ex. A.)

In the June 5 letter, Bagshaw's counsel only offered a single objection "to the subpoena on the grounds that it is unduly burdensome in light of the fact that Mr. Bagshaw does not appear to have any relevant information." (*Id.*, Ex. B.) According to TCCI's own website, Bagshaw joined TCCI sometime around December 2006. (*Id.*, Ex. C.) TCCI praised Bagshaw because of his "stellar entrepreneurial, management and technical background" and touted that Bagshaw "will be actively involved in shaping key initiatives of the non-profit start-up, including possible organization of a spin-of [*sic*] for-profit company." (*Id.*) Bagshaw maintains an email address with calcars.org in the address line. (*Id.*, Ex. D.) Further, Bagshaw's name and picture appear in several locations on TCCI's website. (*Id.*, Ex. C.) Defendants also produced documents that contained over 585 separate instances where Bagshaw is mentioned by name. (*Id.* at ¶ 7.) These documents include emails from Defendant Kramer directly to or copying Bagshaw in 2006 and 2007. (*Id.*, Ex. D.)

The June 5 letter from Bagshaw's counsel also asserted that Bagshaw would not be available on June 17. (*Id.*, Ex. B.) Accommodating Bagshaw's purported unavailability, Calcar responded on June 12 that it was "willing to consider alternate dates." (*Id.*, Ex. G.) When Calcar attempted to ascertain whether Bagshaw would comply with the subpoena and appear at the deposition, Bagshaw's counsel simply stated "Bagshaw will not be appearing on June 17." (*Id.*, Ex. E.) Although Bagshaw's counsel claimed he would "respond in due course," he failed to do so before the June 17 deposition date. (*Id.* ¶ 8, Ex. E.) Thus, the June 17 deposition date passed without any action or communication from Bagshaw regarding his failure to comply with the subpoena. On June 19, Calcar's counsel broached the subject of Bagshaw's availability during a break in the deposition of Ronald Gremban, but Bagshaw's counsel still refused to provide a date. (*Id.* at ¶ 9.) Finally, on June 23, ten days after Bagshaw's counsel stated he

would respond, Calcar's counsel sent an email to Bagshaw's counsel to see if Bagshaw would comply with the subpoena and attend his deposition. (*Id.*, Ex. E.) Bagshaw's counsel finally responded on June 24 in a letter that reasserts improper service, lack of relevance and claims Bagshaw's single objection "satisfied all of [Bagshaw's] duties with regard to the subpoena." (*Id.*, Ex. F.) In the June 24 letter, Bagshaw's counsel also justifies Bagshaw's his refusal to comply with the subpoena based upon false accusations regarding conduct by Calcar's counsel during the deposition of another witness. (*Id.* at ¶ 10, Ex. F.) The letter remains silent, however, regarding numerous speaking objections during that deposition by Bagshaw's counsel and also his claim of attorney client privilege regarding information shared with multiple third parties. (*Id.* at ¶ 10.) Finally, Bagshaw's counsel asserts in the June 24 letter that "Mr. Bagshaw will not voluntarily subject himself to that conduct and, for that additional reason, declines your request that he appear for deposition." (*Id.*, Ex. F.)

### C. Bagshaw Has No Basis to Refuse to Comply with the Deposition Subpoena.

Under Rule 45(a)(1), Calcar subpoenaed deposition testimony from Bagshaw. This testimony meets the relevancy requirements of Rule 26(b)(1) in that the deposition topics directly relate to the use and promotion of the infringing mark by TCCI and Kramer. The inaccurate claims by Bagshaw's counsel regarding improper service and the single objection to the subpoena fail to provide a basis to refuse compliance with the subpoena because "a deposition subpoena may only be challenged by moving to quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or by moving for a protective order pursuant to Rule 26(c)." *Union Bank of California 401(k) Plan v. Hansen (In re Coan)*, 2007 U.S. Dist. LEXIS 6288, at *6 (N.D. Cal. Jan. 12, 2007) (finding "Subpoenaed Third Parties' failure to appear for the noticed depositions is not excused merely by having served a written objection to the subpoenas").

As explained below, Calcar is entitled to the requested discovery pursuant to Federal Rule of Civil Procedure 30(a). In addition, the requested discovery is not overly burdensome because the testimony sought relates to Bagshaw's own activities and knowledge of TCCI. Fed. R. Civ. P. Rule 26(b)(2); *Nemirofsky v. Seok Ki Kim*, 523 F. Supp. 2d 998, 1000 (N.D. Cal.

2007) (balancing factors before compelling non-party deposition).

This Court properly has jurisdiction under Rule 37(a)(2) because the subpoena seeking deposition testimony issued from this Court.

