ART HASAN, CA Bar No. 167323
art.hasan@cph.com
BRIAN K. BROOKEY, CA Bar No. 149522
brian.brookey@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiffs,
CALCAR, INC. and AMERICAN CALCAR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALCAR, INC., a California corporation; and AMERICAN CALCAR, INC., a Delaware corporation,<br><br>   Plaintiff(s),<br><br>vs.<br><br>THE CALIFORNIA CARS INITIATIVE, INC., an unknown business entity; and FELIX KRAMER, an individual,<br><br>   Defendant(s). | Case No. 3:08-MC-80083 MHP (WDBx)<br><br>Underlying Civil Action Pending in U.S. District Court for the Central District of California (Civil Action Case No. SACV07-00723)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SHORTEN TIME**<br><br>**Honorable Wayne D. Brazil** |

I. **NOTICE OF MOTION AND MOTION TO SHORTEN TIME**

TO DAVE BAGSHAW, THE CALIFORNIA CARS INITIATIVE, INC., FELIX KRAMER AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Calcar, Inc. and American Calcar, Inc. (collectively "Calcar"), Plaintiffs in the above referenced action pending in the Central District of California, by and through their attorneys, Christie, Parker & Hale, LLP, move for an Order shortening time for this Court to hear Plaintiffs' Motion to Compel currently set to be heard on August 6,

-1-

2008 at 4:00 p.m. Pursuant to Local Rule 6-3(c), any opposition to this motion to shorten time must be filed no later than the third court day after receiving this motion.

## II. RELIEF REQUESTED

The relief sought by Calcar via this motion includes the following:

1. An Order shortening the time for the Court to hear Plaintiffs' Motion to Compel and setting the hearing for July 9, 2008; and

2. An Order requiring Google, Inc. to file any opposition to Plaintiffs' motion to compel by July 3, 2008; and

3. An Order allowing Plaintiffs to file a reply by July 7, 2008.

Calcar submits the following Memorandum of Points and Authorities and the concurrently filed Declaration of G. Warren Bleeker in support of Plaintiffs' motion.

## III. MEMORANDUM OF POINTS AND AUTHORITY

### A. Reasons for Shortening Time

The reason Calcar seeks to shorten the time is that witness lists, exhibit lists and memorandums of fact and law must be submitted by July 21, 2008. Shortening time for this Court to hear Plaintiffs' Motion to Compel would allow for the discovery in the underlying trademark infringement case.

On May 23, 2008, Calcar served Bagshaw with a subpoena issued from this Court and a check for witness fees and mileage for deposition testimony to occur on June 17, 2008. (Declaration of G. Warren Bleeker ("Bleeker Decl.") filed herewith, Exs. A & B.) Bagshaw remained silent for two weeks after being served. (*Id.* at ¶ 3.) Finally, on June 5, 2008, Bagshaw's counsel sent a letter to Calcar's counsel acknowledging the June 17 deposition date, but falsely claiming improper service because Calcar "sent" the subpoena to Bagshaw and "it appears that no witness fees or mileage fees were provided with the subpoena." (*Id.*, Ex. C.) Calcar's counsel sent a letter to Bagshaw's counsel enclosing proof of *personal* service of both the subpoena and check for witness fees and mileage fees along with a copy of the check. (*Id.*, Ex. D.)

The June 5 letter from Bagshaw's counsel also asserted that Bagshaw would not be available on June 17. (*Id.*, Ex. C.) Accommodating Bagshaw's purported unavailability, Calcar

responded on June 12 that it was "willing to consider alternate dates." (*Id.*, Ex. D.) When Calcar attempted to ascertain whether Bagshaw would comply with the subpoena and appear at the deposition, Bagshaw's counsel simply stated "Bagshaw will not be appearing on June 17." (*Id.*, Ex. E.) Although Bagshaw's counsel claimed he would "respond in due course," he failed to do so before the June 17 deposition date. (*Id.* at ¶ 5, Ex. E.) Thus, the June 17 deposition date passed without any action or communication from Bagshaw regarding his failure to comply with the subpoena. On June 19, Calcar's counsel broached the subject of Bagshaw's availability during a break in the deposition of Ronald Gremban, but Bagshaw's counsel still refused to provide a date. (*Id.* at ¶ 6.) Finally, on June 23, ten days after Bagshaw's counsel stated he would respond, Calcar's counsel sent another email to Bagshaw's counsel to see if Bagshaw would comply with the subpoena and attend his deposition. (*Id.*, Ex. F.) Bagshaw's counsel finally responded on June 24 in a letter that reasserts improper service, lack of relevance and claims Bagshaw's single objection "satisfied all of [Bagshaw's] duties with regard to the subpoena." (*Id.*, Ex. G.) Bagshaw's counsel asserts in the June 24 letter that "Mr. Bagshaw will not voluntarily subject himself to that conduct and, for that additional reason, declines your request that he appear for deposition." (*Id.*)

