1  JAMES C. PISTORINO (State Bar No. 226496)
   HOWREY LLP
2  1950 University Avenue, 4th Floor
   East Palo Alto, CA  94303
3  Telephone:  (650) 798-3500
   Facsimile:   (650) 798-3600
4  E-mail:  PistorinoJ@howrey.com

5  WILLIAM C. ROOKLIDGE (State Bar No. 134483)
   HOWREY LLP
6  4 Park Plaza, Suite 1700
   Irvine, CA  92614-8557
7  Telephone:  (949) 721-6900
   Facsimile:   (949) 721-6910
8  E-mail:  RooklidgeW@howrey.com

9  Attorneys for Defendants
   THE CALIFORNIA CARS INITIATIVE, INC.
10 and FELIX KRAMER and
   Third Party DAVE BAGSHAW

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15

16 CALCAR, INC., a California corporation; and       Case No. 3:08-MC-80083 MHP (WDBx)
   AMERICAN CALCAR, INC., a Delaware
17 corporation,                                      Underlying Civil Action Pending in U.S.
                                                     District Court for the Central District of
18                          Plaintiffs,              California (Civil Action Case No.
                                                     SACV07-00723)
19                v.

20 THE CALIFORNIA CARS INITIATIVE, INC., an          **THIRD PARTY DAVE BAGSHAW'S
   unknown business entity; and FELIX KRAMER, an     OPPOSITION TO PLAINTIFFS'
21 individual,                                        MOTION TO SHORTEN TIME**

22                          Defendants.              **Honorable Wayne D. Brazil**

23

24

25

26

27

28

HOWREY LLP   THIRD PARTY DAVE BAGSHAW'S OPPOSITION
             TO PLAINTIFFS' MOTION TO SHORTEN TIME
             Case No. 3:08-MC-80083 MHP (WDBx)

Third party Dave Bagshaw (hereinafter "Mr. Bagshaw") opposes Plaintiffs Calcar Inc. and American Calcar Inc.'s Motion to Shorten Time to Respond to a Motion to Compel Mr. Bagshaw to appear for a deposition.[1]  Plaintiffs' motion should be denied because:

(1)    there is no pressing need to expedite the schedule of the underlying motion and any alleged inconvenience to Plaintiffs is the result of Plaintiffs' own conduct;

(2)    despite the Certificate of Service asserting service on June 26, Plaintiffs did not serve the underlying motion until June 30, 2008, leaving Mr. Bagshaw only four business days to respond to a ten (10) page motion with seven (7) exhibits during a period when Mr. Bagshaw is out of town on a previously-scheduled family vacation as well as only three (3) court days to respond to Plaintiffs' motion to shorten time supported by two (2) declarations and eight (8) exhibits filed more than twenty (20) days after Mr. Bagshaw served objections indicating that he would not appear;

(3)    Plaintiffs' underlying motion lacks merit in that Mr. Bagshaw was not properly served with the subpoena as no witness or mileage fees were provided; and

(4)    further, a deposition of Mr. Bagshaw would be unduly burdensome and oppressive as Mr. Bagshaw lacks any relevant information and/or any minimal alleged relevance is outweighed by the burden on Mr. Bagshaw, especially when considered in light of Plaintiffs' counsel's conduct generally and at prior depositions.

# I.    BACKGROUND

Mr. Bagshaw is the former CEO of Shutterfly, Inc. (the well known picture sharing website) and also formerly held senior positions with Silicon Graphics, Excite@Home, and @ Home Networks.

---

[1]    If the Court should choose to shorten time or go forward with the hearing on August 6, Mr. Bagshaw requests that the hearing date be moved to the next available dates thereafter.  Counsel for Mr. Bagshaw will be out of town on previously-scheduled travel on July 9 and August 6.  Counsel for Bagshaw would be available during the weeks of July 14 or August 11.  As shown in Exhibit A to the Ormé Declaration, after waiting 21 days after Mr. Bagshaw's service of objections, on June 26, Plaintiffs' counsel sent Mr. Bagshaw's counsel an email with proposed dates regarding shortening of time and demanding a response within four hours.  Plaintiffs' counsel sent this email knowing that Mr. Bagshaw's counsel was occupied attending to a deposition that Plaintiffs had scheduled for that same day.

