JAMES C. PISTORINO (State Bar No. 226496)
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Telephone: (650) 798-3500
Facsimile: (650) 798-3600
E-mail: PistorinoJ@howrey.com

WILLIAM C. ROOKLIDGE (State Bar No. 134483)
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614-8557
Telephone: (949) 721-6900
Facsimile: (949) 721-6910
E-mail: RooklidgeW@howrey.com

Attorneys for Defendants
THE CALIFORNIA CARS INITIATIVE, INC.
and FELIX KRAMER and
Third Party DAVE BAGSHAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALCAR, INC., a California corporation; and AMERICAN CALCAR, INC., a Delaware corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE CALIFORNIA CARS INITIATIVE, INC., an unknown business entity; and FELIX KRAMER, an individual,<br><br>　　　　　　　　Defendants. | Case No. 3:08-MC-80083 MHP (WDBx)<br><br>Underlying Civil Action Pending in U.S. District Court for the Central District of California (Civil Action Case No. SACV07-00723)<br><br>**DECLARATION OF JAMES C. PISTORINO IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN TIME**<br><br>**Honorable Wayne D. Brazil** |

**HOWREY LLP**

DECLARATION OF JAMES C. PISTORINO IN SUPPORT OF
OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN TIME
Case No. 3:08-MC-80083 MHP (WDBx)

I, James C. Pistorino, declare as follows:

1. I make the following declaration based on my personal knowledge and of my own free will. I am over 21 years of age. I am an attorney and partner at Howrey LLP and am admitted to practice in the State of California. I represent Third Party Dave Bagshaw, Third Party Ron Gremban, and Defendants The California Cars Initiative, Inc. and Felix Kramer in this action. The statements set forth herein are based upon my own personal knowledge and I would testify as set forth if called as a witness at trial.

2. Attached hereto as Exhibit A is a true and correct copy of an email from G. Warren Bleeker to James Pistorino and William Rooklidge, dated June 30, 2008, enclosing a copy of Plaintiffs' motion to compel and accompanying documents.

3. Attached hereto as Exhibit B is a true and correct copy of a letter from James C. Pistorino to G. Warren Bleeker, dated May 18, 2008.

4. Attached hereto as Exhibit C is a true and correct copy of an excerpt from the transcript of the deposition of Ronald Gremban, taken on June 19, 2008.

5. Attached hereto as Exhibit D is a true and correct copy of an excerpt of an email from Brian Brookey to James Pistorino, dated June 26, 2008.

6. On June 19, 2008, I represented Ron Gremban during a deposition conducted by counsel for Plaintiffs, Mr. Warren Bleeker. During the deposition, Mr. Bleeker laughed at Mr. Gremban in a disrespectful manner when Mr. Gremban sought clarification as to what Mr. Bleeker meant by a "type" of computer program. Because the deposition was not being videotaped, I noted Mr. Bleeker's conduct on the record.

7. I understand that Mr. Dave Bagshaw has been traveling on a family vacation since last week and I only have intermittent contact with him. Mr. Bagshaw has informed me that he will return to the Bay Area after the July 4th holiday. I understand that Mr. Bagshaw does not have access to facilities to print or scan documents. However, I communicated Mr. Bagshaw's declaration to him and he affirmed the statements therein. Mr. Bagshaw authorized me to execute the declaration for him and he affirmed that he will execute an original of the declaration upon his return.

**HOWREY LLP**

DECLARATION OF JAMES C. PISTORINO IN SUPPORT OF
OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN TIME
Case No. 3:08-MC-80083 MHP (WDBx)

1

1  8. I have previously scheduled out-of-town travel on July 7-9, July 20-21, and August 2-9.
2  Accordingly, I am not available to personally attend a hearing on this matter on those dates. Should the
3  Court proceed with a hearing on this matter, I respectfully request that it be scheduled for a day when I
4  can attend in person to represent Mr. Bagshaw.

5  I declare under penalty of perjury under the laws of the United States of America that the
6  foregoing is true and correct, and that this declaration was executed on this 1st day of July, 2008, at East
7  Palo Alto, California.

