JAMES C. PISTORINO (State Bar No. 226496)
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Telephone: (650) 798-3500
Facsimile: (650) 798-3600
E-mail: PistorinoJ@howrey.com

Attorneys for Third Party DAVE BAGSHAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALCAR, INC., a California corporation; and AMERICAN CALCAR, INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>     v.<br><br>THE CALIFORNIA CARS INITIATIVE, INC., an unknown business entity; and FELIX KRAMER, an individual,<br><br>                    Defendants. | Case No. 3:08-MC-80083 MHP (WDBx)<br><br>Underlying Civil Action Pending in U.S. District Court for the Central District of California (Civil Action Case No. SACV07-00723)<br><br>**THIRD PARTY DAVE BAGSHAW'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY AND COUNTERMOTION FOR PROTECTIVE ORDER**<br><br>Date:        **August 6, 2008**<br>Time:       **4:00 p.m.**<br>Courtroom: **4, 3rd Floor**<br><br>**Honorable Wayne D. Brazil** |

HOWREY LLP

THIRD PARTY DAVE BAGSHAW'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY
Case No. 3:08-MC-80083 MHP (WDBx)

Third party Dave Bagshaw opposes Plaintiffs Calcar Inc. and American Calcar Inc.'s Motion to Compel him to appear for a deposition. Plaintiffs' motion should be denied because:

(1) Mr. Bagshaw was not properly served with the subpoena as no witness or mileage fees were provided; and

(2) a deposition of Mr. Bagshaw would be unduly burdensome and oppressive as Mr. Bagshaw's testimony is not needed for Plaintiffs' case, Mr. Bagshaw lacks any relevant information and/or any minimal alleged relevance is outweighed by the burden on Mr. Bagshaw, especially when considered in light of Plaintiffs' counsel's conduct generally and at prior depositions.

Even in Plaintiffs' view, Mr. Bagshaw's testimony is not necessary to Plaintiffs' claims because Plaintiffs have already moved for summary judgment of liability without Mr. Bagshaw's testimony. (*See Calcar, Inc. v. The California Cars Initiative, Inc.*, U.S.D.C. – C.D. Cal. Case No. 8:07-cv-00723-AG-JWJ, Dkt. No. 100, filed June 30, 2008.) Moreover, Plaintiffs have already deposed both of TCCI's principals (Messrs. Felix Kramer and Ron Gremban) as well as another individual who simply had contact with TCCI (Dr. Andrew Frank).

For the reasons set forth above, Plaintiffs' motion should be denied and a protective order should issue barring Plaintiffs from further seeking to depose Mr. Bagshaw.

**I. BACKGROUND**

Mr. Bagshaw is the former CEO of Shutterfly, Inc. (the well known picture sharing website) and also formerly held senior positions with Silicon Graphics, Excite@Home, and @HomeNetworks.

Defendant The California Cars Initiative (TCCI) is a non-profit, advocacy group dedicated to promoting plug-in hybrid electric vehicles (PHEVs) as more efficient and environmentally superior to cars that are common today (*e.g.*, conventional internal combustion, electric, or standard hybrid vehicles such as the Toyota Prius). TCCI sells no products or services. As part of its advocacy efforts, TCCI places designs for PHEVs developed by volunteers in the public domain by posting them on the Internet for anyone to use. For approximately six months in 2006-07, Mr. Bagshaw volunteered some of his time to TCCI and in connection with that was assigned an email address. Mr. Bagshaw has not been a

HOWREY LLP

THIRD PARTY DAVE BAGSHAW'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY
Case No. 3:08-MC-80083 MHP (WDBx)

1

TCCI volunteer since early-mid 2007. Contrary to Plaintiffs' claims, Mr. Bagshaw has never been "hired" or "employed" by TCCI. (Mot. at 7.)

