1  JAMES C. PISTORINO (State Bar No. 226496)
   HOWREY LLP
2  1950 University Avenue, 4th Floor
   East Palo Alto, CA  94303
3  Telephone: (650) 798-3500
   Facsimile:  (650) 798-3600
4  E-mail:  PistorinoJ@howrey.com

5  Attorneys for Third Party DAVE BAGSHAW

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

| | |
|---|---|
| CALCAR, INC., a California corporation; and AMERICAN CALCAR, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THE CALIFORNIA CARS INITIATIVE, INC., an unknown business entity; and FELIX KRAMER, an individual,<br><br>Defendants. | Case No. 3:08-MC-80083 MHP (WDBx)<br><br>Underlying Civil Action Pending in U.S. District Court for the Central District of California (Civil Action Case No. SACV07-00723)<br><br>**DECLARATION OF JAMES C. PISTORINO IN SUPPORT OF THIRD PARTY DAVE BAGSHAW'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY AND COUNTERMOTION FOR PROTECTIVE ORDER**<br><br>**Date:           August 6, 2008**<br>**Time:          4:00 p.m.**<br>**Courtroom:  4, 3rd Floor**<br><br>**Honorable Wayne D. Brazil** |

HOWREY LLP

DECLARATION OF JAMES C. PISTORINO ISO BAGSHAW'S
OPPOSITION TO MOTION TO COMPEL DEPOSITION TESTIMONY
Case No. 3:08-MC-80083 MHP (WDBx)

I, James C. Pistorino, declare as follows:

1. I make the following declaration based on my personal knowledge and of my own free will. I am over 21 years of age. I am an attorney and partner at Howrey LLP and am admitted to practice in the State of California. I represent Third Party Dave Bagshaw, Third Party Ron Gremban, and Defendants The California Cars Initiative, Inc. and Felix Kramer in this action. The statements set forth herein are based upon my own personal knowledge and I would testify as set forth if called as a witness at trial.

2. Attached hereto as Exhibit 1 is a true and correct copy of an excerpt from U.S. Patent No. 6,175,782 B1 for an invention entitled "System And Method For Adjusting Climate Control In Vehicles," issued on January 16, 2001.

3. Attached hereto as Exhibit 2 is a true and correct copy of an excerpt from the transcript of the hearing on Defendants' Ex Parte Application for Discovery Sanctions, held on June 30, 2008 in the underlying action pending in the United States District Court for the Central District of California, Case No. 8:07-cv-00723-AG-JWJ.

4. Attached hereto as Exhibit 3 is a true and correct copy of an excerpt of an email from Brian Brookey to William Rooklidge, dated June 26, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on this 16th day of July, 2008, at East Palo Alto, California.

                                                       /s/ James C. Pistorino  
                                                       JAMES C. PISTORINO

21344190

**HOWREY LLP**

DECLARATION OF JAMES C. PISTORINO ISO BAGSHAW'S       1  
OPPOSITION TO MOTION TO COMPEL DEPOSITION TESTIMONY  
Case No. 3:08-MC-80083 MHP (WDBx)

# EXHIBIT 1

US006175782B1

## (12) United States Patent
### Obradovich et al.

(10) Patent No.: US 6,175,782 B1
(45) Date of Patent: Jan. 16, 2001

(54) **SYSTEM AND METHOD FOR ADJUSTING CLIMATE CONTROL IN VEHICLES**

(75) Inventors: **Michael L. Obradovich**, San Clemente; **Michael L. Kent**, Garden Grove; **John G. Dinkel**, Irvine, all of CA (US)

(73) Assignee: **American Calcar Inc.**, Wilmington, DE (US)

( * ) Notice: Under 35 U.S.C. 154(b), the term of this patent shall be extended for 0 days.

(21) Appl. No.: **09/401,039**

(22) Filed: **Sep. 21, 1999**

### Related U.S. Application Data

(62) Division of application No. 08/789,934, filed on Jan. 28, 1997, now Pat. No. 6,009,355.

(51) Int. Cl.[7] .............................. **G06F 7/00**; G05D 1/00
(52) U.S. Cl. ............... **701/1**; 701/36; 165/11.1; 165/203; 165/205; 165/208; 165/211; 237/2 A; 236/49.3; 454/75
(58) Field of Search .............................. 701/1, 200, 206, 701/207, 213; 237/12.313, 2 A, 12.3 R; 165/203, 11.1, 43, 205, 42; 236/43, 51, 91 C, 49.3, 91 G, 91 F; 250/226; 356/218; 62/186, 133, 3.61, 3.7, 208; 454/112, 75

