UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALCAR, INC., | **No. C 08-mc-80083 MHP (WDB)** |
| Plaintiff, | **ORDER FOLLOWING AUGUST 6, 2008, HEARING** |
| v. | |
| THE CALIFORNIA CARS INITIATIVE, et al. | |
| Defendants. | |

On August 6, 2008, the Court heard oral argument in connection with Plaintiff's Motion to Compel the deposition testimony of third party Dave Bagshaw. Having considered the briefs and arguments of the parties, the Court ruled from the bench and Ordered as follows:

Plaintiff seeks to take the deposition of third party Dave Bagshaw to explore topics that Plaintiff believes will yield information to support its claims against Defendant, the California Cars Initiative ("TCCI"), in an underlying trademark dispute pending in the Central District of California.[1]

After a thorough review of the facts in the record on the pending motions, the Court concludes that the predicates for guessing that a deposition of Mr. Bagshaw by Plaintiff might yield something of significance for the Central District to do justice in the underlying case are thin. The Court does believe, however, that further clarification from Mr. Bagshaw on several matters would be helpful to Plaintiff. Accordingly, the Court DENIES Plaintiff's Motion to Compel Deposition

---

[1] TCCI is a non-profit organization that promotes hybrid technology.

Testimony of Dave Bagshaw and, instead, ORDERS Mr. Bagshaw to file electronically, by no later than **August 15, 2008**, a Supplemental Declaration that includes a description, under oath, of the following:

(1) Any contact Mr. Bagshaw has had with anyone at or directly connected with TCCI from July, 2007, to the present. Mr. Bagshaw's description must include an explanation of what his email correspondence with Mr. Felix Kramer on August 2, 2007, relates to;

(2) Any knowledge Mr. Bagshaw has that TCCI has actively explored the possibility of TCCI moving in the direction of developing a for-profit entity that would produce anything that would be sold through the same market channels that Plaintiff uses or that would compete for the same customers that Plaintiff tries to reach. If TCCI *has* explored the possibility of developing a for-profit entity, Mr. Bagshaw must identify the kinds of products TCCI has considered marketing or co-marketing through such an entity, and whether such exploration has included any actions beyond general conversations or discussions about the topic;

(3) The volume and extent of Mr. Bagshaw's contact with major, commercial automobile manufacturers from December, 2006, to July, 2007. If Mr. Bagshaw had contact with such major, commercial automobile manufacturers, he must explain whether at any time during his contact there were discussions about Plaintiff's products, or sources of visual displays or manuals like Plaintiff sells, and whether during any discussions with such persons, Mr. Bagshaw had any reason to believe that any person with whom he was speaking might have associated Plaintiffs or any of their products with TCCI.

IT IS SO ORDERED.

Dated: August 7, 2008

_Wayne D. Brazil_
WAYNE D. BRAZIL
United States Magistrate Judge

2