### 1. Bagshaw's Testimony is Relevant to Plaintiff's Trademark Infringement Claims.

The key issue in any trademark infringement action is "the likelihood of confusion, *i.e.*, whether the similarity of the marks is likely to confuse customers about the source of the products." *Brookfield Communs., Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999) (citation omitted). In *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-349 (9th Cir. 1979), the Ninth Circuit provided the following, "non-exhaustive" list of factors that are relevant in "determining whether confusion between related goods is likely":

1. strength of the mark;
2. proximity of the goods;
3. similarity of the marks;
4. evidence of actual confusion;
5. marketing channels used;
6. type of goods and the degree of care likely to be exercised by the purchaser;
7. defendant's intent in selecting the mark; and
8. likelihood of expansion of the product lines.

In determining likelihood of confusion, courts within the Ninth Circuit typically apply what has come to be known as the *Sleekcraft* test. *Mattel, Inc. v. MCA Records, Inc.*, 28 F. Supp. 2d 1120, 1141 (C.D. Cal. 1998) (citations omitted), *aff'd*, 296 F.3d 894, *cert. denied*, 537 U.S. 1171 (2003); *see also, Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002) (noting the *Sleekcraft* test is intended to guide the court in determining likelihood of confusion).

At the same time, courts have discouraged an overly mechanistic approach to determining likelihood of confusion. Not all of the *Sleekcraft* factors have equal weight, and

not every factor will be at issue in every case. *See Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 901 (9th Cir. 2002).

Bagshaw's deposition testimony is relevant to at least five of the eight *Sleekcraft* factors — proximity of the goods, evidence of actual confusion, marketing channels used, types of goods and the degree of care likely to be exercised by the purchaser and likelihood of expansion of the product lines. The over 580 identifications of Bagshaw in relevant documents produced by Defendants indicates Bagshaw's intimate involvement with every aspect of TCCI. As TCCI's Senior Advisor with technical and marketing expertise, Bagshaw's likely possession of detailed knowledge regarding Defendants' visual display and conversion kit technology similar to Calcar's patented Auto Director goods will provide evidence of the proximity of those goods and the types of goods provided by Defendants that bear the infringing mark. Further, Bagshaw's knowledge of Defendants marketing efforts will provide information on any instances of actual confusion between the parties' goods, the different marketing channels used by Defendants to provide its goods, the degree of care likely to be exercised by the purchaser and Defendants' plans to expand its products lines. Thus, the relevant nature of the testimony sought overcomes Bagshaw's single objection of unduly burdensome based on lack of relevance.

Bagshaw's testimony is also relevant to TCCI's claims that it is purportedly not-for-profit and can thereby be excused from infringing Calcar's mark. TCCI's own press release upon hiring Bagshaw quotes Kramer praising Bagshaw's "stellar entrepreneurial, management and technical background." Further, that same press release notes that Defendants desire to employ Bagshaw arose from a need to have Bagshaw "actively involved in shaping key initiatives of the non-profit start-up, including possible organization of a spin-of [*sic*] for-profit company." (Bleeker Decl., Ex. C.) Documents produced by Defendants include emails from Kramer directly to or copying Bagshaw and discussing the commercialization of TCCI. (Bleeker Decl., Ex. D.) Defendants' own words show the importance and relevance of Bagshaw's testimony to Calcar's claims.

### 2. Bagshaw Never Filed a Motion to Quash or Modify the Subpoena.

Rule 45(c)(3) provides that the only mechanism by which to challenge a deposition subpoena is to file a motion to quash or modify the subpoena. Bagshaw did neither. Instead, Bagshaw falsely claimed improper service and provided a single relevance objection before utterly failing to respond to repeated requests from Calcar's counsel to provide a proposed date for Bagshaw's deposition. When faced with the June 13 letter from Calcar's counsel, Bagshaw's counsel stated he "will respond in due course." However, "[a] motion to quash or modify must be made promptly, allowing it to be heard and granted before the scheduled deposition." *Union Bank*, 2007 U.S. Dist. 2688, at *6 (quotations and citations omitted). With the passage of the original deposition date, Bagshaw waived the right to bring either a motion to quash or modify the subpoena. *See, e.g., Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 248 (M.D. Fla. 2005); *Estate of Ungar v. Palestinian Auth.*, 400 F. Supp.2d 541, 554 (S.D.N.Y. 2005); *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983); Rutter Cal. Practice Guide, Civil Proc. Before Trial, § 11:2286, 2288 (2008).