The imminent deadline to submit witness lists, exhibit lists and memorandums of fact and law (July 21) combined with Calcar's reliance upon Bagshaw's duty to obey the subpoena prevent Calcar from bringing a regularly scheduled motion under this Court's Local Rules. Calcar attempted on multiple occasions and in multiple ways to meet and confer with Bagshaw's counsel in accordance with Local Rule 30-1. Bagshaw, however, failed to cooperate and refused to discuss alternate dates for the deposition until the effective date to file a regularly noticed motion had passed. As required by Local Rule 7-2, "motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." Adherence to these timing requirements would put the motion on for hearing past the Central District Court's July 21 deadline for witness lists, exhibit lists and memorandums of facts and law. Further, the first available date for hearing before this Court is August 6, 2008, well past the date set by the Central District Court and only

-3-

20 days before trial on August 26, 2008.

If this Court does not hear Plaintiff's Motion to Compel on a shortened timetable, Plaintiffs would suffer severe prejudice without access to information possessed by Bagshaw. Further, Plaintiffs should not suffer for Bagshaw's dilatory and evasive tactics to avoid providing relevant testimony.

### B. Calcar's Efforts to Stipulate to a Time Change

Calcar's counsel contacted counsel for Bagshaw on June 26, 2008 in order to obtain agreement on the dates proposed herein. (Declaration of Patrick J. Ormé filed herewith, Ex. A.) Bagshaw's counsel refused to stipulate to any shortening of time. (*Id.*)

### C. Substantial Harm and Prejudice Would Result With No Shortening of Time

If the motion to shorten time is not granted, Plaintiffs will be harmed and prejudiced in pursuing claims of trademark infringement against Defendants The California Cars Initiative, Inc. ("TCCI") and Felix Kramer (collectively "TCCI"). Plaintiffs own the CALCAR mark, but Bagshaw's role as Senior Advisor to TCCI with his technical and marketing expertise allowed TCCI to use and promote the infringing CALCARS mark. (Bleeker Decl. at ¶ 9, Ex. H.) Plaintiffs merely seek testimony regarding Bagshaw's knowledge of and role in promoting products similar to Plaintiffs, any incidents of actual confusion between the parties as sources for goods, marketing channels used by TCCI to sell its goods, and market knowledge regarding the types of goods and the degree of care likely to be exercised by a purchaser and any planned expansion of TCCI's product lines. The information sought is relevant to the likelihood of confusion factors necessary to show trademark infringement. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) (providing list of likelihood of confusion factors).

Without the shortening of time, Plaintiffs will not have an opportunity to have their Motion to Compel heard prior to the deadline for providing witness lists, exhibit lists and memorandums of fact and law. If heard and granted later than the requested July 9 date, Plaintiffs will not have an opportunity to depose Bagshaw before the July 21 deadline set by the Central District Court's Order. Such an outcome would prejudice Plaintiffs in pursuit of their trademark infringement claims against TCCI.

### D. Compliance with Discovery Rules

On June 19, 2008 counsel for Calcar and Bagshaw met and conferred in compliance with Local Rule 37-1(a) to resolve the discovery dispute. (Bleeker Decl. at ¶ 6.) Calcar believes Bagshaw should comply with the deposition subpoena and appear to provide deposition testimony.

### E. Prior Time Modification in This Case

With the exception of the April 7, 2008 Central District Court Order modifying the discovery schedule, no other modifications have occurred either by stipulation or Court order. (*Id.* at ¶ 11.)

### F. Shortening Time Would Not Affect the Case Schedule

Shortening the time for hearing would not impact the current case schedule.

## IV. CONCLUSION

Bagshaw's decision to ignore the subpoena prevents Plaintiffs' Motion to Compel from being heard before the deadline for providing witness lists, exhibit lists and memorandums of fact and law. Plaintiffs would suffer prejudice in pursuing their trademark infringement claims. Bagshaw possesses relevant testimony regarding Defendants use and promotion of the infringing mark. Shortening the time in this matter would not affect the case schedule, but instead would allow justice to prevail.

DATED: June 26, 2008

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By _____
Brian K. Brookey

Attorneys for Plaintiffs,
CALCAR, INC. and AMERICAN CALCAR, INC.

PJO PAS800718.1-*-06/26/08 3:46 PM

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2008 I electronically filed the document described as PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SHORTEN TIME with the Clerk of the Court using the ECF system which will send notification of such filing to the parties. I further certify that I have served a true copy of the paper via electronic mail to the non-ECF participants as follows:

William C. Rooklidge
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, California 92614-8557

e-mail: rooklidgew@howrey.com

James Pistornio
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303

e-mail: pistorinoj@howrey.com


                                          /s/Betty L. Venuti
                                             Betty L. Venuti