1    Defendant The California Cars Initiative (TCCI) is a non-profit advocacy group dedicated to

2    promoting plug-in electric hybrid vehicles (PHEVs).  TCCI sells no products or services.  For

3    approximately five months in 2006-07, Mr. Bagshaw volunteered some of his time to TCCI.  Mr.

4    Bagshaw has not been a TCCI volunteer since early-mid 2007.

5    The underlying case was filed in June 2007 (after Mr. Bagshaw was no longer a volunteer for

6    TCCI) and concerns Plaintiffs' allegations of trademark infringement by TCCI.  Plaintiffs sell

7    manuals/guides that may be placed in new cars using the names "Quick Tips" or "Startup Tips."  These

8    items are totally unrelated to PHEVs.  In an effort to avoid discovery of Plaintiffs' financial information,

9    Plaintiffs have dropped any claim to damages and now assert that they only seek an injunction against

10   non-profit TCCI.

11   The discovery deadline was scheduled for April 8, 2008.  While the deadline for written

12   discovery closed on April 8, on April 7 and May 15, the Court issued orders extending the deadline for

13   taking depositions to June 30, 2008.  Plaintiffs made no effort to seek Mr. Bagshaw's deposition until

14   May 23, 2008, after the original close of discovery, nearly one year after the case was filed, and

15   approximately one month before the revised close of deposition discovery.  On May 27, 2008, a process

16   server served Mr. Bagshaw with a subpoena but failed to serve witness or mileage fees.[2]  Though he

17   had no duty to do so, on June 5, 2008, Mr. Bagshaw served objections to the subpoena – noting the

18   failure to serve witness and mileage fees.  On June 12 (a week later), Plaintiffs responded by letter

19   demanding that Mr. Bagshaw appear on June 17.  A meet and confer was held on June 19 where counsel

20   for Mr. Bagshaw repeated Mr. Bagshaw's objections to the subpoena.  On June 23, Plaintiffs' counsel

21   sent an email asserting that Plaintiffs will "seek sanctions."  (*See* Exhibit E to Bleeker Declaration at p.

22   1.)  Mr. Bagshaw's counsel responded on June 24, indicating that Mr. Bagshaw stood on his objections.

23

24   _____

25   [2]   Plaintiffs' motion represents:  "On May 23, 2008, Calcar served Bagshaw with a subpoena
     issued from this Court and a check for witness fees and mileage for deposition testimony to occur on
26   June 17, 2008."  (Mot. at 2 (citing Exhibits A and B to the Bleeker Declaration).)  Even as set forth in
     the exhibits to Plaintiffs' motion, that statement is incorrect.  On May 23, Plaintiffs signed the subpoena
27   served on Mr. Bagshaw but the subpoena – minus witness and mileage fees – was not served until May
     27.  (*See* Exhibit A to the Bleeker Declaration (noting alleged service on May 27).)

28

1    On June 26, Plaintiffs filed a motion to compel Mr. Bagshaw to appear for deposition as well as

2  the instant motion to shorten time.  While the motion to compel includes a Certificate of Service

3  executed by Plaintiffs' assistant, Betty Venuti, asserting that the motion was served by email on June 26

4  on counsel for Mr. Bagshaw (Mr. James Pistorino) as well as counsel for TCCI (Mr. William

5  Rooklidge), the motion was not served on either Mr. Bagshaw's or defendant's counsel.  On June 30,

6  Plaintiffs' counsel (Mr. Warren Bleeker) responded to an inquiry regarding service of the motion to

7  compel conceding that the motion was not served as stated in the Certificate of Service and serving a

8  copy of the motion for the first time.  (*See* Pistorino Declaration, filed concurrently herewith, at Ex. A.)