                                                        /s/ James C. Pistorino
                                                        JAMES C. PISTORINO

28  21318578

**HOWREY LLP**

DECLARATION OF JAMES C. PISTORINO IN SUPPORT OF     2
OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN TIME
Case No. 3:08-MC-80083 MHP (WDBx)

# EXHIBIT A

**Pistorino, James**

| | |
|---|---|
| **From:** | G. Warren Bleeker [warren.bleeker@cph.com] |
| **Sent:** | Monday, June 30, 2008 2:26 PM |
| **To:** | Pistorino, James; Rooklidge, William |
| **Cc:** | Brian Brookey |
| **Subject:** | Bagshaw Motion to compel |
| **Attachments:** | Proposed Order to Compel.pdf; Exh G to Bleeker Decl.pdf; Exh F to Bleeker Decl.pdf; Exh E to Bleeker Decl.pdf; Exh D to Bleeker Decl.pdf; Exh C to Bleeker Decl.pdf; Exh B to Bleeker Decl.pdf; Exh A to Bleeker Decl.pdf; Mot to Compel.pdf; Bleeker Decl.pdf |

James--

I have spoken with Ms. Venuti and she remembers attaching the motion to compel (and accompanying documents) to the email she sent you last Thursday. However, her copy of the sent email indicates only that the motion to shorten time (and accompanying documents) was actually transmitted.

Attached is the motion to compel and accompanying documents.

--Warren


<<Proposed Order to Compel.pdf>> <<Exh G to Bleeker Decl.pdf>> <<Exh F to Bleeker Decl.pdf>> <<Exh E to Bleeker Decl.pdf>> <<Exh D to Bleeker Decl.pdf>> <<Exh C to Bleeker Decl.pdf>> <<Exh B to Bleeker Decl.pdf>> <<Exh A to Bleeker Decl.pdf>> <<Mot to Compel.pdf>> <<Bleeker Decl.pdf>>

7/1/2008

# EXHIBIT B



Howrey LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
www.howrey.com

**James C. Pistorino**
Partner
T 650.798.3580
F 650.798.3600
PistorinoJ@howrey.com

May 18, 2008

FILE: 08085.0214.000000

**VIA E-MAIL & U.S. MAIL**
warren.bleeker@cph.com

G. Warren Bleeker, Esq.
CHRISTIE PARKER HALE LLP
350 W. Colorado Blvd., Suite 500
Pasadena, CA  91105

Re:   *Calcar, Inc., et al. v. The California Cars Initiative, et al.*
      U.S.D.C. C.D. Cal. Case No. SACV 07-00723 AG (MLGx)

Dear Mr. Bleeker:

I am writing in response to your letter of May 15, 2008 regarding the subpoena sent to Dr. Daniel Kammen. Respectfully, I disagree with your assertions. Dr. Kammen is a third-party to this litigation and your course of conduct is not consistent with your duties under FED.R.CIV.P. 45(c)(1) to avoid imposing an undue burden on Dr. Kammen.

First, as noted in my letter of May 15, Dr. Kammen was not personally served with the subpoena. The proof identifies Alexandra Kamel as a "Legal Executive/Authorized to Accept Service." Ms. Kamel is a part-time, work-study student and has never been authorized to accept service on Dr. Kammen's behalf. Moreover, Ms. Kamel never held herself out to the process server as either a "legal executive" or as "authorized to accept service." In addition, the proof asserts that the subpoena was served at 3:49am. I am informed that the laboratory at Berkeley opens at 9:00am and closes at 4:00pm and that: 1) it was not open at 3:49am on May 1; and 2) Ms. Kamel did not work at 3:49am on May 1. Thus, the subpoena simply could not have been served as claimed. Finally, the assertion that witness and mileage fees were paid also appears to be erroneous. To date, we have been unable to locate any record of having received a check and Ms. Kamel does not recall receiving one from the process server. For at least these reasons, the service was defective.

Second, Dr. Kammen served objections within 14 days of even the defective service. Therefore, Dr. Kammen complied with FED.R.CIV.P. 45(c)(2)(B). If plaintiffs choose to persist in attempting to enforce the defective subpoena, then plaintiffs must file a motion to compel. Your complaints regarding the timing of Dr. Kammen's objections are wholly without basis. Even if service was proper (which it certainly was not), Dr. Kammen's only duty was to serve objections within 14 days, which he has done. Nevertheless, it is likely that Dr. Kammen would have responded earlier had he been personally served or had you made any effort to schedule the deposition with him prior to the defective service. As I previously informed you, Dr. Kammen

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MADRID  MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US:21229459_1

# HOWREY

Dr. Daniel M. Kammen
May 18, 2008
Page 2

was out of the country through May 8 and was not personally served. Within 7 days of his return, he retained Howrey to represent him in this matter and timely served objections to the defective subpoena.