The underlying case was filed in June 2007 and concerns Plaintiffs' allegations of trademark infringement by TCCI. Plaintiffs sell manuals/guides that may be placed in new cars using the names "Quick Tips" or "Startup Tips." Plaintiff American Calcar, Inc. is also the owner of U.S. Patent No. 6,175,782 ("the '782 patent") entitled "System And Method For Adjusting Climate Control In Vehicles." (*See* Declaration of James C. Pistorino In Support of Third Party Dave Bagshaw's Opposition to Plaintiffs' Motion to Compel Deposition Testimony and Countermotion for Protective Order ("Pistorino Decl."), filed concurrently herewith, at Ex. 1.) That patent concerns a method and system for adjusting the air conditioning in a car and Plaintiffs have never sold any software or hardware related to the '782 patent under any name. Both the guides and the '782 patent are totally unrelated to PHEVs.[1] In an effort to avoid discovery of Plaintiffs' financial information, Plaintiffs have dropped any claim to "past economic damages."[2]

The discovery deadline was scheduled for April 8, 2008. While the deadline for written discovery closed on April 8, on April 7 and May 15, the Court issued orders extending the deadline for taking depositions to June 30, 2008. Plaintiffs made no effort to seek Mr. Bagshaw's deposition until May 23, 2008, after the original close of discovery, nearly one year after the case was filed, and approximately one month before the revised close of deposition discovery. On May 27, 2008, a process server served Mr. Bagshaw with a subpoena but failed to serve witness or mileage fees.[3] Though he

---

[1] Apparently because adjusting air conditioning in a car is so far removed from PHEVs, Plaintiffs have taken to referring to the '782 patent as "visual display and conversion kit technology" (Mot. at 2 and 7) in an effort to make it sound more like kits to convert a Toyota Prius, *e.g.*, to a PHEV.

[2] Plaintiffs failed to comply with the Magistrate's Order regarding production of financial information and the Magistrate (Judge Johnson) has indicated his intention to sanction Plaintiffs as a result. ("The Plaintiffs are going to get sanctioned." (Pistorino Decl. Ex. 2 at 4:3); "This is despicable." (*id.* at 8:24).) Magistrate Johnson has stayed ruling on this issue pending review of the underlying production order by the District Court (Judge Guilford).

[3] Plaintiffs' motion represents: "On May 23, 2008, Calcar served Bagshaw with a subpoena issued from this Court for deposition testimony." (Mot. at 3 (citing Exhibit A to the Bleeker Declaration)); "Calcar also served a check for witness fees and mileage along with the subpoena." (*Id.*) Even as set forth in the exhibits to Plaintiffs' motion, that statement is incorrect. On May 23, Plaintiffs
(Continued...)

HOWREY LLP

THIRD PARTY DAVE BAGSHAW'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY
Case No. 3:08-MC-80083 MHP (WDBx)

2

1  had no duty to do so, on June 5, 2008, Mr. Bagshaw served objections to the subpoena – noting the
2  failure to serve witness and mileage fees. On June 12 (a week later), Plaintiffs responded by letter
3  demanding that Mr. Bagshaw appear on June 17. A meet and confer was held on June 19 where counsel
4  for Mr. Bagshaw repeated Mr. Bagshaw's objections to the subpoena. On June 23, Plaintiffs' counsel
5  sent an email asserting that Plaintiffs will "seek sanctions." (*See* Exhibit E to Bleeker Declaration at p.
6  1.) Mr. Bagshaw's counsel responded on June 24, indicating that Mr. Bagshaw stood on his objections.

7  On June 26, Plaintiffs filed a motion to compel Mr. Bagshaw to appear for deposition as well as
8  a motion to shorten time. While the motion to compel includes a Certificate of Service executed by
9  Plaintiffs' assistant, Betty Venuti, asserting that the motion was served by email on June 26 on counsel
10 for Mr. Bagshaw (Mr. James Pistorino) as well as counsel for TCCI (Mr. William Rooklidge), the
11 motion was not served on either Mr. Bagshaw's or defendant's counsel. On June 30, Plaintiffs' counsel
12 (Mr. Warren Bleeker) responded to an inquiry regarding service of the motion to compel conceding that
13 the motion was not served as stated in the Certificate of Service and serving a copy of the motion for the
14 first time. [4] (*See* Dkt. No. 40-2 (Ex. A).) As of this writing, the incorrect Certificate of Service has not
15 been corrected by Plaintiffs.