(56) **References Cited**

#### U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 3,582,926 | 6/1971 | Hassan . |
| 4,291,749 * | 9/1981 | Ootsuka et al. ................. 165/27 |
| 4,314,232 | 2/1982 | Tsunoda ............... 704/274 |
| 4,337,821 * | 7/1982 | Saito ..................... 165/12 |
| 4,401,848 | 8/1983 | Tsunoda ............... 704/274 |
| 4,407,564 | 10/1983 | Ellis ........................ 345/7 |
| 4,419,730 | 12/1983 | Ito et al. ................ 701/36 |
| 4,441,405 * | 4/1984 | Takeuchi ............... 98/201 |
| 4,536,739 | 8/1985 | Nobuta ............. 340/323 R |
| 4,582,389 | 4/1986 | Wood et al. ........... 359/14 |
| 4,636,782 | 1/1987 | Nakamura et al. ......... 345/7 |
| 4,731,769 | 3/1988 | Schaefer et al. .......... 369/6 |
| 4,740,779 | 4/1988 | Cleary et al. ............. 345/7 |
| 4,740,780 | 4/1988 | Brown et al. ............. 345/7 |
| 4,752,824 | 6/1988 | Moore ..................... 345/7 |
| 4,795,223 | 1/1989 | Moss ........................ 345/7 |

(List continued on next page.)

#### FOREIGN PATENT DOCUMENTS

4431070    3/1996  (GB) .

#### OTHER PUBLICATIONS

M. Krebs, "Cars That Tell You Where to Go," *The New York Times*, Dec. 15, 1996, section 11, p. 1.
L. Krarr, "Knowledge Engineering," *Fortune*, Oct. 28, 1996, pp. 163–164.
S. Heuchert, "Eyes Forward: An ergonomic solution to driver information overload," *Society of Automobile Engineering*, Sep. 1996, pp. 27–31.
J. Braunstein, "Airbag Technology Takes Off," *Automotive & Transportation Interiors*, Aug. 1996, p. 16.
I. Adcock, "No Longer Square," *Automotive & Transportation Interiors*, Aug. 1996, pp. 38–40.

* cited by examiner

Primary Examiner—Jacques H. Louis-Jacques
(74) *Attorney, Agent, or Firm*—Kaye, Scholer, Fierman, Hays & Handler, LLP

(57) **ABSTRACT**

In a multimedia information and control system for use in an automobile, at least one interface is employed which enables a user to access information concerning the automobile and control vehicle functions in an efficient manner. The user may select one of a plurality of displayed options on a screen of such an interface. Through audio, video and/or text media, the user is provided with information concerning the selected option and the vehicle function corresponding thereto. Having been so informed, the user may activate the selected option to control the corresponding vehicle function.

**20 Claims, 15 Drawing Sheets**



ited radius, referred to as a "Cell". The broadcast may provide electronic GPS map and Yellow Page type information pertaining to the cell. This information, when received, may be downloaded onto AUTO DIRECTOR display interface **102***a* or multifunction display interface **102***b*. Such information includes a local directory indicating locations of nearby gas stations, restaurants and other facilities on the GPS map, with respect to the current location of the automobile. The local directory may be formatted in the form of "web pages" featuring the local businesses, and include additional information such as business hours, telephone numbers, and information on products and services provided by such businesses.

The above broadcast may also provide local weather information sponsored by a civic group or commercial entity. In the case of civic group sponsorship, the local civic events may be posted alongside the weather information, and in the case of commercial sponsorship, advertisements may be posted instead. Of course, as the automobile moves from cell to cell, the contents of the broadcast change accordingly.

In addition, while the radio in the automobile is tuned to a particular radio station, system **100** is also capable of receiving any electronic files broadcast from that radio station, along with the radio program. These electronic files, which may be in the form of web pages, can be downloaded onto the system. The system user may then scroll the pages to learn such information as program listings and coming events sponsored by the radio station.

Moreover, in the disclosed embodiment, system **100** is illustratively used in an automobile. It will be appreciated that a person skilled in the art may also employ the inventive system in another type of vehicle such as a boat, an airplane, etc.

Finally, although information and control system **100**, as disclosed, is embodied in the form of various discrete functional blocks, the system could equally well be embodied in an arrangement in which the functions of any one or more of those blocks or indeed, all of the functions thereof, are realized, for example, by one or more appropriately programmed processors or devices.

We claim:

1. A method for adjusting a climate control in a vehicle comprising:

determining a geographic region where the vehicle is;

providing a plurality of predetermined temperature ranges corresponding to different temporal and geographic parameters;

selecting a predetermined temperature range as a function of a current time and the geographic region, the current time and geographic region satisfying the temporal and geographic parameters corresponding to the selected temperature range; and

operating the climate control to meet the selected temperature range.