Bagshaw's only substantive response came a week after Bagshaw failed to attend his deposition and that response claims "Mr. Bagshaw timely served objections on June 5 and, therefore, satisfied all of his duties with regard to the subpoena." (Bleeker Decl., Ex. F.) Apparently Bagshaw's counsel believes a witness may choose to comply with a subpoena or not because he wrote that "Mr. Bagshaw . . . declines your request that he appear for deposition." (*Id.*) In the letter Bagshaw's counsel complains about apparent misconduct by Calcar's counsel during a prior deposition as an excuse to ignore a subpoena issued by this Court. (*Id.*) What the letter does not state is that Bagshaw's counsel instructed the witness in the prior deposition not to answer question based on attorney client privilege when the witness already testified to giving that information to multiple third parties. If Bagshaw's counsel had legitimate concerns about Calcar's counsel he could have asked for different Calcar counsel to attend the Bagshaw deposition or sought the protection of this Court. In either case, Bagshaw's counsel chose to do

CHRISTIE, PARKER & HALE, LLP

nothing while the deposition date passed. Therefore, Bagshaw waived any right to seek protection under a motion to quash or a protective order.

### 3. Bagshaw's Deposition Testimony is Proper Under Rule 26(b)

Bagshaw's deposition testimony is permissible under the Federal and Local Rules. Calcar's need to obtain deposition testimony from Bagshaw regarding information only Bagshaw possesses outweighs the minimal inconvenience to Bagshaw from complying with the subpoena. Bagshaw cannot be surprised that he might be called upon to provide deposition testimony regarding Defendants after his years of involvement with Defendants. Bagshaw chose to associate himself with Defendants and he cannot now disassociate himself from them. After years working for or with Defendants, the burden on Bagshaw to provide deposition testimony is minimal.

### 4. Bagshaw Has Waived *All* Objections

"[A] deposition subpoena may only be challenged by moving to quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or by moving for a protective order pursuant to Rule 26(c)." *Union Bank*, 2007 U.S. Dist. LEXIS 6288, at *6 (citing to 9-45 Moore's Federal Practice - Civil § 45.30 (2006)). Serving a single written objection alone does nothing to preserve any objections or excuse Bagshaw's failure to comply with the subpoena. *See Id.* at *5-*7 n.3. Moreover, "[a] motion to quash or modify 'must be made promptly,' allowing it to 'be heard *and granted before* the scheduled deposition.'" *Id.* at *5-*7 (citing to The Rutter Group, § 11:2288 (2006)) (emphasis in original). "A motion for protective order ordinarily should be noticed at the earliest possible time and ***certainly before*** the discovery procedure is set to occur." Rutter Group § 11:1162 (emphasis added).

Bagshaw has not only failed to file for a motion to quash or a protective order as early as practicable, he never filed one at all. With nearly a month between service of the subpoena and the noticed dated of deposition, Bagshaw had the opportunity to seek such protection as early as practicable before the deposition date passed. Instead, Bagshaw's counsel spewed forth false accusations of improper service along with a single objection before the deposition date passed. When pressed by Calcar to engage in a meaningful exchange of proposed dates before

the June 17 deadline, Bagshaw's counsel simply refused to offer alternate dates for the deposition. Bagshaw thus waived his single objection of unduly burdensome based on a lack of relevance by failing to file for a motion to quash or a protective order before the June 17 deposition. Calcar's counsel, however, on June 23, offer Bagshaw an opportunity to comply with the subpoena. Instead of working with Calcar's counsel, Bagshaw's counsel reiterated that the his earlier letter "satisfies all of [Bagshaw's] duties with regard to the subpoena" and therefore "Mr. Bagshaw . . . declines your request that he appear for deposition."

## IV. CONCLUSION

Calcar's need for the important and relevant deposition testimony far outweighs any inconvenience to Bagshaw. In light of Bagshaw's false accusations of improper service and failure to comply with the subpoena or seek any form of protection from this Court, Calcar respectfully requests this Court compel Bagshaw to provided deposition testimony.

DATED: June 26, 2008

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By /s/ Brian K. Brookey

Attorneys for Plaintiffs,
CALCAR, INC. and AMERICAN CALCAR, INC.

PJO PAS800716.1-*-06/26/08 3:21 PM

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2008 I electronically filed the document described as PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY OF THIRD PARTY DAVE BAGSHAW with the Clerk of the Court using the ECF system which will send notification of such filing to the parties. I further certify that I have served a true copy of the paper via electronic mail to the non-ECF participants as follows:

William C. Rooklidge
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, California 92614-8557

e-mail: rooklidgew@howrey.com

James Pistornio
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303

e-mail: pistorinoj@howrey.com

/s/Betty L. Venuti
Betty L. Venuti