9  As of this writing, the incorrect Certificate of Service has not been corrected by Plaintiffs.

10    Plaintiffs have been engaged in a campaign of harassing volunteers and donors to TCCI.  For

11  example, Google was a donor to TCCI and Plaintiffs previously sought to compel Google to appear for

12  a FED. R. CIV. P. 30(b)(6) deposition.  On May 14, 2008, this Court denied Plaintiffs' motion compel

13  and granted Google's motion for protective order finding Plaintiffs' relevance arguments

14  "extraordinarily thin."  (*See* Dkt. No. 29 at 2.)

15        **A.    There Is No Pressing Need To Expedite The Schedule Of The Underlying Motion
         And Any Alleged Inconvenience Is The Result Of Plaintiffs' Own Conduct**

16

17    As noted above, Plaintiffs made no effort to serve Mr. Bagshaw with a subpoena until May 27,

18  2008, nearly a year after the underlying suit was filed and after the original discovery deadline.  On June

19  5, Mr. Bagshaw notified Plaintiffs that service was improper (because no witness or mileage fees were

20  provided) yet Plaintiffs made no effort to properly serve Mr. Bagshaw and waited a week to even

21  respond.  After Mr. Bagshaw did not appear and repeated his objections on June 19, Plaintiffs waited yet

22  another week before filing the present motion.

23    Trial in the underlying matter is set for August 21.  Accordingly, the motion to compel could be

24  heard on August 6 (or another appropriate date) and a deposition conducted thereafter if necessary, well

25  in advance of trial.

26

27

28

**B.    Shortening The Schedule Would Not Provide Mr. Bagshaw Adequate Time To Respond**

As noted above, Mr. Bagshaw is currently on a family vacation from which he will not return until after the July 4th holiday.  Further, as noted above, Plaintiffs' counsel was on notice for weeks that Mr. Bagshaw objected to the subpoena.  Having waited weeks to file the present motion, Plaintiffs' counsel seeks to provide Mr. Bagshaw just three court days from service of the motion to shorten time to respond.  That is not adequate time for Mr. Bagshaw to properly respond.

**C.    The Subpoena Is Invalid Because No Witness Or Mileage Fees Were Tendered**

It is elemental that a subpoena is invalid if witness and mileage fees are not tendered simultaneously with the alleged service of the subpoena.  *See* 9 Moore's Federal Practice § 45.21[2][a]; *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983).

In the present case, Mr. Bagshaw was not served with witness and mileage fees and, thus, the subpoena is invalid.  (*See* Bagshaw Declaration, filed concurrently herewith, at ¶ 5.)

While Plaintiffs have provided a proof of service from the process server asserting that witness and mileage fees were tendered, in fact, none were.  This would not be the first time in this case that a proof of service from a process server turned out to be incorrect.  Indeed, previously, Plaintiffs provided a proof of service from a process server asserting that personal service occurred at ~3:00am at an office of the University of California at Berkeley and that witness and mileage fees were tendered.  Plaintiffs chose not to pursue the matter when the subpoenaed party pointed out that the office was not open at ~3:00am, the person allegedly served was not present then, and that no witness or mileage fees were provided in any of the materials that were served at a different time.  (*See* Pistorino Decl. Ex. B.)  Indeed, as noted above, it is undisputed that the Certificate of Service on the underlying motion to compel is not factually correct.

Mr. Bagshaw stands by his statement that witness and mileage fees were not served by the process server.

**D.    A Deposition Of Mr. Bagshaw Would Be Unduly Burdensome And Oppressive**

As noted above, Mr. Bagshaw was a volunteer for TCCI for a brief period between December 2006 and early-mid May 2007.

Plaintiffs have failed to identify any relevant information that Mr. Bagshaw might have. Plaintiffs assert that Mr. Bagshaw might have information regarding "Bagshaw's knowledge of and role in promoting products similar to plaintiffs," "marketing channels used by TCCI to sell its goods," and "planned expansion of TCCI product lines." (Mot. at 4.)  As TCCI has no products, Mr. Bagshaw has no information on any of these topics.  Likewise, Plaintiffs' claim that Mr. Bagshaw might have information on "incidents of actual confusion" is both entirely speculative and incorrect.  Mr. Bagshaw has no such information.  A deposition seeking information that Mr. Bagshaw does not have about TCCI products which do not exist would be unduly burdensome and oppressive.  Plaintiffs have already deposed TCCI's founder (Felix Kramer) and another TCCI' volunteer (Ron Gremban), both of whom had never heard of Plaintiffs before this suit and denied that TCCI had products.