Third, your letter asserts that Dr. Kammen is a "director" of TCCI. That is incorrect. Moreover, that TCCI lists Dr. Kammen as a "key advisor" certainly does not make testimony from Dr. Kammen relevant to anything. To the extent that plaintiffs assert that Dr. Kammen has any relevant information, please identify all such alleged information so that we can evaluate it in light of the burden on Dr. Kammen's very busy schedule.

Finally, your course of conduct in regard to the subpoena is improper. Pursuant to FED.R.CIV.P. 45(c)(1), you have a duty to take reasonable steps to avoid imposing an undue burden on Dr. Kammen. One "reasonable step" is the scheduling of the deposition itself. You made no effort to schedule the deposition with Dr. Kammen before the defective service and unilaterally picked a date that conflicts with his previously scheduled testimony before a government agency. When timely notified of the conflict, you have chosen to respond with the threat of a motion for contempt. That conduct is in violation of FED.R.CIV.P. 45(c)(1) and Dr. Kammen will seek relief under that section if you persist.

With respect to your request for a meet and confer, I am available on Monday or Wednesday.

Sincerely,

James Pistorino
JCP:lmh

DM_US:21229459_1

# EXHIBIT C

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2             CENTRAL DISTRICT OF CALIFORNIA
 3       _____
 4       CALCAR, INC., a California    )
 5       corporation; and AMERICAN     )
 6       CALCAR, INC., a Delaware      )
 7       corporation,                  )
 8                    Plaintiff,       )
 9       vs.                           ) NO. SAC07-00723
10       THE CALIFORNIA CARS           )    AG (JwJx)
11       INITIATIVE, INC., an unknown  )
12       business entity; and FELIX    )
13       KRAMER, an individual         )
14                    Defendants.      )
15       _____)
16          CONFIDENTIAL - ATTORNEYS' EYES ONLY
17
18       Deposition of RONALD GREMBAN, taken
19       at 525 Market Street, Suite 3600,
20       San Francisco, California, commencing
21       at 9:31 a.m., Thursday, June 19, 2008,
22       before Andrea M. Ignacio Howard, RPR,
23       CSR No. 9830.
24
25       PAGES 1 - 268
```

Page 18

1  A  Yes.

2  Q  Before filing your application, did you do

3  any search to determine if someone else had registered

4  the mark Private Eye?

5  A  Yes.

6      MR. PISTORINO:  Object.

7      MR. BLEEKER:  Q.  What did you --

8      MR. PISTORINO:  Actually, I'm going to go

9  ahead and designate the entire transcript

10 "Confidential Attorney's Eyes Only."

11     Mr. Bleeker, if you want it to stay that way,

12 obviously this material seems far afield concerning

13 his confidential business information.

14     MR. BLEEKER:  Actually, I think this

15 testimony is directly relevant to the issues at hand,

16 including trademark registration.

17     I understand you want to designate it

18 attorney's eyes only.  That's fine.  I would ask that

19 pursuant to the protective order, the parties aren't

20 supposed to designate entire transcripts.

21     So according to the terms of protective

22 order, I'll ask you to de-designate any portions that

23 are not confidential or not attorney's eyes only after

24 you've had the chance to review the transcript.

25     MR. PISTORINO:  I'm certain we'll comply with

1   the terms of the protective order. So far what I'm
2   hearing, I'm designating the transcript "Confidential
3   Attorney's Eyes Only," and I will review the matter
4   once we receive the transcript.
5           MR. BLEEKER:  Q.  Now, Mr. Gremban, you just
6   testified that you performed a search prior to
7   following your application for the trademark Private
8   Eye; correct?
9       A   Yes, I did.
10      Q   And what did you do to perform your search?
11          MR. PISTORINO:  Objection; vague.
12          THE WITNESS:  Would you explain that?
13          MR. BLEEKER:  Sure.
14      Q   What steps did you take in performing your
15  search?
16      A   I accessed the computer program.
17      Q   Which computer program?
18      A   I don't remember.
19      Q   Do you remember the type of computer program?
20          MR. PISTORINO:  Objection; vague.
21          THE WITNESS:  Could you ask more explicitly?
22          MR. BLEEKER:  Q.  What type of computer
23  program was it?
24          MR. PISTORINO:  Objection; vague.
25          THE WITNESS:  What do you mean by "type"?