16 Plaintiffs appear to be engaged in a campaign of harassing volunteers and donors to TCCI. For
17 example, Google was a donor to TCCI and Plaintiffs previously sought to compel Google to appear for
18 a FED. R. CIV. P. 30(b)(6) deposition. On May 14, 2008, this Court denied Plaintiffs' motion to compel
19 and granted Google's motion for protective order finding Plaintiffs' relevance arguments
20 "extraordinarily thin." (*See* Dkt. No. 29 at 2.)

---

(...Continued)

signed the subpoena served on Mr. Bagshaw but the subpoena – minus witness and mileage fees – was not served until May 27. (*See* Exhibit A to the Bleeker Declaration (noting alleged service on May 27).)

[4] Mr. Bagshaw has no doubt that Ms. Venuti's statement was an innocent mistake. Mr. Bagshaw points out this erroneous statement solely for the purpose of demonstrating that statements regarding service are incorrect from time to time.

**HOWREY LLP**

THIRD PARTY DAVE BAGSHAW'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY
Case No. 3:08-MC-80083 MHP (WDBx)

3

**A.    The Subpoena Is Invalid Because No Witness Or Mileage Fees Were Tendered**

It is elemental that a subpoena is invalid if witness and mileage fees are not tendered simultaneously with the alleged service of the subpoena. *See* 9 Moore's Federal Practice § 45.21[2][a]; *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983).

In the present case, Mr. Bagshaw was not served with witness and mileage fees and, thus, the subpoena is invalid.  (*See* Declaration of Dave Bagshaw In Support of Opposition to Plaintiffs' Motion to Compel Deposition Testimony ("Bagshaw Decl."), filed concurrently herewith, at ¶ 4.)  Mr. Bagshaw has never denied being served with the other papers comprising the subpoena but does deny that witness and mileage fees were tendered.

While Plaintiffs have provided a proof of service from the process server asserting that witness and mileage fees were tendered, in fact, none were.  This would not be the first time in this case that a proof of service from a process server turned out to be incorrect.  Indeed, previously, Plaintiffs provided a proof of service from a process server asserting that personal service occurred at ~3:00am at an office of the University of California at Berkeley and that witness and mileage fees were tendered.  Plaintiffs chose not to pursue the matter when the subpoenaed party pointed out that the office was not open at ~3:00am, the person allegedly served was not present then, and that no witness or mileage fees were provided in any of the materials that were served at a different time.  (*See* Dkt. No. 40-3 (Ex. B).)  Indeed, as noted above, it is undisputed that the Certificate of Service on Plaintiffs' Motion to Compel is not correct.

Mr. Bagshaw stands by his testimony that witness and mileage fees were not served by the process server.  Accordingly, the subpoena is invalid and Plaintiffs' motion to compel should be denied.

**B.    A Deposition Of Mr. Bagshaw Would Be Unduly Burdensome And Oppressive**

As noted above, Mr. Bagshaw was a volunteer for TCCI for a brief period between December 2006 and July 2007.  (*See* Bagshaw Decl. at ¶ 3.)

Plaintiffs have failed to identify any relevant information that Mr. Bagshaw might have. Plaintiffs assert that Mr. Bagshaw might have information regarding "the different marketing channels used by Defendants to provide its goods, the degree of care likely to be exercised by the purchaser and

HOWREY LLP

THIRD PARTY DAVE BAGSHAW'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY
Case No. 3:08-MC-80083 MHP (WDBx)

4

1  Defendants' plans to expand its product lines." (Mot. at 7.) As TCCI has no products or goods, Mr.
2  Bagshaw has no information on any of these topics. (*See* Bagshaw Decl. at ¶ 5.) In any event, any
3  information that Mr. Bagshaw might have would already have been provided in TCCI's document
4  production or depositions of TCCI's principals. Likewise, Plaintiffs' claim that Mr. Bagshaw might
5  have information on "incidents of actual confusion" is incorrect. (Mot. at 7.) Mr. Bagshaw has no such
6  information. Likewise, Mr. Bagshaw has no information about anything "similar to Calcar's patent
7  Auto Director goods." (*Id.*; *see also* Bagshaw Decl. at ¶ 6.) A deposition seeking information that Mr.
8  Bagshaw does not have about TCCI products which do not exist would be unduly burdensome and
9  oppressive. Plaintiffs have already deposed TCCI's founder (Felix Kramer) and another TCCI
10 consultant/volunteer (Ron Gremban), both of whom had never heard of Plaintiffs before this suit and
11 denied that TCCI had products.