2. The method of claim **1** wherein the current time includes a current date.

3. The method of claim **1** wherein the geographic region is determined based on a global positioning system (GPS) measure.

4. A method for adjusting a climate control in a vehicle comprising:

receiving information concerning a future time, and a desired climate condition in the vehicle at the future time;

determining whether the desired climate condition is achievable at the future time; and

operating the climate control to achieve the desired climate condition at the future time when it is determined that the desired climate condition is achievable at the future time.

5. The method of claim **4** wherein the desired climate condition includes a selected temperature.

6. The method of claim **4** wherein whether the desired climate condition is achievable at the future time is determined based on a current measure of a power resource in the vehicle.

7. The method of claim **4** wherein the information is received via remote communication.

8. The method of claim **7** wherein the remote communication includes a telephone communication.

9. The method of claim **7** wherein the remote communication includes a radio frequency (RF) communication.

10. The method of claim **7** wherein the future time includes a time of entry to the vehicle.

11. A system for adjusting a climate control in a vehicle comprising:

a sensor for determining a geographic region where the vehicle is;

a memory for providing a plurality of predetermined temperature ranges corresponding to different temporal and geographic parameters;

a processor for selecting a predetermined temperature range as a function of a current time and the geographic region, the current time and geographic region satisfying the temporal and geographic parameters corresponding to the selected temperature range; and

a controller for operating the climate control to meet the selected temperature range.

12. The system of claim **11** wherein the current time includes a current date.

13. The system of claim **11** wherein the geographic region is determined based on a GPS measure.

14. A system for adjusting a climate control in a vehicle comprising:

an interface for receiving information concerning a future time, and a desired climate condition in the vehicle at the future time;

a processor for determining whether the desired climate condition is achievable at the future time; and

a controller for operating the climate control to achieve the desired climate condition at the future time when it is determined that the desired climate condition is achievable at the future time.

15. The system of claim **14** wherein the desired climate condition includes a selected temperature.

16. The system of claim **14** wherein whether the desired climate condition is achievable at the future time is determined based on a current measure of a power resource in the vehicle.

17. The system of claim **14** wherein the information is received via remote communication.

18. The system of claim **17** wherein the remote communication includes a telephone communication.

19. The system of claim **17** wherein the remote communication includes a RF communication.

20. The system of claim **14** wherein the future time includes a time of entry to the vehicle.

* * * * *

# EXHIBIT 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALCAR, ET AL., ) | CASE NO: SACV-07-723-AG(JWJx) |
| ) | |
| Plaintiffs, ) | CIVIL |
| ) | |
| vs. ) | Los Angeles, California |
| ) | |
| THE CALIFORNIA CARS ) | |
| INITIATIVE, ET AL., ) | Monday, June 30, 2008 |
| ) | (10:47 a.m. to 11:03 a.m.) |
| Defendants. ) | |

**DEFENDANTS' EX PARTE APPLICATION DISCOVERY SANCTIONS**

BEFORE THE HONORABLE JEFFREY W. JOHNSON,
UNITED STATES MAGISTRATE JUDGE

Appearances:            See next page

Court Reporter:         Recorded; CourtSmart

Transcribed by:         Exceptional Reporting Services, Inc.
                        14493 S. Padre Island Drive
                        Suite A-400
                        Corpus Christi, TX 78418
                        361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**

Plaintiffs:                G. WARREN BLEEKER, ESQ.
                           Christie Parker and Hale LLP
                           350 West Colorado Blvd.
                           Ste 500
                           Pasadena, CA 91109-7068

Defendants:                BOBBY A. GHAJAR, ESQ.
                           Howrey LLP
                           550 South Hope St.
                           Ste 1400
                           Los Angeles, CA 90071-2627

                           FRANK P. COTE, ESQ.
                           Howrey Simon Arnold & White
                           2020 Main St.
                           Ste 1000
                           Irvine, CA 92614-8200

1 information. It didn't say that Plaintiffs can unilaterally
2 take a stand and then say, well, we're not going to produce.
3  The Plaintiffs are going to get sanctioned. I'll let
4 -- I'll hear from Plaintiffs now but this is absolutely what I
5 said I did not want to happen, absolutely, and then it happens.
6 So I'm not going to even give you any leeway anymore. How
7 severe the sanctions are is going to really depend on what you
8 have to say to me right now because this is exactly what I said
9 I didn't want to happen. I mean, it's just too cute by five.
10  **MR. BROOKEY:** Your Honor, it's exactly what I didn't
11 want to have happen either and I --
12  **THE COURT:** Well, then why did you let it happen? If
13 you didn't have a deal, you didn't have a deal. At that point,
14 I specifically said the order for the production was in place.
15 So you need to produce. You didn't produce but you submit this
16 statement as though you're comporting with what the Court has
17 said but you didn't have an agreement with Defense Counsel.
18  **MR. BROOKEY:** I understand that, your Honor, and we
19 were hoping we would have an agreement with Defense Counsel.
20  **THE COURT:** But you don't and so you're getting ready
21 to get sanctioned. So there's going to be attorneys getting
22 sanctioned and clients.
23  **MR. BROOKEY:** Well, your Honor, part of the problem
24 here is in terms of reaching an agreement with Defendant's
25 Counsel, I think we had assumed from the hearing that there was