A deposition would also be unduly burdensome and oppressive given Plaintiffs' conduct during the case generally and at the recent deposition of TCCI volunteer Ron Gremban.

There, the following exchanges occurred:

MR. BLEEKER:  Q.  What type of computer program was it?

MR. PISTORINO:  Objection; vague.

THE WITNESS:  What do you mean by "type"?

MR. BLEEKER:  Q.  You don't know what the word "type" means?

MR. PISTORINO:  And actually let the record reflect that Mr. Bleeker just laughed at the witness.  Mr. Bleeker, really, that's just unprofessional.  I ask you not to do that again, please.

MR. BLEEKER:  Well, Mr. Pistorino, you know, I've given you a little bit of leeway, but you've been -- your speaking objections are fairly out of line, and you're going to cause this deposition to go way longer than it should go by objecting to every question, and Mr. Gremban is -- he is a -- he has a degree from Cal Tech in engineering.  He seems like a very intelligent man.  And so based on your instructions, any time you give the objection "vague and ambiguous," then clearly Mr. Gremban is claiming not to understand certain words such as "education" and "type," which are simple words used in everyday conversation, and given Mr. Gremban's technical background, and his degree from Cal Tech, and his obvious intelligence, I assume he does know what these words mean.  I was not laughing at Mr. Gremban, but I was laughing at your approach to stonewall this deposition for some reason and make it last a lot longer than it should last.

1    MR. PISTORINO:  Well, clearly the transcript of the deposition will reflect what
2    occurred here, except for you laughing at the witness, and I'll caution you that should that
     happen again, we'll seek appropriate relief from the court.  Now, if you have a question for
3    the witness.

4    MR. BLEEKER:  I will ask you to stop your speaking objections and stop
     mischaracterizing what has occurred.  At no time did I laugh at the witness, so that's an
5    incorrect statement and false statement, and I'd appreciate you stop making false statements
     on the record; thank you.

6    (*See* Pistorino Decl. Ex. C at 19:22-21:14.)  Mr. Bleeker's statement that he did not laugh at the witness

7    is contradicted by the transcript excerpt above and the accompanying declarations of Ron Gremban and

8    James Pistorino.  (*See* Gremban Decl. at ¶ 3 and Pistorino Decl. at ¶ 6.)

9        Likewise, Plaintiffs' counsel has taken to referring to Mr. Gremban's office manager (Ms. Lynne

10   McAlister) as his "paramour" after Mr. Gremban indicated that Ms. McAlister is also his girlfriend.

11   (*See* Pistorino Decl. Ex. D; *see also* Gremban Decl. at ¶ 4.)

12       A volunteer should not be subjected to this kind of treatment and a deposition subjecting Mr.

13   Bagshaw to this kind of conduct would be unduly burdensome and oppressive.

14   **II.    CONCLUSION**

15       For the reasons set forth above, Plaintiffs' motion to shorten time should be denied.

16   Dated:  July 1, 2008                              Respectfully submitted,

17

18                                          By:      /s/ James C. Pistorino
                                                     James C. Pistorino
19                                                   HOWREY LLP
                                                     1950 University Avenue, 4th Floor
20                                                   East Palo Alto, CA  94303
                                                     Telephone:  (650) 798-3500
21                                                   Facsimile:  (650) 798-3600
                                                     E-mail:  PistorinoJ@howrey.com
22
                                                     William C. Rooklidge
23                                                   HOWREY LLP
                                                     4 Park Plaza, Suite 1700
24                                                   Irvine, CA  92614-8557
                                                     Telephone:  (949) 721-6900
25                                                   Facsimile:  (949) 721-6910
                                                     E-mail:  RooklidgeW@howrey.com
26
                                                     Attorneys for Defendants
27                                                   THE CALIFORNIA CARS INITIATIVE, INC.
                                                     and FELIX KRAMER and Third Party DAVE
28                                                   BAGSHAW