```
 1            MR. BLEEKER:  Q.  You don't know what the
 2   word "type" means?
 3            MR. PISTORINO:  And actually let the record
 4   reflect that Mr. Bleeker just laughed at the witness.
 5            Mr. Bleeker, really, that's just
 6   unprofessional.  I ask you not to do that again,
 7   please.
 8            MR. BLEEKER:  Well, Mr. Pistorino, you know,
 9   I've given you a little bit of leeway, but you've
10   been -- your speaking objections are fairly out of
11   line, and you're going to cause this deposition to go
12   way longer than it should go by objecting to every
13   question, and Mr. Gremban is -- he is a -- he has a
14   degree from Cal Tech in engineering.  He seems like a
15   very intelligent man.  And so based on your
16   instructions, any time you give the objection "vague
17   and ambiguous," then clearly Mr. Gremban is claiming
18   not to understand certain words such as "education"
19   and "type," which are simple words used in everyday
20   conversation, and given Mr. Gremban's technical
21   background, and his degree from Cal Tech, and his
22   obvious intelligence, I assume he does know what these
23   words mean.
24            I was not laughing at Mr. Gremban, but I was
25   laughing at your approach to stonewall this deposition
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 21

1   for some reason and make it last a lot longer than it
2   should last.
3          MR. PISTORINO:  Well, clearly the transcript
4   of the deposition will reflect what occurred here,
5   except for you laughing at the witness, and I'll
6   caution you that should that happen again, we'll seek
7   appropriate relief from the court.  Now, if you have a
8   question for the witness.
9          MR. BLEEKER:  I will ask you to stop your
10  speaking objections and stop mischaracterizing what
11  has occurred.  At no time did I laugh at the witness,
12  so that's an incorrect statement and false statement,
13  and I'd appreciate you stop making false statements on
14  the record; thank you.
15     Q   Mr. Gremban, was this a software program that
16  you accessed?
17     A   Yes.
18     Q   And was there a search function on this
19  software program?
20     A   Yes.
21     Q   Besides accessing a computer program, what
22  other steps did you take to research the term "Private
23  Eye"?
24     A   That's all I did.
25     Q   And after performing a search on this

# EXHIBIT D

**Pistorino, James**

| | |
|---|---|
| From: | Pistorino, James |
| Sent: | Thursday, June 26, 2008 11:30 AM |
| To: | 'Brian.Brookey@cph.com'; 'warren.bleeker@cph.com' |
| Cc: | Rooklidge, William |
| Subject: | Re: Deposition of Dr. Frank |

Brian,

I will not respond to your comments except to say that Dr. Frank was also not served with mileage fees for a 100+ mile trip. Accordingly, the subpoena is totally defective.

Regards,
James Pistorino
James Pistorino
--------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Brian Brookey <Brian.Brookey@cph.com>
To: Pistorino, James; G. Warren Bleeker <warren.bleeker@cph.com>
Cc: Rooklidge, William
Sent: Thu Jun 26 13:32:34 2008
Subject: RE: Deposition of Dr. Frank

James --


You need to read the Rules yourself.  The FRCP is clear that serving objections to a document subpoena is enough to excuse a party from producing documents pending a motion to compel, but a motion for protective order or a motion to quash must be brought before a party disobeys a deposition subpoena.


It is bad enough that you effectively engaged in obstruction of justice by talking Dr. Frank out of complying with his legal obligations after he had agreed to do so, but I certainly hope you haven't been giving him incompetent legal advice regarding the consequences of disobeying the subpoena.


In the meantime, I again find myself requesting that you and Mr. Rooklidge discontinue your practice of making puerile ad hominem attacks (in addition to asserting speaking objections and asserting nonsensical objections like "attorney-client privilege" with respect to communications between an unrepresented party and his non-attorney paramour).


-----Original Message-----
From: Pistorino, James [mailto:PistorinoJ@howrey.com]
Sent: Thursday, June 26, 2008 10:23 AM
To: G. Warren Bleeker
Cc: Brian Brookey
Subject: Re: Deposition of Dr. Frank


Warren,

Thanks for your note.

1