12     A deposition would also be unduly burdensome and oppressive given Plaintiffs' conduct during
13 the case generally and at the recent deposition of TCCI volunteer Ron Gremban.

14     There, the following exchanges occurred:

15     MR. BLEEKER: Q. What type of computer program was it?

16     MR. PISTORINO: Objection; vague.

17     THE WITNESS: What do you mean by "type"?

18     MR. BLEEKER: Q. You don't know what the word "type" means?

19     MR. PISTORINO: And actually let the record reflect that Mr. Bleeker just laughed at the witness. Mr. Bleeker, really, that's just unprofessional. I ask you not to do that again, please.

20     MR. BLEEKER: Well, Mr. Pistorino, you know, I've given you a little bit of leeway, but you've been -- your speaking objections are fairly out of line, and you're going to cause this deposition to go way longer than it should go by objecting to every question, and Mr. Gremban is -- he is a -- he has a degree from Cal Tech in engineering. He seems like a very intelligent man. And so based on your instructions, any time you give the objection "vague and ambiguous," then clearly Mr. Gremban is claiming not to understand certain words such as "education" and "type," which are simple words used in everyday conversation, and given Mr. Gremban's technical background, and his degree from Cal Tech, and his obvious intelligence, I assume he does know what these words mean. I was not laughing at Mr. Gremban, but I was laughing at your approach to stonewall this deposition for some reason and make it last a lot longer than it should last.

26     MR. PISTORINO: Well, clearly the transcript of the deposition will reflect what occurred here, except for you laughing at the witness, and I'll caution you that should that happen again, we'll seek appropriate relief from the court. Now, if you have a question for the witness.

HOWREY LLP

THIRD PARTY DAVE BAGSHAW'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY
Case No. 3:08-MC-80083 MHP (WDBx)

5

> MR. BLEEKER: I will ask you to stop your speaking objections and stop mischaracterizing what has occurred. At no time did I laugh at the witness, so that's an incorrect statement and false statement, and I'd appreciate you stop making false statements on the record; thank you.

(*See* Dkt. No. 40-4 (Ex. C) at 19:22-21:14.) Mr. Bleeker's statement that he did not laugh at the witness is contradicted by the transcript excerpt above and the accompanying declarations of Ron Gremban and James Pistorino. (*See* Dkt. No. 39 at ¶ 3 and Dkt. No. 40 at ¶ 6.) Likewise, Plaintiffs' counsel has taken to referring to Mr. Gremban's office manager (Ms. Lynne McAlister) as his "paramour" after Mr. Gremban indicated that Ms. McAlister is also his girlfriend.[5] (*See* Dkt. No. 40-5 (Ex. D); *see also* Dkt. No. 39 at ¶ 4.).

A volunteer should not be subjected to this kind of treatment and a deposition subjecting Mr. Bagshaw to this kind of conduct would be unduly burdensome and oppressive.

## II.     CONCLUSION

For the reasons set forth above, Plaintiffs' motion to compel should be denied and the Court should issue a protective order barring Plaintiffs from issuing additional subpoenas to Mr. Bagshaw.

Dated: July 16, 2008                                                Respectfully submitted,

By:    /s/ James C. Pistorino
James C. Pistorino
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA  94303
Telephone:  (650) 798-3500
Facsimile:   (650) 798-3600
E-mail:  PistorinoJ@howrey.com

Attorneys for Third Party DAVE BAGSHAW

21344168

---

[5] Separately, Plaintiffs' counsel (Mr. Brian Brookey) has also accused Defendants' deponents of perjury and the Howrey law firm of suborning perjury. (*See* Pistorino Decl. Ex. 3.) Of course, those charges are denied.

HOWREY LLP

THIRD PARTY DAVE BAGSHAW'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY
Case No. 3:08-MC-80083 MHP (WDBx)

6