8

```
 1          THE COURT:  Does Judge Gilford know that really this
 2   all comes down to your client not wanting to produce financial
 3   information?  Does he know that's really what the heart is?
 4          MR. BROOKEY:  I think that's clear in the motion of
 5   the transcript.  It's there.
 6          THE COURT:  Is that clear?
 7          MR. ROOKLIDGE:  Your Honor, we haven't filed our
 8   opposition.
 9          THE COURT:  You will make that clear?
10          MR. ROOKLIDGE:  We will make that certainly clear.
11          THE COURT:  And you'll make it clear why the Court
12   structured this the way it did?
13          MR. ROOKLIDGE:  Absolutely.
14          THE COURT:  And the fact that the Court is quite
15   displeased with the fact that Plaintiff's Counsel is attempting
16   unilaterally to circumvent the Court's order?
17          MR. ROOKLIDGE:  Correct.
18          THE COURT:  While at the same time appealing the
19   Court's order?
20          MR. ROOKLIDGE:  Correct and also the timing issue,
21   your Honor.
22          THE COURT:  Yes.
23          MR. BROOKEY:  Your Honor, I just --
24          THE COURT:  This is despicable.  I don't want to hear
25   any more.  You know, if you brought it up before Judge Gilford,
```

# CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

| | |
|---|---|
| _____ | **July 1, 2008** |
| **Signed** | **Dated** |

*TONI HUDSON, TRANSCRIBER*

# EXHIBIT 3

## Pistorino, James

| From: | Brian Brookey [Brian.Brookey@cph.com] |
|---|---|
| Sent: | Thursday, June 26, 2008 2:40 PM |
| To: | Rooklidge, William |
| Cc: | Pistorino, James; G. Warren Bleeker |
| Subject: | RE: Rule 16 Conference |

The "neutral ground" concept is just silly. These types of meetings typically take place at the offices of plaintiff's counsel. We offered to conduct it here on July 2 starting at 9:00 a.m. You cannot "unilaterally" dictate that we travel to Orange County, or the L.A. courthouse. This is another obvious attempt at harassing my clients and driving up their attorneys' fees.

The record is clear on the settlement stance. Especially now that your client has testified under oath that your firm has suborned perjury, you really might want to reconsider the "shakedown" element of the previous settlement demands, and work towards resolving this matter.

Finally, I understand that neither Mr. Pistorino nor Mr. Frank has shown up for Mr. Frank's deposition, with which Mr. Pistorino interfered, and as to which Mr. Pistorino made false accusations of fact and false assertions of law. This is after Mr. Pistorino also insisted that he would encourage Mr. Frank to violate the law by leaving the deposition before it is completed.

I am glad we will be before Magistrate Johnson soon, so we can bring all of this outrageous conduct to his attention.

> -----Original Message-----
> From: Rooklidge, William [mailto:RooklidgeW@howrey.com]
> Sent: Thursday, June 26, 2008 2:28 PM
> To: Brian Brookey
> Subject: RE: Rule 16 Conference
>
> Brian, thanks for your email.
>
>   You seem to be under the misapprehension that you can unilaterally impose the location for the Rule 16 conference, a privilege not granted by any rule of which I am aware. You will recall that we first offered our office as a location, but you insisted on conducting the meeting at yours, so we proposed a neutral ground, the Santa Ana courthouse. We will again propose a neutral ground: the Santa Ana courthouse. And, for good measure, we will propose an alternate neutral ground: the LA courthouse. Let us know.
>
>   Thank you also for reminding me of the settlement aspect of the Rule 16 conference. Of course Defendants will comply with their Rule 16 obligation regarding settlement negotiations. As to your characterization of Defendants' "settlement demands" as "extortionate," you appear to be under the misapprehension that Defendants want from Plaintiffs anything other than to be left alone. Perhaps your client would reconsider his willingness to drop this lawsuit and allow Defendants to continue advocating the widespread adoption of plug-in hybrid electric vehicles free of interference from him.
>
>   As always, I look forward to your response on the Rule 16 conference location. In the meantime, please call me if you have any questions.
> Bill
>
> **William C. Rooklidge**